MELVIN R. GOLDMAN (BAR NO. 34097)
JORDAN ETH (BAR NO. 121617)
TERRI GARLAND (BAR NO. 169563)
ALISON M. TUCHER (BAR NO. 171363)
RAYMOND M. HASU (BAR NO. 200058)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
rhasu@mofo.com

Attorneys for Defendants JDS Uniphase Corporation,
Jozef Straus, Anthony Muller, and Charles Abbe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to:  All Actions | Master File No. C-02-1486 CW<br><br>**JDSU DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED COMPLAINT** |

1    Defendants JDS Uniphase Corporation ("JDSU" or the "Company"), Jozef Straus,

2  Anthony Muller, and Charles Abbe (collectively, the "JDSU Defendants") answer the Second

3  Amended Consolidated Complaint ("Complaint") as follows:

4    Answering the introductory paragraph, the JDSU Defendants are without knowledge or

5  information sufficient to form a belief as to the truth regarding the basis of Lead Plaintiff's

6  personal knowledge and information and belief, and deny all the allegations in that paragraph on

7  this basis.

8    1.    Answering paragraph 1, the JDSU Defendants admit that Lead Plaintiff purports to

9  bring this lawsuit as a class action on behalf of all persons and entities who purchased or

10  otherwise acquired JDSU securities between October 28, 1999, and July 26, 2001 (the purported

11  "Class Period").  The JDSU Defendants further admit that this lawsuit names JDSU and certain of

12  its officers and directors as defendants and asserts claims for violations of the Securities

13  Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act").

14  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 1.

15    2.    Answering paragraph 2, the JDSU Defendants respond as follows:  Dr. Straus

16  admits that he sold JDSU stock during the purported Class Period, and the remaining JDSU

17  Defendants admit that they are informed and believe that Dr. Straus sold JDSU stock during the

18  purported Class Period; Mr. Muller admits that he sold JDSU stock during the purported Class

19  Period, and the remaining JDSU Defendants admit that they are informed and believe that Mr.

20  Muller sold JDSU stock during the purported Class Period; Mr. Abbe admits that he sold JDSU

21  stock during the purported Class Period, and the remaining JDSU Defendants admit that they are

22  informed and believe that Mr. Abbe sold JDSU stock during the purported Class Period; and the

23  JDSU Defendants admit that they are informed and believe that Mr. Kalkhoven sold JDSU stock

24  during the purported Class Period.  Except as expressly admitted, the JDSU Defendants deny all

25  the allegations in paragraph 2, including the allegations in the subparagraphs set off by bullet

26  points.

27    3.    Answering paragraph 3, the JDSU Defendants admit the allegations in that

28  paragraph.

1    4.    Answering paragraph 4, the JDSU Defendants deny the allegations in that

2    paragraph regarding "most of the 1990s," as the Company was formed by the June 30, 1999

3    merger of JDS FITEL Inc. and Uniphase Corporation.  The JDSU Defendants admit that the

4    Company experienced increasing demand for its products following the merger.  Except as

5    expressly admitted, the JDSU Defendants deny all the allegations in paragraph 4.

6    5.    Answering paragraph 5, the JDSU Defendants admit that the Company acquired

7    other companies for stock during the purported Class Period and that the Individual Defendants

8    owned a number of JDSU shares.  Except as expressly admitted, the JDSU Defendants deny all

9    the allegations in paragraph 5.

10    6.    Answering paragraph 6, the JDSU Defendants admit that the split-adjusted closing

11    prices of JDSU stock on October 28, 1999, and July 26, 2000 were approximately $38.11 and

12    $135.94 per share, respectively.  The JDSU Defendants further admit that on July 26, 2000, JDSU

13    announced its financial results for the quarter ended June 30, 2000.  Except as expressly admitted,

14    the JDSU Defendants deny all the allegations in paragraph 6.

15    7.    Answering paragraph 7, the JDSU Defendants admit that JDSU merged with

16    Optical Coating Laboratory, Inc. ("OCLI") in February 2000, that each share of OCLI stock was

17    exchanged for 1.856 shares of JDSU stock in connection with that merger, and that the total

18    purchase cost of OCLI was approximately $2.7 billion.  The JDSU Defendants further admit that

19    JDSU merged with E-TEK Dynamics, Inc. ("E-TEK") in June 2000, and that the total purchase

20    cost of E-TEK was approximately $17.5 billion.  The JDSU Defendants further admit that JDSU

21    merged with SDL, Inc. ("SDL") in February 2001, that each share of SDL stock was exchanged

22    for 3.8 shares of JDSU stock in connection with that merger, and that the total purchase cost of

23    SDL was approximately $41 billion.  Except as expressly admitted, the JDSU Defendants deny

24    all the allegations in paragraph 7.

25    8.    Answering paragraph 8, the JDSU Defendants deny all the allegations in that

26    paragraph.

27    Answering the sentence between paragraphs 8 and 9, the JDSU Defendants deny all the

28    allegations in that sentence.

1    9.    Answering paragraph 9, the JDSU Defendants deny all the allegations in that
2    paragraph.

3    Answering the sentence between paragraphs 9 and 10, the JDSU Defendants deny all the
4    allegations in that sentence.

5    10.    Answering paragraph 10, the JDSU Defendants deny the allegation that the
6    Company "prematurely recognized revenues on (at the least) tens of millions of dollars of
7    shipments" to its biggest customers, including Lucent and Nortel, and deny that JDSU improperly
8    recognized revenues on consignment sales with an unrestricted right of return.  To the extent that
9    paragraph 10 calls for an expert opinion, the JDSU Defendants lack knowledge or information
10   sufficient to form a belief as to the basis of those allegations and deny those allegations on this
11   basis.  To the extent that paragraph 10 purports to allege legal conclusions, no response to those
12   allegations is required.  The JDSU Defendants also deny the remaining allegations in
13   paragraph 10.  Except as expressly admitted, the JDSU Defendants deny all the allegations in
14   paragraph 10.

15   Answering the sentence between paragraphs 10 and 11, the JDSU Defendants deny all the
16   allegations in that sentence.

17   11.    Answering paragraph 11, JDSU admits that Eitan Gertel was vice president and
18   general manager of JDSU's Transmission Systems Division in Horsham for at least some portion
19   of the purported Class Period.  The JDSU Defendants are without knowledge or information
20   sufficient to form a belief as to the truth of allegations regarding statements made by unnamed
21   "Confidential Witness No. 1" and deny those allegations on this basis.  Except as expressly
22   admitted, the JDSU Defendants deny all the allegations in paragraph 11.

23   Answering the sentence between paragraph 11 and 12, the JDSU Defendants deny all the
24   allegations in that sentence.

25   12.    Answering paragraph 12, the JDSU Defendants deny all the allegations in that
26   paragraph.

27   13.    Answering paragraph 13, the JDSU Defendants deny all the allegations in that
28   paragraph.

14.     Answering paragraph 14, the JDSU Defendants deny all the allegations in that paragraph, except that the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements by the unnamed "10 JDS employees from 5 different plants," and deny those allegations on this basis.

15.     Answering paragraph 15, the JDSU Defendants admit that on July 26, 2001, JDSU announced charges of approximately $270 million for the write-down of excess inventory in the quarter ended June 30, 2001.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 15.

Answering the sentence between paragraphs 16 and 17, the JDSU Defendants deny all the allegations in that sentence.

16.     Answering paragraph 16, JDSU admits that the Company eliminated a few temporary positions in July 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 16.

17.     Answering paragraph 17, the JDSU Defendants admit that JDSU announced the Global Realignment Program in April 2001.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 17.

Answering the sentence between paragraphs 17 and 18, the JDSU Defendants deny all the allegations in that sentence.

18.     Answering paragraph 18, JDSU admits that Thomas G. Pitre was employed by JDSU in Ottawa during at least some portion of the purported Class Period and that Mr. Pitre's job title was Manager, Demand Management.  The JDSU Defendants expressly deny that Mr. Pitre's job "was to forecast demand for the Company's products" on a Company-wide basis. The JDSU Defendants also expressly deny that JDSU had materially reduced its internal sales forecasts by August 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 18.

19.     Answering paragraph 19, the JDSU Defendants admit that they are informed and believe that an email purportedly written by Mr. Pitre on or about August 18, 2000, exists.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth

1  of the allegation that Mr. Pitre wrote the email  The email speaks for itself, and the JDSU

2  Defendants deny the allegations regarding the content of the email to the extent they are

3  inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

4  allegations in paragraph 19.

5          20.    Answering paragraph 20, the JDSU Defendants incorporate by reference their

6  answer to paragraph 2 of the Complaint, and admit that they are informed and believe that certain

7  officers and directors of JDSU sold JDSU stock before January 2001.  Except as expressly

8  admitted, the JDSU Defendants deny all the allegations in paragraph 20.

9          21.    Answering paragraph 21, the JDSU Defendants are without knowledge or

10  information sufficient to form a belief as to the truth of the allegation that Redbook "forecasts"

11  referenced in the Pitre email were "provided to" the Company's "senior management" and deny

12  that allegation on this basis.  The JDSU Defendants also deny the remaining allegations in that

13  paragraph.

14        Answering the sentence between paragraphs 21 and 22, the JDSU Defendants deny all the

15  allegations in that sentence.

16          22.    Answering paragraph 22, the JDSU Defendants deny all the allegations in that

17  paragraph.

18          23.    Answering paragraph 23, the JDSU Defendants deny all the allegations in that

19  paragraph.

20          24.    Answering paragraph 24, to the extent that paragraph calls for an expert opinion,

21  the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of

22  those allegations and deny those allegations on this basis.  The JDSU Defendants deny the

23  remaining allegations in paragraph 24.

24          25.    Answering paragraph, the JDSU Defendants incorporate by reference their answer

25  to paragraph 2 of the Complaint, and admit that they are informed and believe that certain stock

26  sales referenced in their answer to paragraph 2 occurred between July 31 and August 31, 2000.

27  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 25.

28

26.     Answering paragraph 26, the JDSU Defendants admit that they are informed and believe that certain officers and directors of JDSU sold JDSU stock between July 31 and August 31, 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 26.

Answering the sentence between paragraphs 26 and 27, the JDSU Defendants deny all the allegations in that sentence.

27.     Answering paragraph 27, the JDSU Defendants admit that in July 2000, JDSU announced that it had entered into an agreement with SDL to merge the two companies and that the transaction required the approval of the shareholders of both companies.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 27.

28.     Answering paragraph 28, the JDSU Defendants admit that the SDL merger was delayed by regulatory issues.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 28.

29.     Answering paragraph 29, the JDSU Defendants admit that JDSU issued a press release concerning the Company's operations on January 25, 2001.  The JDSU Defendants deny the allegations regarding the content of the press release to the extent those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 29.

30.     Answering paragraph 30, the JDSU Defendants admit that on February 13, 2001, JDSU issued a press release discussing, among other topics, guidance for the combined companies.  The JDSU Defendants deny the allegations in paragraph 30 to the extent that they suggest JDSU's prior guidance included projections for the combined companies following the merger with SDL.  The February 13, 2001 press release speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the announcement to the extent they differ from the document.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations regarding the emotions or beliefs of analysts and deny those allegations on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 30.

1      Answering the sentence between paragraphs 30 and 31, the terms "partial disclosures" and

2   "the final disclosure" are vague and ambiguous as used in that sentence, and the JDSU

3   Defendants deny all the allegations in that sentence on this basis.

4      31.      Answering paragraph 31, the JDSU Defendants admit that on April 24, 2001,

5   JDSU issued a press release concerning, among other subjects, the Company's Global

6   Realignment Program and the Company's intention to evaluate the carrying value of the

7   Company's goodwill.  The press release speaks for itself, and the JDSU Defendants deny the

8   allegations regarding the content of the press release to the extent those allegations are

9   inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

10  allegations in paragraph 31.

11     32.      Answering paragraph 32, to the extent that paragraph calls for an expert opinion,

12  the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of

13  those allegations and deny those allegations on this basis.  To the extent that paragraph 32

14  purports to allege legal conclusions, no response to those allegations is required.  The JDSU

15  Defendants also deny all the allegations of that paragraph on the basis that they imply that the

16  JDSU Defendants knew on April 24, 2001, that compensation paid to SDL executives was

17  improperly recorded in the Company's Form 10-Q for the third quarter of fiscal 2001.  Except as

18  expressly admitted, the JDSU Defendants deny all the allegations in paragraph 32.

19     33.      Answering paragraph 33, the JDSU Defendants admit the allegations in that

20  paragraph.

21     34.      Answering paragraph 34, the JDSU Defendants admit that JDSU issued a press

22  release on July 26, 2001.  The press release speaks for itself, and the JDSU Defendants deny the

23  allegations regarding the content of the press release to the extent those allegations are

24  inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

25  allegations in paragraph 34.

26     35.      Answering paragraph 35, the JDSU Defendants admit that the split-adjusted price

27  of JDSU stock reached as high as $146 per share during the purported Class Period and admit that

28

1    the split-adjusted closing price of JDSU stock on July 27, 2001, was $7.90 per share.  Except as

2    expressly admitted, the JDSU Defendants deny all the allegations in paragraph 35.

3        36.    Answering paragraph 36, to the extent it refers to "reports" by unnamed "former

4    JDS employees," the JDSU Defendants are without knowledge or information sufficient to form a

5    belief as to truth of the allegations regarding those "reports" and deny all the allegations regarding

6    the "reports" on this basis.  The JDSU Defendants also deny the remaining allegations in

7    paragraph 36.

8        37.    Answering paragraph 37, the JDSU Defendants admit that Lead Plaintiff purports

9    to assert the claims described in that paragraph.  The JDSU Defendants deny that they are liable

10   for violations alleged in that paragraph.  Except as expressly admitted, the JDSU Defendants deny

11   all the allegations in paragraph 37.

12       38.    Answering paragraph 38, the JDSU Defendants admit that Lead Plaintiff purports

13   to invoke the jurisdiction of this Court as described in that paragraph.  To the extent that

14   paragraph 38 purports to allege legal conclusions, no response to those allegations is required.

15       39.    Answering paragraph 39, the JDSU Defendants admit that Lead Plaintiff purports

16   to assert venue in this District as described in that paragraph.  To the extent that paragraph 39

17   purports to allege legal conclusions, no response to those allegations is required.  The JDSU

18   Defendants deny that they made or issued any false and misleading statement.  Except as

19   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 39.

20       40.    Answering paragraph 40, the JDSU Defendants admit the allegations of that

21   paragraph.

22       41.    Answering paragraph 41, the JDSU Defendants state that they are without

23   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

24   Lead Plaintiff's purchases of JDSU securities and deny those allegations on this basis.  The JDSU

25   Defendants also deny that Lead Plaintiff was damaged by their conduct.

26       42.    Answering paragraph 42, the JDSU Defendants state that they are without

27   knowledge or information sufficient to form a belief as to the truth of the allegations in that

28   paragraph and deny those allegations on this basis.

43.     Answering paragraph 43, the JDSU Defendants admit that JDSU resulted from a merger between Uniphase Corporation and JDS FITEL on June 30, 1999; that JDSU's customers have at various times included Lucent, Nortel, Alcatel, and Ciena; and that JDSU's products have at various times included semiconductor lasers, high-speed external modulators, transmitters, amplifiers, couplers, multiplexers, circulators, tunable filters, optical switches and isolators for fiberoptic applications.  The JDSU Defendants state that the fourth sentence of paragraph 43 is vague and ambiguous and deny all the allegations in that sentence on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 43.

44.     Answering paragraph 44, the JDSU Defendants respond as follows:  With regard to subparagraph (a), Dr. Straus and JDSU admit the allegations in that subparagraph, and Messrs. Muller and Abbe admit that they are informed and believe that those allegations are accurate. With regard to subparagraph 44(b), the JDSU Defendants deny all the allegations in that subparagraph.  With regard to subparagraph 44(c), JDSU and Dr. Straus admit that from time to time during the purported Class Period, certain JDSU press releases were submitted to Dr. Straus for his review and approval, and Messrs. Abbe and Muller admit that they are informed and believe that from time to time during the purported Class Period, certain JDSU press releases were submitted to Dr. Straus for his review and approval.  With regard to subparagraph 44(d), the JDSU Defendants deny all the allegations in that subparagraph.  With respect to subparagraph 44(e), the JDSU Defendants deny all the allegations in that subparagraph, except that Dr. Straus admits that he sold JDSU stock during the purported Class Period, and the remaining JDSU Defendants admit that they are informed and believe that Dr. Straus sold JDSU stock during the purported Class Period.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 44 and its subparagraphs.

45.     Answering paragraph 45, to the extent that those allegations are directed to Mr. Kalkhoven, the JDSU Defendants are not required to respond to them.  The JDSU Defendants respond to the remaining allegations of paragraph 45 as follows:  With regard to subparagraph 45(a), JDSU admits the allegations in that subparagraph, and the remaining JDSU Defendants admit that they are informed and believe that those allegations are accurate.  With

1   regard to subparagraph 45(b), the JDSU Defendants deny all the allegations in that subparagraph.

2   With regard to subparagraph 45(c), JDSU admits that from time to time during the purported

3   Class Period, certain JDSU press releases were submitted to Mr. Kalkhoven for his review and

4   approval, and the remaining JDSU Defendants admit that they are informed and believe that from

5   time to time during the purported Class Period, certain JDSU press releases were submitted to Mr.

6   Kalkhoven for his review and approval.  With regard to subparagraph 45(d), the JDSU

7   Defendants deny all the allegations in that subparagraph.  With regard to subparagraph 45(e), the

8   JDSU Defendants deny all the allegations in that subparagraph, except that they admit that they

9   are informed and believe that Mr. Kalkhoven sold JDSU stock during the purported Class Period.

10   Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 45 and

11   its subparagraphs.

12       46.     Answering paragraph 46, the JDSU Defendants respond as follows:  With regard

13   to subparagraph 46(a), the JDSU Defendants admit that Mr. Muller was Chief Financial Officer,

14   Senior Vice President, and Secretary of JDSU from the beginning of the purported Class Period

15   until May 2000 and aver that Mr. Muller was Chief Financial Officer, Executive Vice President,

16   and Secretary of JDSU from May 2000 through the end of the purported Class Period.  With

17   regard to subparagraph 46(b), the JDSU Defendants deny all the allegations in that subparagraph.

18   With regard to subparagraph 46(c), JDSU and Mr. Muller admit that from time to time during the

19   purported Class Period, certain JDSU press releases were submitted to Mr. Muller for his review

20   and approval, and the remaining JDSU Defendants admit that they are informed and believe that

21   from time to time during the purported Class Period, certain JDSU press releases were submitted

22   to Mr. Muller for his review and approval.  With regard to subparagraph 46(d), the JDSU

23   Defendants deny all the allegations in that subparagraph.  With regard to subparagraph 46(e), the

24   JDSU Defendants deny all the allegations in that subparagraph, except that Mr. Muller admits

25   that he sold JDSU stock during the purported Class Period, and the remaining JDSU Defendants

26   admit that they are informed and believe that Mr. Muller sold JDSU stock during the purported

27   Class Period.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

28   paragraph 46 and its subparagraphs.

1    47.    Answering paragraph 47, the JDSU Defendants respond as follows:  With regard

2    to subparagraph 47(a), the JDSU Defendants admit the allegations in that subparagraph.  With

3    regard to subparagraph 47(b), JDSU and Mr. Abbe admit that from time to time during the

4    purported Class Period, certain JDSU press releases were submitted to Mr. Abbe for his review

5    and approval, and the remaining JDSU Defendants admit that they are informed and believe that

6    from time to time during the purported Class Period, certain JDSU press releases were submitted

7    to Mr. Abbe for his review and approval.  With regard to subparagraph 47(c), the JDSU

8    Defendants deny all the allegations in that subparagraph.  With regard to subparagraph 47(d), the

9    JDSU Defendants deny all the allegations in that subparagraph, except that Mr. Abbe admits that

10   he sold JDSU stock during the purported Class Period, and the remaining JDSU Defendants admit

11   that they are informed and believe that Mr. Abbe sold JDSU stock during the purported Class

12   Period.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

13   paragraph 47 and its subparagraphs.

14   48.    Answering paragraph 48, the JDSU Defendants admit that they had access to

15   JDSU's Oracle database for part of the Class Period and that they were provided with copies of

16   certain quarterly reports and press releases by the Company from time to time during the Class

17   Period.  The JDSU Defendants specifically deny Lead Plaintiff's efforts to characterize the

18   "Redbook" reports as forecasts of Company-wide demand.  Except as expressly admitted, the

19   JDSU Defendants deny all the allegations in paragraph 48.

20   49.    Answering paragraph 49, JDSU Defendants deny all the allegations in that

21   paragraph.

22   50.    Answering paragraph 50, the JDSU Defendants admit that Lead Plaintiff purports

23   to bring this action as a class action as described in that paragraph and to assert the claims

24   described in that paragraph.  The JDSU Defendants are without knowledge or information

25   sufficient to form a belief as to the appropriateness of class certification and on this basis deny

26   that class certification is appropriate.  Except as expressly admitted, the JDSU Defendants deny

27   all the allegations in paragraph 50.

28

51.     Answering paragraph 51, with regard to the first and second sentences, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in those sentences and deny those allegations on this basis.  With regard to the third sentence, the JDSU Defendants admit that JDSU had 1,324,211,931 shares of common stock issued and outstanding as of August 23, 2001, and admit that JDSU is listed on the NASDAQ National Market System.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence and deny those allegations on this basis.  The JDSU Defendants admit that they are informed and believe that from time to time during the purported Class Period, Credit Suisse First Boston, CIBC World Markets, Lehman Brothers, SG Cowen, ABN Amro, and JP Morgan issued reports regarding JDSU.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 51.

52.     Answering paragraph 52, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, including the allegations in subparagraphs (a)-(g), and deny those allegations on this basis.

53.     Answering paragraph 53, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and deny those allegations on this basis.

54.     Answering paragraph 54, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the typicality of Lead Plaintiff's claims and deny those allegations on this basis.  The JDSU Defendants also deny that they caused JDSU securities to trade at artificially inflated prices and deny that Lead Plaintiff or other members of the purported Class or Subclasses were damaged as a result of the statements or conduct of any Defendant in this action.

55.     Answering paragraph 55, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the superiority of maintaining this action as a class action and regarding Lead Plaintiff's knowledge of any difficulty in managing this litigation, and deny those allegations on this basis.  The JDSU

1   Defendants deny that any member of the purported Class or Subclasses was damaged as a result

2   of the statements or conduct of any Defendant in this action.

3   Answering the sentence between paragraphs 55 and 56, the JDSU Defendants deny all the

4   allegations in that sentence.

5   56.   Answering paragraph 56, the JDSU Defendants deny all the allegations in

6   paragraph 56.

7   57.   Answering paragraph 57, the JDSU Defendants are without knowledge or

8   information sufficient to form a belief as to the truth of allegations regarding statements made by

9   the unnamed "Confidential Witness No. 2," and deny all the allegations regarding those

10   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

11   paragraph 57.

12   58.   Answering paragraph 58, the JDSU Defendants admit that they are informed and

13   believe that an article regarding the Company was published by *Motley Fool* on or about

14   January 31, 2001.  The article speaks for itself, and the JDSU Defendants deny the allegations

15   regarding the content of the article to the extent those allegations are inconsistent with the

16   document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

17   paragraph 58.

18   59.   Answering paragraph 59, the JDSU Defendants are without knowledge or

19   information sufficient to form a belief as to the truth of allegations regarding statements made by

20   the unnamed "Confidential Witness No. 3" and "Confidential Witness No. 4," and deny all the

21   allegations regarding those statements on this basis.  The JDSU Defendants also deny the

22   remaining allegations in paragraph 59.

23   60.   Answering paragraph 60, the JDSU Defendants deny all the allegations in

24   paragraph 60.

25   61.   Answering paragraph 61, the JDSU Defendants are without knowledge or

26   information sufficient to form a belief as to the truth of allegations regarding statements made by

27   the unnamed "Confidential Witness No. 4," and deny all the allegations regarding those

28

1   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

2   paragraph 61.

3          62.     Answering paragraph 62, the JDSU Defendants are without knowledge or

4   information sufficient to form a belief as to the truth of allegations regarding statements made by

5   the unnamed "Confidential Witness No. 5," "Confidential Witness No. 6," and "Confidential

6   Witness No. 7," and deny all the allegations in that paragraph on this basis, except that the JDSU

7   Defendants admit that, during a portion of the purported Class Period, JDSU used software

8   designed by Oracle for various purposes.  Except as expressly admitted, the JDSU Defendants

9   deny all the allegations in paragraph 61.

10         63.     Answering paragraph 63, the JDSU Defendants are without knowledge or

11  information sufficient to form a belief as to the truth of allegations regarding statements made by

12  the unnamed "Confidential Witness No. 8," and deny all the allegations in that paragraph on this

13  basis.

14         Answering the sentences immediately above paragraph 64, the JDSU Defendants deny all

15  the allegations in those sentences.

16         64.     Answering paragraph 64, the JDSU Defendants deny all the allegations in that

17  paragraph.

18         65.     Answering paragraph 65, the JDSU Defendants are without knowledge or

19  information sufficient to form a belief as to truth of allegations regarding the statements made by

20  the unnamed "Confidential Witness No. 9," and deny all the allegations in that paragraph on this

21  basis, except that the JDSU Defendants admit that JDSU provided certain products to Nortel on a

22  consignment basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations

23  in paragraph 65.

24         66.     Answering paragraph 66, the JDSU Defendants are without knowledge or

25  information sufficient to form a belief as to the truth of allegations regarding statements made by

26  the unnamed "Confidential Witness No. 10," and deny all the allegations in that paragraph on this

27  basis, except that the JDSU Defendants admit that JDSU provided certain products to Lucent on a

28

1   consignment basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations
2   in paragraph 66.

3       67.     Answering paragraph 67, the JDSU Defendants are without knowledge or
4   information sufficient to form a belief as to the truth of allegations regarding statements made by
5   the unnamed "Confidential Witness No. 11," and deny all the allegations in that paragraph on this
6   basis.

7       68.     Answering paragraph 68, to the extent that paragraph calls for an expert opinion,
8   the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of
9   those allegations and deny those allegations on this basis.  To the extent that paragraph 68 alleges
10  a legal conclusion, no response is required.  The JDSU Defendants deny the remaining allegations
11  in paragraph 68.

12      69.     Answering paragraph 69, the JDSU Defendants deny all the allegations of that
13  paragraph, except that they admit that Nortel and Lucent together accounted for more than 20%
14  of JDSU's total sales for at least a portion of the purported Class Period.  Except as expressly
15  admitted, the JDSU Defendants deny all the allegations in paragraph 69.

16      Answering the sentence between paragraphs 69 and 70, the JDSU Defendants deny all the
17  allegations in that sentence.

18      70.     Answering paragraph 70, the JDSU Defendants are without knowledge or
19  information sufficient to form a belief as to the truth of allegations regarding statements made by
20  the unnamed "Confidential Witness No. 1," and deny all the allegations regarding those
21  statements on this basis.  The JDSU Defendants also deny the remaining allegations in
22  paragraph 70.

23      71.     Answering paragraph 71, the JDSU Defendants are without knowledge or
24  information sufficient to form a belief as to the truth of allegations regarding statements made by
25  the unnamed "Confidential Witness No. 12," and deny all the allegations regarding those
26  statements on this basis.  The JDSU Defendants also deny the remaining in paragraph 71.

27      72.     Answering paragraph 72, the JDSU Defendants are without knowledge or
28  information sufficient to form a belief as to the truth of allegations regarding statements made by

1   the unnamed "Confidential Witness No. 7," and deny all the allegations regarding those

2   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

3   paragraph 72.

4        73.     Answering paragraph 73, the JDSU Defendants are without knowledge or

5   information sufficient to form a belief as to the truth of allegations regarding statements made by

6   the unnamed "Confidential Witness No. 1" and "Confidential Witness No. 7" and deny all the

7   allegations regarding those statements on this basis.  The JDSU Defendants also state that they

8   are without knowledge or information sufficient to form a belief as to the truth of the allegations

9   regarding the formation of Optium and regarding Mr. Kalkhoven's investment in Optium and

10  deny those allegations on this basis.  The JDSU Defendants also deny the remaining allegations in

11  paragraph 73.

12       74.     Answering paragraph 74, the JDSU Defendants are without knowledge or

13  information sufficient to form a belief as to truth of allegations regarding statements made to or

14  by the unnamed "Confidential Witness No. 13," and deny all the allegations regarding those

15  statements on this basis.  The JDSU Defendants also deny the remaining allegations in

16  paragraph 74.

17       75.     Answering paragraph 75, the JDSU Defendants state that SEC Staff Accounting

18  Bulletin No. 99 speaks for itself and deny the allegations regarding its content to the extent those

19  allegations are inconsistent with the document.  In addition, to the extent paragraph 75 alleges a

20  legal conclusion, no response is required.  Except as expressly admitted, the JDSU Defendants

21  deny all the allegations in paragraph 75.

22       Answering the sentence between paragraphs 75 and 76, the JDSU Defendants deny all the

23  allegations in that sentence.

24       76.     Answering paragraph 76, the JDSU Defendants deny all the allegations in that

25  paragraph.

26       77.     Answering paragraph, the JDSU Defendants are without knowledge or information

27  sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed

28  "Confidential Witness No. 14," and deny all the allegations in paragraph 77 on this basis.

78.     Answering paragraph 78, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 15," and deny all the allegations in paragraph 78 on this basis.

79.     Answering paragraph 79, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by the SEC or its former Chairman and deny those allegations on this basis.  The JDSU Defendants also deny all the remaining allegations in paragraph 79.

Answering the sentence between paragraphs 79 and 80, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "eleven former JDS employees" and deny all the allegations in that sentence on this basis.  The JDSU Defendants also deny the remaining allegations in that sentence.

80.     Answering paragraph 80, the JDSU Defendants deny all the allegations in that paragraph.

81.     Answering paragraph 81, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 16," and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 81.

82.     Answering paragraph 82, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 16," and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 82.

83.     Answering paragraph 83, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 17," and deny all the allegations regarding those

1    statements on this basis.  The JDSU Defendants also deny the remaining allegations in

2    paragraph 83.

3        84.    Answering paragraph 84, the JDSU Defendants are without knowledge or

4    information sufficient to form a belief as to the truth of allegations regarding statements made by

5    the unnamed "Confidential Witness No. 18," the "Confidential Witness No. 19," and "JDS

6    employees" and deny all the allegations regarding those statements on this basis.  The JDSU

7    Defendants also deny the remaining allegations in paragraph 84.

8        85.    Answering paragraph 85, the JDSU Defendants are without knowledge or

9    information sufficient to form a belief as to the truth of allegations regarding statements made by

10   the unnamed "Confidential Witness No. 11," and deny all the allegations regarding those

11   statements on this basis.  The JDSU Defendants deny the remaining allegations in paragraph 85.

12       86.    Answering paragraph 86, the JDSU Defendants are without knowledge or

13   information sufficient to form a belief as to the truth of allegations regarding statements made by

14   the unnamed "Confidential Witness No. 20," and deny all the allegations regarding those

15   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

16   paragraph 86, except that they admit that JDSU's customers cancelled orders from time to time.

17       87.    Answering paragraph 87, the JDSU Defendants are without knowledge or

18   information sufficient to form a belief as to the truth of allegations regarding statements made by

19   the unnamed "Confidential Witness No. 21," and deny all the allegations regarding those

20   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

21   paragraph 87.

22       88.    Answering paragraph 88, the JDSU Defendants are without knowledge or

23   information sufficient to form a belief as to the truth of allegations regarding statements made by

24   the unnamed "Confidential Witness No. 22," and deny all the allegations regarding those

25   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

26   paragraph 88.

27       89.    Answering paragraph 89, the JDSU Defendants are without knowledge or

28   information sufficient to form a belief as to the truth of allegations regarding statements made by

the unnamed "Confidential Witness No. 10," and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 89.

90.     Answering paragraph 90, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding knowledge or statements made by the unnamed "Confidential Witness No. 5" and deny all the allegations in that paragraph on this basis.  The JDSU Defendants state that the Fifth Amended Complaint in *Lucent Technologies, Inc. Sec. Litig*. speaks for itself and therefore no response to the allegations about the content of that document is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 90.

Answering the sentence between paragraphs 90 and 91, the JDSU Defendants deny all the allegations in that sentence.

91.     Answering paragraph 91, the JDSU Defendants deny all the allegations in the first sentence of that paragraph.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 4" and deny all the allegations in the second sentence of paragraph 91 on this basis.

92.     Answering paragraph 92, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 21" and deny all the allegations in that paragraph on this basis.

93.     Answering paragraph 93, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 20" and deny all the allegations in that paragraph on this basis.

94.     Answering paragraph 94, to the extent that paragraph purports to allege legal conclusions, no response is required.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by

the unnamed "Confidential Witness No. 23" and deny all the allegations in that paragraph on this basis.

95.     Answering paragraph 95, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by or to the unnamed "Confidential Witness No. 24" and deny all the allegations in that paragraph on this basis.

Answering the sentence between paragraphs 95 and 96, the JDSU Defendants deny all the allegations in that sentence.

96.     Answering paragraph 96, the JDSU Defendants deny all the allegations in that paragraph.

97.     Answering paragraph 97, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 25" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 97.

98.     Answering paragraph 98, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and deny those allegations on this basis.

99.     Answering paragraph 99, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 16" and deny all the allegations in that paragraph on this basis.

100.    Answering paragraph 100, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 26" and deny all the allegations in that paragraph on this basis.

101.    Answering paragraph 101, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by

1   the unnamed "Confidential Witness No. 10" and deny all the allegations in that paragraph on this

2   basis.

3   Answering the sentence between paragraphs 101 and 102, the JDSU Defendants deny all

4   the allegations in that sentence.

5   102.   Answering paragraph 102, the JDSU Defendants deny the allegation in that

6   paragraph.

7   103.   Answering paragraph 103, the JDSU Defendants are without knowledge or

8   information sufficient to form a belief as to the truth of allegations regarding statements made by

9   the unnamed "Confidential Witness No. 27" and deny all the allegations in that paragraph on this

10   basis.

11   104.   Answering paragraph 104, the JDSU Defendants are without knowledge or

12   information sufficient to form a belief as to the truth of the allegations in that paragraph and deny

13   all the allegations in that paragraph on this basis.

14   105.   Answering paragraph 105, the JDSU Defendants are without knowledge or

15   information sufficient to form a belief as to the truth of allegations regarding statements made by

16   the unnamed "Confidential Witness No. 23" and deny all the allegations in that paragraph on this

17   basis.

18   Answering the sentence between paragraphs 105 and 106, the JDSU Defendants deny all

19   the allegations in that sentence.

20   106.   Answering paragraph 106, the JDSU Defendants deny all the allegations in that

21   paragraph.

22   107.   Answering paragraph 107, the JDSU Defendants are without knowledge or

23   information sufficient to form a belief as to the statements made by the unnamed "Confidential

24   Witness No. 28" and deny all the allegations in that paragraph on this basis.

25   108.   Answering paragraph 108, the JDSU Defendants are without knowledge or

26   information sufficient to form a belief as to the truth of allegations regarding statements made by

27   the unnamed "Confidential Witness No. 29" and deny the allegation in that paragraph on this

28   basis.

1     109.    Answering paragraph 109, the JDSU Defendants are without knowledge or

2     information sufficient to form a belief as to the truth of allegations regarding statements made by

3     the unnamed "Confidential Witness No. 30" and deny all the allegations in that paragraph on this

4     basis.

5     110.    Answering paragraph 110, the JDSU Defendants are without knowledge or

6     information sufficient to form a belief as to the truth of allegations regarding statements made by

7     the unnamed "Confidential Witness No. 31" and deny all the allegations regarding those

8     statements on this basis.  The JDSU Defendants also deny the remaining allegations in

9     paragraph 110.

10     111.    Answering paragraph 111, the JDSU Defendants are without knowledge or

11     information sufficient to form a belief as to the truth of allegations regarding statements made by

12     the unnamed "Confidential Witness No. 10" and deny all the allegations in that paragraph on this

13     basis.

14     Answering the sentence between paragraphs 111 and 112, the JDSU Defendants are

15     without knowledge or information sufficient to form a belief as to the truth of allegations

16     regarding statements made by the unnamed "seventeen former JDS employees" and deny all the

17     allegations in that sentence on this basis.  The JDSU Defendants also deny the remaining

18     allegations in this sentence.

19     112.    Answering paragraph 112, the JDSU Defendants deny all the allegations in that

20     paragraph.

21     113.    Answering paragraph 113, the JDSU Defendants are without knowledge or

22     information sufficient to form a belief as to the truth of allegations regarding statements made by

23     the unnamed "Confidential Witness No. 32" and deny all the allegations regarding those

24     statements on this basis.  The JDSU Defendants also deny the remaining allegations in

25     paragraph 113.

26     114.    Answering paragraph 114, the JDSU Defendants are without knowledge or

27     information sufficient to form a belief as to the truth of allegations regarding statements made by

28

1    the unnamed "Confidential Witness No. 29" and deny all allegations in that paragraph on this

2    basis.

3        115.    Answering paragraph 115, the JDSU Defendants are without knowledge or

4    information sufficient to form a belief as to the truth of allegations regarding statements made by

5    the unnamed "Confidential Witness No. 33" and deny all allegations on this basis.  The JDSU

6    Defendants also deny the remaining allegations in paragraph 115.

7        116.    Answering paragraph 116, the JDSU Defendants are without knowledge or

8    information sufficient to form a belief as to the truth of allegations regarding statements made by

9    the unnamed "Confidential Witness No. 23" and deny all allegations in that paragraph on this

10   basis.  The JDSU Defendants also expressly deny the allegation that by the summer of 2000,

11   demand for its products had fallen greatly.

12       117.    Answering paragraph 117, the JDSU Defendants are without knowledge or

13   information sufficient to form a belief as to the truth of allegations regarding statements made by

14   the unnamed "Confidential Witness No. 34" and deny all allegations in that paragraph on this

15   basis.

16       118.    Answering paragraph 118, the JDSU Defendants are without knowledge or

17   information sufficient to form a belief as to the truth of allegations regarding statements made by

18   the unnamed "Confidential Witness No. 7" and deny all the allegations regarding those

19   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

20   paragraph 118.

21       119.    Answering paragraph 119, the JDSU Defendants are without knowledge or

22   information sufficient to form a belief as to the truth of allegations regarding statements made by

23   the unnamed "Confidential Witness No. 5" and deny all the allegations regarding those

24   statements on this basis.  The JDSU Defendants also deny the remaining allegations in

25   paragraph 119.

26       120.    Answering paragraph 120, the JDSU Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of allegations regarding statements made by

28   the unnamed "Confidential Witness No. 35" and "Confidential Witness No. 2" and deny all the

1   allegations regarding those statements on this basis.  The JDSU Defendants also deny the
2   remaining allegations in paragraph 120.

3       121.    Answering paragraph 121, the JDSU Defendants are without knowledge or
4   information sufficient to form a belief as to the truth of allegations regarding statements made by
5   unnamed "Confidential Witness No. 36" and unnamed "Confidential Witness No. 37" and deny
6   all allegations in that paragraph on this basis.

7       122.    Answering paragraph 122, the JDSU Defendants are without knowledge or
8   information sufficient to form a belief as to the truth of allegations regarding statements made by
9   the unnamed "Confidential Witness No. 19" and deny all the allegations regarding those
10  statements on this basis.  The JDSU Defendants also deny the remaining allegations in
11  paragraph 122.

12      123.    Answering paragraph 123, the JDSU Defendants are without knowledge or
13  information sufficient to form a belief as to the truth of allegations regarding statements made by
14  the unnamed "Confidential Witness No. 38" and deny the allegation regarding those statements
15  on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 123.

16      124.    Answering paragraph 124, the JDSU Defendants are without knowledge or
17  information sufficient to form a belief as to the truth of allegations regarding statements made by
18  the unnamed "Confidential Witness No. 24" and deny all allegations in that paragraph on this
19  basis.

20      125.    Answering paragraph 125, the JDSU Defendants are without knowledge or
21  information sufficient to form a belief as to the truth of allegations regarding statements made by
22  the unnamed "Confidential Witness No. 26" and deny all allegations in that paragraph on this
23  basis.

24      126.    Answering paragraph 126, the JDSU Defendants are without knowledge or
25  information sufficient to form a belief as to the truth of allegations regarding statements made by
26  the unnamed "Confidential Witness No. 26" and deny all allegations in that paragraph on this
27  basis.  The JDSU Defendants also expressly deny the allegation that "in response to the downturn
28  in business in May or June 2000, JDS started cutting staff."

127.     Answering paragraph 127, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 9" and deny all allegations in that paragraph on this basis, except that the JDSU admits that Joe Ip held the title of Senior Vice President at JDSU during at least a portion of the purported Class Period; the remaining JDSU Defendants admit they are informed and believe that Mr. Ip held that title during at least a portion of the purported Class Period; and the JDSU Defendants are informed and believe that Mr. Ip sold JDSU stock in or about August 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 127.

128.     Answering paragraph 128, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 39" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 128.

129.     Answering paragraph 129, the JDSU Defendants deny all the allegations in that paragraph.

Answering the sentence between paragraphs 129 and 130, the JDSU Defendants aver that the allegations in this sentence are vague as to time, and deny all the allegations in that sentence on this basis.

130.     Answering paragraph 130, the JDSU Defendants deny all the allegations in that paragraph.

131.     Answering paragraph 131, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 40" and of Dave Baxter and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 131.

132.     Answering paragraph 132, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by

1   the unnamed "Confidential Witness No. 23" and deny all the allegations regarding those

2   statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph

3   132.

4        133.    Answering paragraph 133, the JDSU Defendants are without knowledge or

5   information sufficient to form a belief as to the truth of allegations regarding statements made by

6   the unnamed "Confidential Witness No. 27" and "Confidential Witness No. 41" and deny all the

7   allegations regarding those statements in this paragraph on this basis.  The JDSU Defendants also

8   deny the remaining allegations in paragraph 133.

9        134.    Answering paragraph 134, the JDSU Defendants are without knowledge or

10  information sufficient to form a belief as to the truth of allegations regarding statements made by

11  the unnamed "Confidential Witness No. 26" and deny all the allegations regarding those

12  statements on this basis.  Except as expressly admitted, the JDSU Defendants also deny the

13  remaining allegations in paragraph 134.

14       135.    Answering paragraph 135, the JDSU Defendants are without knowledge or

15  information sufficient to form a belief as to the truth of allegations regarding statements made by

16  the unnamed "Confidential Witness No. 25" and deny all allegations in that paragraph on this

17  basis.

18       136.    Answering paragraph 136, the JDSU Defendants are without knowledge or

19  information sufficient to form a belief as to the truth of allegations regarding statements made by

20  the unnamed "Confidential Witness No. 42" and deny all allegations in that paragraph on this

21  basis.

22       137.    Answering paragraph 137, the JDSU Defendants deny all the allegations in that

23  paragraph.

24       138.    Answering paragraph 138, the JDSU Defendants are without knowledge or

25  information sufficient to form a belief as to the truth of allegations regarding statements made by

26  the unnamed "Confidential Witness No. 43" and "Confidential Witness No. 16" and deny all the

27  allegations regarding those statements on this basis.  The JDSU Defendants also deny the

28  remaining allegations in paragraph 138.

139.    Answering paragraph 139, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 43" and deny all allegations in that paragraph on this basis.

140.    Answering paragraph 140, the JDSU Defendants admit that the Company announced the Global Realignment Plan in April 2001.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 140.

Answering the sentence between paragraphs 140 and 141, the JDSU Defendants deny all the allegations in that sentence.

141.    Answering paragraph 141, with regard to the first sentence, the JDSU Defendants deny all the allegations in that sentence.  With regard to the second sentence, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 44" and deny all the allegations regarding those statements on this basis.

142.    Answering paragraph 142, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 44" and deny all allegations in that paragraph on this basis.  The JDSU Defendants also specifically deny the allegation that "[i]n mid-2000, it was apparent that demand was overestimated," specifically deny that every business unit manager reported their demand to the Materials Manager for Optical Component Services in Ottawa, and specifically deny that declining demand was reported to Dr. Straus at that time.

143.    Answering paragraph 143, the JDSU Defendants deny all the allegations in that paragraph.

144.    Answering paragraph 144, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 45" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in paragraph 144.

145.   Answering paragraph 145, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 46" and deny all allegations in that paragraph on this basis.

146.   Answering paragraph 146, with regard to the first sentence, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence and deny those allegations on this basis.  With regard to the second sentence, the JDSU Defendants deny all the allegations in that sentence.  With regard to the third sentence, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 22" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny the remaining allegations in that sentence.

147.   Answering paragraph 147, JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and deny those allegations on this basis.

148.   Answering paragraph 148, the JDSU Defendants state that the "Pitre email" referenced in that paragraph speaks for itself and deny all the allegations about the content of the email to the extent those allegations are inconsistent with the document.  The JDSU Defendants also deny that paragraph 148 quotes the "relevant" portions of the email.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 148.

149.   Answering paragraph 149, the JDSU Defendants state that the email referenced in that paragraph speaks for itself and deny all the allegations about the content of the email to the extent they are inconsistent with the document.  The JDSU Defendants also deny the remaining allegations in that paragraph.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 149.

150.   Answering paragraph 150, the JDSU Defendants deny all the allegations in that paragraph.

151.     Answering paragraph 151, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 2" and deny all the allegation in that paragraph on this basis.

152.     Answering paragraph 152, the JDSU Defendants deny all the allegations of that paragraph and incorporate by reference their answer to paragraphs 214-15, 218, 234-36, 240, and 253-59 of the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 152.

Answering the sentence between paragraphs 152 and 153, the JDSU Defendants deny all the allegations in that sentence.

153.     Answering paragraph 153, the JDSU Defendants admit that JDSU merged with E-TEK on June 30, 2000, and state that JDSU recorded approximately $15,422,500,000 in goodwill in connection with that transaction, which was recorded on JDSU's balance sheet as of June 30, 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 153.

154.     Answering paragraph 154, to the extent that paragraph calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent that paragraph 154 alleges a legal conclusion, no response is required.  The JDSU Defendants deny all remaining allegations in paragraph 154.

155.     Answering paragraph 155, the JDSU Defendants deny all the allegations in that paragraph, except that they admit that the Company made an announcement regarding goodwill on April 24, 2001.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 155.

156.     Answering paragraph 156, to the extent that paragraph calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  The JDSU Defendants deny all the remaining allegations in paragraph 156.

157.    Answering paragraph 157, the JDSU Defendants deny all the allegations in that paragraph.

158.    Answering paragraph 158, to the extent that paragraph calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent that paragraph alleges a legal conclusion, no response is required.  The JDSU Defendants deny all the remaining allegations in paragraph 158.

Answering the sentence between paragraphs 158 and 159, the JDSU Defendants deny the allegation in that sentence.

159.    Answering paragraph 159, the JDSU Defendants deny all the allegations in that paragraph.

160.    Answering paragraph 160, the JDSU Defendants deny all the allegations in that paragraph.

161.    Answering paragraph 161, the JDSU Defendants incorporate by reference their answer to paragraph 2 of the Complaint.  The JDSU Defendants also admit that the Individual Defendants sold JDSU stock between July 31 and August 31, 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 161.

162.    Answering paragraph 162, the JDSU Defendants deny all the allegations of that paragraph, except that they admit that they are informed and believe that the persons listed in subparagraphs 162(a)-(j) sold JDSU stock during the purported Class Period.  JDSU admits, and the remaining JDSU Defendants are informed and believe, that the job titles listed in subparagraphs 162(a)-(g) and 162(i)-(j) are correct.  The JDSU Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations regarding the exact amounts, dates, and proceeds from those sales, and deny those allegations on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 162 and its subparagraphs.

Answering the sentence between paragraphs 162 and 163, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations

1   regarding statements made by the unnamed "seven former JDS employees" and deny all the
2   allegations in that sentence on this basis.  The JDSU Defendants also deny all the allegations in
3   that sentence.

4       163.    Answering paragraph 163, the JDSU Defendants deny all the allegations in that
5   paragraph.

6       164.    Answering paragraph 164, the JDSU Defendants are without knowledge or
7   information sufficient to form a belief as to the truth of allegations regarding statements made by
8   the unnamed "Confidential Witness No. 31" and deny all the allegations in that paragraph on this
9   basis.

10      165.    Answering paragraph 165, the JDSU Defendants are without knowledge or
11  information sufficient to form a belief as to the truth of allegations regarding statements made by
12  the unnamed "Confidential Witness No. 47" and deny all the allegations regarding those
13  statements on this basis.  The JDSU Defendants also deny all the remaining allegations in
14  paragraph 165.

15      166.    Answering paragraph 166, the JDSU Defendants are without knowledge or
16  information sufficient to form a belief as to the truth of allegations regarding statements made by
17  the unnamed "Confidential Witness No. 46" and deny all the allegations regarding those
18  statements on this basis.  The JDSU Defendants also deny all the remaining allegations in
19  paragraph 166.

20      167.    Answering paragraph 167, the JDSU Defendants are without knowledge or
21  information sufficient to form a belief as to the truth of allegations regarding statements made by
22  the unnamed "Confidential Witness No. 41" and deny all the allegations regarding those
23  statements on this basis.  The JDSU Defendants also deny all the remaining allegations in
24  paragraph 167.

25      168.    Answering paragraph 168, the JDSU Defendants are without knowledge or
26  information sufficient to form a belief as to the truth of allegations regarding statements made by
27  the unnamed "Confidential Witness No. 48" and deny all allegations in that paragraph on this
28  basis.

169.     Answering paragraph 169, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 5" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny all the remaining allegations in paragraph 169.

170.     Answering paragraph 170, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 31" and deny all the allegations in that paragraph on this basis.

Answering the sentence between paragraphs 170 and 171, the JDSU Defendants deny all the allegations in that sentence.

171.     Answering paragraph 171, the JDSU Defendants deny all the allegations in that paragraph.

172.     Answering paragraph 172, the JDSU Defendants deny all the allegations in that paragraph, except that they admit JDSU supplied certain products to Nortel on a consignment basis.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 9" and deny all the allegations regarding those statements on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 172.

173.     Answering paragraph 173, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 49" and deny all the allegations in that paragraph on this basis.

174.     Answering paragraph 174, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding statements made by the unnamed "Confidential Witness No. 50" and deny all the allegations regarding those statements on this basis.  The JDSU Defendants also deny all the remaining allegations in paragraph 174.

1    175.    Answering paragraph 175, the JDSU Defendants are without knowledge or
2    information sufficient to form a belief as to the truth of allegations regarding statements made by
3    the unnamed "Confidential Witness No. 7" and deny all the allegations in that paragraph on this
4    basis.

5    176.    Answering paragraph 176, the JDSU Defendants deny all the allegations of that
6    paragraph, except that they admit that during certain times during the purported Class Period and
7    for certain facilities, the Company used Oracle software to track inventory.  The JDSU
8    Defendants also admit that they had access to the Oracle database for part of the purported Class
9    Period, but deny any suggestion that they availed themselves of that access at any specific point
10   in time and deny Lead Plaintiff's attempt to characterize the data on that system.  Except as
11   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 176.

12   177.    Answering paragraph 177, the JDSU Defendants deny all the allegations in that
13   paragraph.

14   178.    Answering paragraph 178, the JDSU Defendants admit that on July 26, 2001,
15   JDSU announced charges of approximately $270 million for the write-down of excess inventory
16   in the quarter ended June 30, 2001.  Except as expressly admitted, the JDSU Defendants deny all
17   the allegations in paragraph 178.

18   Answering the sentence between paragraphs 178 and 179, the JDSU Defendants deny all
19   the allegations in that sentence.

20   179.    Answering paragraph 179, the JDSU Defendants admit that on January 25, 2001,
21   JDSU issued a press release discussing, among other subjects, its guidance for the third quarter of
22   fiscal 2001.  The press release speaks for itself, and the JDSU Defendants deny the allegations
23   regarding the content of the press release to the extent those allegations are inconsistent with the
24   document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in
25   paragraph 179.

26   180.    Answering paragraph 180, the JDSU Defendants deny all the allegations in that
27   paragraph.

28

181.     Answering paragraph 181, the JDSU Defendants deny all the allegations in that paragraph, except that the JDSU Defendants admit that the SDL merger agreement provided for the exchange of 3.8 shares of JDSU stock for each share of SDL stock.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 181.

182.     Answering paragraph 182, the JDSU Defendants admit the allegations in that paragraph.

183.     Answering paragraph 183, the JDSU Defendants deny all the allegations in paragraph 183.

184.     Answering paragraph 184, the JDSU Defendants deny all the allegations in paragraph 184.

185.     Answering paragraph 185, the JDSU Defendants admit that on February 12, 2001, JDSU and SDL announced that their respective shareholders had approved the merger.  The JDSU Defendants also admit that on February 13, 2001, JDSU held a conference call for securities analysts and others.  The JDSU Defendants deny that JDSU provided "new and reduced guidance for the combined companies" during the February 13, 2001 conference call, as JDSU's prior guidance had not included SDL.  The JDSU Defendants admit that they are informed and believe that one or more analysts issued reports concerning JDSU following the February 13, 2001 conference call.  The reports speak for themselves, and the JDSU Defendants deny the allegations regarding the content of the reports to the extent they are inconsistent with the documents.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 185.

186.     Answering paragraph 186, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the emotions of analysts and investors and deny those allegations on this basis.  The JDSU Defendants also deny all the remaining allegations in paragraph 186.

187.     Answering paragraph 187, the JDSU Defendants deny all the allegations in that paragraph.

188.     Answering paragraph 188, the JDSU Defendants admit that on April 24, 2001, JDSU issued a press release announcing the Global Realignment Program and stating that the Company would be closing several operations, vacating 25 buildings, and laying off approximately 5,000 people or 20% of its workforce.  The JDSU Defendants also state that the April 24, 2001 press release announced that the Company was evaluating the carrying value of certain assets, including goodwill; that it would reduce goodwill to the extent that net assets were greater than market capitalization; and that as of March 31, 2001, the value of the Company's net assets, including unamortized goodwill, exceeded the Company's market capitalization by approximately $40 billion.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 188.

189.     Answering paragraph 189, the JDSU Defendants admit that on July 26, 2001, JDSU announced that approximately $300 million in certain amounts paid to SDL executives in connection with the SDL merger which were previously recorded as acquisition costs in the third quarter of fiscal year 2001 had been reclassified as a one-time charge for that quarter.  To the extent that paragraph 189 calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  The JDSU Defendants deny all the remaining allegations in paragraph 189.

190.     Answering paragraph 190, the JDSU Defendants admit that on July 26, 2001, JDSU announced that it was recording goodwill write-downs of $38.7 billion for the quarter ended March 31, 2001, and $6.1 billion for the quarter ended June 30, 2001.  The JDSU Defendants admit that on July 26, 2001, the Company also announced that it was recording a $270 million inventory write-down of excess inventory for the quarter ended June 30, 2001. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 190.

191.     Answering paragraph 191, the JDSU Defendants deny all the allegations in that paragraph.

192.     Answering paragraph 192, the JDSU Defendants admit that JDSU issued a press release on October 28, 1999.  The press release speaks for itself, and the JDSU Defendants deny

1   the allegations regarding the content of the press release to the extent they are inconsistent with

2   the documents.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

3   paragraph 192.

4          193.    Answering paragraph 193, the JDSU Defendants admit that the split-adjusted

5   closing price of JDSU stock on October 28, October 29, and November 12, 1999, was $38.11,

6   $41.72, and $50.00 per share, respectively.  Except as expressly admitted, the JDSU Defendants

7   deny all the allegations in paragraph 193.

8          194.    Answering paragraph 194, the JDSU Defendants admit the allegations in that

9   paragraph.

10         195.    Answering paragraph 195, the JDSU Defendants state that they are informed and

11  believe that on or about October 29, 1999, SG Cowen issued a report regarding JDSU.  The report

12  speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the

13  report to the extent those allegations are inconsistent with the document.  Except as expressly

14  admitted, the JDSU Defendants deny all the allegations in paragraph 195.

15         196.    Answering paragraph 196, the JDSU Defendants admit that on November 4, 1999,

16  JDSU issued a press release announcing an agreement to merge with OCLI.  The press release

17  speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the press

18  release to the extent they are inconsistent with the document.

19         197.    Answering paragraph 197, the JDSU Defendants admit that on December 8, 1999,

20  JDSU filed a Form S-4 Registration Statement with the SEC with respect to the registration of

21  shares of JDSU common stock to be used in the Company's merger with OCLI (the "OCLI

22  Registration Statement"), that the OCLI Registration Statement was signed by Mr. Kalkhoven,

23  Dr. Straus, and Mr. Muller, that the OCLI Registration Statement contained a Proxy Statement-

24  Prospectus which discussed the material terms of the merger (the "OCLI Proxy-Prospectus"), and

25  that the OCLI Proxy-Prospectus incorporated JDSU's Form 10-Q for the first quarter of fiscal

26  2000.  The JDSU Defendants incorporate by reference their answer to paragraph 195 of the

27  Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

28  paragraph 197.

198.    Answering paragraph 198, the JDSU Defendants admit that JDSU filed the "OCLI Proxy-Prospectus" referenced in that paragraph.  The document speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the document to the extent they are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 198.

199.    Answering paragraph 199, the JDSU Defendants deny all the allegations in that paragraph.

200.    Answering paragraph 200, the JDSU Defendants admit that on December 22, 1999, JDSU filed an amended Form S-4 Registration Statement for the OCLI merger (the "Amended OCLI Registration Statement") which contained an amended Proxy-Prospectus that was signed by the same Defendants as the OCLI Proxy-Prospectus.  The JDSU Defendants incorporate by reference their answer to paragraphs 197-99 of the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 200.

201.    Answering paragraph 201, the JDSU Defendants admit the allegations in that paragraph.

202.    Answering paragraph 202, the JDSU Defendants admit allegations in that paragraph.

203.    Answering paragraph 203, the JDSU Defendants admit that the closing price of JDSU stock on January 14, 2000, was approximately $96.09 per share and that the closing price of JDSU stock on January 20, 2000, was $119.44 per share.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 203.

204.    Answering paragraph 204, the JDSU Defendants admit that JDSU issued a press release on or about January 27, 2000, concerning its financial results for the second quarter of fiscal 2000 and aver that this press release speaks for itself.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 204.

205.    Answering paragraph 205, the JDSU Defendants admit that the merger of JDSU and OCLI closed on February 4, 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 205.

206.    Answering paragraph 206, the JDSU Defendants admit the allegations in the first and second sentences.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 206.

207.    Answering paragraph 207, the JDSU Defendants admit that they are informed and believe that on or about January 27, 2000, Warburg Dillon Read issued a report regarding JDSU.  The report speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the report to the extent those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny the remaining allegations in paragraph 207.

208.    Answering paragraph 208, the JDSU Defendants admit that on February 11, 2000, JDSU filed a Form S-4 with the SEC with respect to the registration of shares of JDSU common stock to be used in the Company's merger with E-TEK (the "E-TEK Registration Statement").  The JDSU Defendants admit that the E-TEK Registration Statement was signed by Mr. Kalkhoven, Dr. Straus, and Mr. Muller.  The JDSU Defendants admit that the E-TEK Registration Statement contained a Proxy Statement-Prospectus which detailed the terms of the merger (the "E-TEK Proxy-Prospectus") and that the E-TEK Proxy-Prospectus incorporated by reference JDSU's Forms 10-Q for the first and second quarters of fiscal 2000.  The JDSU Defendants incorporate by reference their answer to paragraphs 195 and 207 of the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 208.

209.    Answering paragraph 209, the JDSU Defendants state that the "E-TEK Proxy-Prospectus" referenced in that paragraph speaks for itself and deny all the allegations in that paragraph to the extent they are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny the allegations in paragraph 209.

210.    Answering paragraph 210, the JDSU Defendants deny all the allegations in that paragraph.

211.    Answering paragraph 211, the JDSU Defendants admit the allegations in that paragraph.

212.    Answering paragraph 212, the JDSU Defendants admit the allegations of that paragraph.

213.     Answering paragraph 213, the JDSU Defendants deny all the allegations in that paragraph and incorporate by reference their answer to paragraphs 64-69, 70-72, 80-89, 93 and 107 of the Complaint.

214.     Answering paragraph 214, the JDSU Defendants admit that JDSU held a conference call for securities analysts and others on April 25, 2000.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements made during that call (which occurred more than four years ago) and deny those allegations on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 214.

215.     Answering paragraph 215, the JDSU Defendants admit that they are informed and believe that securities analysts issued reports regarding JDSU on or about April 26, 2000.  The reports speak for themselves, and the JDSU Defendants deny the allegations regarding the content of the reports to the extent those allegations are inconsistent with the documents.  The JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the basis of the reports.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 215.

216.     Answering paragraph 216, the JDSU Defendants deny all the allegations in that paragraph and its subparagraphs, and incorporate by reference their answer to paragraphs 80-90, 96-99, and130-31 of the Complaint.

217.     Answering paragraph 217, the JDSU Defendants admit that the price of JDSU common stock closed at approximately $80.31 per share on April 24, 2000, and that it closed at as high as $104.25 per share in the following week.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 217.

218.     Answering paragraph 218, the JDSU Defendants admit on May 15, 2000, JDSU filed a Form 10-Q for the quarter ended March 31, 2000, that the Form 10-Q was signed by Mr. Muller, and that it reported net sales of $394.6 million for the quarter.  The Form 10-Q speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the Form 10-Q to

1    the extent they are inconsistent with the document.  Except as expressly admitted, the JDSU

2    Defendants deny all the allegations in paragraph 218.

3         219.    Answering paragraph 219, the JDSU Defendants deny all the allegations in this

4    paragraph and incorporate by reference their answer to paragraphs 213 and 216 of the Complaint.

5         220.    Answering paragraph 220, the JDSU Defendants admit that on May 18, 2000,

6    JDSU issued a press release announcing Mr. Kalkhoven's retirement from his position as Co-

7    Chairman of the Board of Directors and CEO.  The press release speaks for itself, and the JDSU

8    Defendants deny the allegations regarding the content of the press release to the extent they are

9    inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

10   allegations in paragraph 220.

11        221.    Answering paragraph 221, to the extent that paragraph is directed to Mr.

12   Kalkhoven, the JDSU Defendants are not required to respond.  The JDSU Defendants admit that

13   they are informed and believe that in or about May 2001, *Light Reading* published an article

14   discussing Mr. Kalkhoven.  The article speaks for itself, and the JDSU Defendants deny the

15   allegations regarding the content of the article to the extent those allegations are inconsistent with

16   the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

17   paragraph 221.

18        222.    Answering paragraph 222, to the extent that paragraph is directed to Mr.

19   Kalkhoven, the JDSU Defendants are not required to respond.  JDSU admits, and the remaining

20   JDSU Defendants are informed and believe, that Mr. Kalkhoven entered into an amendment of

21   his Employment Agreement with JDSU dated September 29, 1999.  The amended employment

22   agreement speaks for itself, and the JDSU Defendants deny the allegations regarding the content

23   of the document to the extent those allegations are inconsistent with the document.  Except as

24   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 222.

25        223.    Answering paragraph 223, to the extent that paragraph is directed to Mr.

26   Kalkhoven, the JDSU Defendants are not required to respond.  The amended employment

27   agreement speaks for itself, and the JDSU Defendants deny the allegations regarding the content

28

1   of the document to the extent those allegations are inconsistent with the document.  Except as

2   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 223.

3         224.    Answering paragraph 224, to the extent that paragraph is directed to Mr.

4   Kalkhoven, the JDSU Defendants are not required to respond.  The amended employment

5   agreement speaks for itself, and the JDSU Defendants deny the allegations regarding the content

6   of the document to the extent those allegations are inconsistent with the document.  The JDSU

7   Defendants are without knowledge or information sufficient to form a belief as to the truth of the

8   allegations regarding the statements made by the unnamed "Confidential Witness No. 8" and

9   deny those allegations on this basis.  Except as expressly admitted, the JDSU Defendants deny all

10  the allegations in paragraph 224.

11        225.    Answering paragraph 225, the JDSU Defendants admit on May 23 and May 31,

12  2000, JDSU filed amendments to the E-TEK Registration Statements (the "Amended E-TEK

13  Registration Statements") which were signed by Dr. Straus and Mr. Muller.  The JDSU

14  Defendants admit that the Amended E-TEK Registration Statements contained a Proxy

15  Statement-Prospectus (the "Amended E-TEK Proxy-Prospectuses") which incorporated JDSU's

16  Forms 10-Q for the first, second, and third quarters of fiscal 2000.  The JDSU Defendants

17  incorporate by reference their answer to paragraphs 195, 207, and 219 of the Complaint.  Except

18  as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 225.

19        226.    Answering paragraph 226, the "Amended E-TEK Proxy-Prospectuses" speak for

20  themselves, and the JDSU Defendants deny the allegations regarding the content of those

21  documents to the extent those allegations are inconsistent with the documents.  The JDSU

22  Defendants incorporate by reference their answer to paragraphs 80-90, 96-99, 113, and 130-32 of

23  the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

24  paragraph 226.

25        227.    Answering paragraph 227, the JDSU Defendants admit that on June 22, 2000, the

26  U.S. Department of Justice cleared the Company's merger with E-TEK, that E-TEK's

27  shareholders approved the merger on June 28, 2000, that the merger was completed on June 30,

28

1   2000, and that the total purchase cost of E-TEK was approximately $17.5 billion.  Except as

2   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 227.

3          228.    Answering paragraph 228, the JDSU Defendants admit that on July 10, 2000,

4   JDSU announced that it had agreed to merger with SDL, that the merger agreement provided for

5   the exchange of 3.8 shares of JDSU common stock for each share of SDL stock, and that the total

6   purchase cost of SDL was approximately $41 billion.  Except as expressly admitted, the JDSU

7   Defendants deny all the allegations in paragraph 228.

8          229.    Answering paragraph 229, the JDSU Defendants admit that on July 19, 2000, it

9   was announced that JDSU stock would be added to the S&P 500 index after the close of trading

10  on July 26, 2000.  The JDSU Defendants are without knowledge or information sufficient to form

11  a belief as to the truth of the allegations made in the second sentence of paragraph 229 and deny

12  those allegations on this basis.  The JDSU Defendants admit that the closing price of JDSU

13  common stock on July 20, 2000, was approximately $128.13 per share, an increase of

14  approximately 20% over the closing price on the previous day.  Except as expressly admitted, the

15  JDSU Defendants deny all the allegations in paragraph 229.

16         230.    Answering paragraph 230, the JDSU Defendants are without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in that paragraph and deny

18  those allegations on this basis.

19         231.    Answering paragraph 231, the JDSU Defendants admit the allegations of that

20  paragraph.

21         232.    Answering paragraph 232, the JDSU Defendants deny all the allegations in that

22  paragraph and incorporate by reference their answer to paragraphs 64-69, 70-72, and 93 of the

23  Complaint.

24         233.    Answering paragraph 233, the JDSU Defendants deny all the allegations in that

25  paragraph and incorporate by reference their answer to paragraph 110 of the Complaint.

26         234.    Answering paragraph 234, the JDSU Defendants admit that JDSU held a

27  conference call for securities analysts and others on July 26, 2000, and admit that Dr. Straus, Mr.

28  Muller, and Mr. Abbe made statements during that call.  The JDSU Defendants are without

1   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

2   the content of those statements (which were made more than four years ago) and deny those

3   allegations on this basis.  The JDSU Defendants expressly deny that any of them made a false

4   material statement during the July 26, 2000 conference call.  Except as expressly admitted, the

5   JDSU Defendants deny all the allegations in paragraph 234.

6         235.    Answering paragraph 235, the JDSU Defendants state that they are without

7   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

8   the content of the statements made during the July 26, 2000 conference call (which occurred more

9   than four years ago) and deny all allegations in paragraph 235 on this basis.

10         236.    Answering paragraph 236, the JDSU Defendants admit they are informed and

11   believe that on July 27, 2000, some securities analysts issued reports on JDSU.  The reports speak

12   for themselves, and the JDSU Defendants deny the allegations regarding the content of the reports

13   to the extent those allegations are inconsistent with the documents.  Except as expressly admitted,

14   the JDSU Defendants deny all the allegations in paragraph 236.

15         237.    Answering paragraph 237, the JDSU Defendants deny all the allegations in that

16   paragraph and its subparagraphs, and incorporate by reference their answer to paragraphs 80-90,

17   96-101, 112-28, 130-34, and 137-38 of the Complaint.

18         238.    Answering paragraph 238, the JDSU Defendants admit that some officers and

19   directors of JDSU sold JDSU stock between July 31 and August 31, 2000.  Except as expressly

20   admitted, the JDSU Defendants deny all the allegations in paragraph 238.

21         239.    Answering paragraph 239, the JDSU Defendants deny all the allegations in that

22   paragraph.

23         240.    Answering paragraph 240, the JDSU Defendants admit that on September 1, 2000,

24   JDSU filed a Form 8-K with the SEC that contained the Company's Fiscal 2000 financial

25   statements and represented that net sales for the year were approximately $1,403.4 million.  The

26   Form 8-K speaks for itself, and the JDSU Defendants deny the allegations regarding the content

27   of the Form 8-K to the extent those allegations are inconsistent with the document.  Except as

28

1    expressly admitted, the JDSU Defendants deny all the allegations in paragraph 240 and its

2    subparagraphs.

3           241.    Answering paragraph 241, the JDSU Defendants deny all the allegations in that

4    paragraph.

5           242.    Answering paragraph 242, the September 1, 2000 Form 8-K speaks for itself, and

6    the JDSU Defendants deny the allegations regarding the content of the Form 8-K to the extent

7    those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU

8    Defendants deny all the allegations in paragraph 242.

9           243.    Answering paragraph 243, the JDSU Defendants deny all the allegations in that

10   paragraph and incorporate by reference their answer to paragraphs 96-101 of the Complaint.

11          244.    Answering paragraph 244, the JDSU Defendants deny all the allegations that

12   paragraph and incorporate by reference their answer to paragraphs 96-101 of the Complaint.

13          245.    Answering paragraph 245, the September 1, 2000 Form 8-K speaks for itself, and

14   the JDSU Defendants deny the allegations regarding the content of the Form 8-K to the extent

15   those allegations are inconsistent with the document.  The JDSU Defendants also deny the

16   remaining allegations in paragraph 245 and incorporate by reference their answer to paragraphs

17   153-55 of the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the

18   allegations in paragraph 245.

19          246.    Answering paragraph 246, the JDSU Defendants admit that on September 7, 2000,

20   JDSU filed a Form S-4 Registration Statement ("SDL Registration Statement"), that the SDL

21   Registration Statement was signed by Dr. Straus and Mr. Muller**,** that the SDL Registration

22   Statement contained a Proxy Statement-Prospectus (the "SDL Proxy-Prospectus") that detailed

23   the terms of the merger, and that the SDL Proxy-Prospectus incorporated by reference the

24   Company's September 1, 2000 Form 8-K.  The SDL Registration Statement and the SDL Proxy-

25   Prospectus speak for themselves, and the JDSU Defendants deny the allegations regarding the

26   content of those documents to the extent those allegations are inconsistent with the documents.

27   The JDSU Defendants incorporate by reference their answer to paragraphs 241 and 243-45 of the

28

1  Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

2  paragraph 246.

3       247.   Answering paragraph 247, the JDSU Defendants deny all the allegations in that

4  paragraph and incorporate by reference their answer to paragraphs 80-90, 96-101, 112-28, 153-

5  55, and 163-67 of the Complaint.

6       248.   Answering paragraph 248, the JDSU Defendants admit that on September 28,

7  2000, JDSU filed a Form 10-K with the SEC that was signed by Dr. Straus and Mr. Muller and

8  that incorporated the financial statements JDSU filed with the SEC in the September 1,2000

9  Form 8-K.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

10  paragraph 248 and incorporate by reference their answer to paragraphs 241, and 243-45 of the

11  Complaint.

12       249.   Answering paragraph 249, the JDSU Defendants admit that they are informed and

13  believe that Lucent issued a press release on or about October 10, 2000.  That press release speaks

14  for itself and the JDSU Defendants deny the allegations regarding the content of the press release

15  to the extent those allegations are inconsistent with the document. The JDSU Defendants admit

16  that Lucent was one of JDSU's "two biggest customers" at the time.  Except as expressly

17  admitted, the JDSU Defendants deny all the allegations in paragraph 249.

18       250.   Answering paragraph 250, the JDSU Defendants are without knowledge or

19  information sufficient to form a belief as to the truth of the allegations in the first sentence of that

20  paragraph and deny those allegations on this basis.  The JDSU Defendants deny all the allegations

21  in the second and third sentences of paragraph 250 and incorporate by reference their answer to

22  paragraphs 253-56 of the Complaint.

23       251.   Answering paragraph 251, the JDSU Defendants admit that JDSU issued a press

24  release on October 26, 2000, regarding its financial results for the first quarter of fiscal 2001.  The

25  press release speaks for itself, and the JDSU Defendants deny the allegations regarding the

26  content of that press release to the extent those allegations are inconsistent with the document.

27  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 251.

28

1          252.    Answering paragraph 252, the JDSU Defendants deny all the allegations in that

2   paragraph and incorporate by reference their answer to paragraphs 64-69, 94-95, and 111 of the

3   Complaint.

4          253.    Answering paragraph 253, the JDSU Defendants admit that JDSU held a

5   conference call for securities analysts and others on October 26, 2000, and that Dr. Straus, Mr.

6   Muller, and Mr. Abbe made statements during that call.  The JDSU Defendants are without

7   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

8   the content of the statements made or the questions asked during the call (which occurred more

9   than four years ago) and deny the remaining allegations in paragraph 253 on this basis.

10          254.    Answering paragraph 254, the JDSU Defendants admit that Mr. Abbe made

11   statements during the October 26, 2000 conference call.  The JDSU Defendants are without

12   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

13   the content of the statements made during the call (which occurred more than four years ago) and

14   deny the remaining allegations in paragraph 254 on this basis.

15          255.    Answering paragraph 255, the JDSU Defendants admit that Dr. Straus made

16   statements during the October 26, 2000 conference call.  The JDSU Defendants are without

17   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

18   the content of the statements made during the call (which occurred more than four years ago) and

19   deny the remaining allegations in paragraph 255 on this basis.

20          256.    Answering paragraph 256, the JDSU Defendants admit that Mr. Muller made

21   statements during the October 26, 2000 conference call.  The JDSU Defendants are without

22   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

23   the content of the statements made during the call (which occurred more than four years ago) and

24   deny the remaining allegations in paragraph 256 on this basis.

25          257.    Answering paragraph 257, the JDSU Defendants admit that they are informed and

26   believe that on or about November 1, 2000, *Motley Fool* published an article discussing JDSU.

27   The article speaks for itself, and the JDSU Defendants deny the allegations regarding the content

28

of the article to the extent those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 257.

258.    Answering paragraph 258, the JDSU Defendants admit that they are informed and believe that on or about October 27, 2000, some securities analysts issued reports about JDSU. The reports speaks for themselves and the JDSU Defendants deny the allegations regarding the content of the reports to the extent those allegations are inconsistent with the documents.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 258.

259.    Answering paragraph 259, the JDSU Defendants admit that they are informed and believe that on or about October 27, 2000, *The Wall Street Journal* published an article discussing JDSU.  The article speaks for itself, and the JDSU Defendants deny the allegations regarding the content of the article to the extent those allegations are inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 259.

260.    Answering paragraph 260, the JDSU Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and deny those allegations on this basis.  The JDSU Defendants admit that JDSU stock closed at $74.44 on October 26, 2000, at $77.25 on October 27, 2000, and at $81.44 on October 31, 2000. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 260.

261.    Answering paragraph 261, the JDSU Defendants deny all the allegations in that paragraph and its subparagraphs and incorporate by reference their answer to paragraphs 80-90, 96-105, 112-28, 130-39, 141-49, 163-69, and 171-75 of the Complaint.

262.    Answering paragraph 262, the JDSU Defendants admit that on November 13, 2000, JDSU filed a Form 10-Q with the SEC that was signed by Mr. Muller.  The Form 10-Q speaks for itself and the JDSU Defendants deny the allegations regarding the content of the Form 10-Q to the extent those allegations are inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 262.

263.    Answering paragraph 263, the JDSU Defendants deny all the allegations in that paragraph and incorporate by reference their answer to paragraphs 80-90, 96-105, 112-128, 146-148, 153-156, 163-169, 171-175, and 252 of the Complaint.

264.     Answering paragraph 264, the JDSU Defendants admit that on November 17, 2000, JDSU filed an amendment to the SDL Registration Statement with the SEC (the "Amended SDL Registration Statement") which was signed by Dr. Straus and Mr. Muller.  The "Amended SDL Registration Statement" speaks for itself and the JDSU Defendants deny the allegations regarding the content of that document to the extent those allegations are inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 264 and incorporate by reference their answer to paragraphs 241, 243-45, 247, and 263 of the Complaint.

265.     Answering paragraph 265, the JDSU Defendants admit that on November 20, 2000, JDSU announced that it and SDL had set December 27, 2000, as the date for their shareholders to vote on the proposed merger of the two companies at special shareholder meetings.  The JDSU Defendants also admit that on December 18, 2000, JDSU announced that it was adjourning the special meetings because of the time required to complete the regulatory approval process.  The JDSU Defendants further admit that on December 28, 2000, JDSU announced that it and SDL had set January 26, 2001, as the new date for the meetings and that on January 24, 2001, the meetings were adjourned to February 12, 2001.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 265.

266.     Answering paragraph 266, the JDSU Defendants admit that JDSU issued a press release on January 25, 2001.  The press release speaks for itself and the JDSU Defendants deny the allegations regarding the content of the press release to the extent those allegations are inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 266.

267.     Answering paragraph 267, the JDSU Defendants deny all the allegations in that paragraph and incorporate by reference their answer to paragraphs 64-69 of the Complaint.

268.     Answering paragraph 268, the JDSU Defendants admit that they are informed and believe that on or about January 26, 2001, *The Wall Street Journal* published an article discussing JDSU.  The article speaks for itself and the JDSU Defendants deny the allegations regarding the

content of the article to the extent those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 268.

269.    Answering paragraph 269, the JDSU Defendants admit that JDSU held a conference call for securities analysts and others on January 25, 2001, and that Dr. Straus, Mr. Muller, and Mr. Abbe made statements during that call, including some of the statements attributed to them in paragraph 269.  To the extent that paragraph 269 purports to characterize statements made during that call or takes the statements out of context, the JDSU Defendants deny that paragraph 269 accurately represents those statements.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 269.

270.    Answering paragraph 270, the JDSU Defendants admit that they are informed and believe that on or about January 26, 2001, some securities analysts issued reports on JDSU.  The reports speak for themselves, and the JDSU Defendants deny the allegations regarding the content of the reports to the extent those allegations are inconsistent with the documents.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 270.

271.    Answering paragraph 271, the JDSU Defendants deny all the allegations in that paragraph and its subparagraphs, and incorporate by reference their answer to paragraphs 80-90, 112-28, 130-39, 141-49, and 163-70 of the Complaint.

Answering the sentence between paragraphs 271 and 272, the JDSU Defendants deny all the allegations in that sentence.

272.    Answering paragraph 272, the JDSU Defendants admit the allegations in that paragraph.

273.    Answering paragraph 273, the JDSU Defendants admit that JDSU's merger with SDL closed on February 13, 2001, and that each outstanding share of SDL common stock was exchanged for 3.8 shares of JDSU common stock in connection with the merger.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 273.

274.    Answering paragraph 274, the JDSU Defendants admit that JDSU issued a press release on February 13, 2001.  The press release speaks for itself and the JDSU Defendants deny the allegations regarding the content of the press release to the extent those allegations are

1   inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

2   allegations in paragraph 274.

3       275.    Answering paragraph 275, the JDSU Defendants admit that JDSU held a

4   conference call for securities analysts and others on February 13, 2001.  The JDSU Defendants

5   deny that Mr. Muller and Dr. Straus made the statements attributed to them in paragraph 275.

6   The JDSU Defendants also deny the allegations in paragraph 275 to the extent that they suggest

7   that JDSU's prior guidance included projections for the combined companies following the

8   merger with SDL.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

9   paragraph 275.

10      276.    Answering paragraph 276, the JDSU Defendants state that they are without

11   knowledge or information sufficient to form a belief as to the truth of the allegation that "analysts

12   on the call were astounded by the lower forecasts," and deny that allegation on this basis.  With

13   regard to the remaining allegations in this paragraph, the JDSU Defendants admit that they are

14   informed and believe that some analysts issued reports concerning JDSU following the

15   Company's February 13, 2001 conference call.  The reports speak for themselves and the JDSU

16   Defendants deny the allegations regarding the content of the reports to the extent those allegations

17   are inconsistent with the documents.  Except as expressly admitted, the JDSU Defendants deny

18   all the allegations in paragraph 276.

19      277.    Answering paragraph 277, the JDSU Defendants admit on February 13, 2001,

20   JDSU filed a Form 10-Q for the second quarter of fiscal 2001 that was signed by Mr. Muller.  The

21   Form 10-Q speaks for itself and the JDSU Defendants deny the allegations regarding the content

22   of the Form 10-Q to the extent those allegations are inconsistent with the document. Except as

23   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 277.

24      278.    Answering paragraph 278, the JDSU Defendants deny all the allegations in that

25   paragraph and incorporate by reference their answer to paragraphs 96-105, 153-56, 171-75, 267,

26   and 271(a) of the Complaint.

27      279.    Answering paragraph 279, the JDSU Defendants admit that JDSU issued a press

28   release on February 27, 2001.  The press release speaks for itself and the JDSU Defendants deny

1    the allegations regarding the content of the press release to the extent those allegations are

2    inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the

3    allegations in paragraph 279.

4         280.    Answering paragraph 280, the JDSU Defendants admit that on March 6, 2001,

5    JDSU filed a Form 8-K with the SEC.  The Form 8-K speaks for itself and the JDSU Defendants

6    deny the allegations regarding the content of the Form 8-K to the extent those allegations are

7    inconsistent with the document. Except as expressly admitted, the JDSU Defendants deny all the

8    allegations in paragraph 280.

9         281.    Answering paragraph 281 (including the chart it contains), the JDSU Defendants

10   admit that on or about January 25, February 13, and March 6, 2001, the Company issued press

11   releases that discussed, among other topics, guidance for the third quarter of fiscal 2001.  The

12   press releases speak for themselves, and the JDSU Defendants deny the allegations regarding the

13   content of the press releases to the extent those allegations are inconsistent with the documents.

14   The JDSU Defendants also deny the allegations in paragraph 281 to the extent that they suggest

15   that the guidance JDSU gave on or about January 25, 2001, included projections for the combined

16   companies following the merger with SDL.  Except as expressly admitted, the JDSU Defendants

17   deny all the allegations in paragraph 281.

18        282.    Answering paragraph 282, the JDSU Defendants admit that on or about

19   January 25, February 13, and March 6, 2001, the Company issued press releases that discussed,

20   among other topics, guidance for the third quarter of 2001.  The press releases speak for

21   themselves, and the JDSU Defendants deny the allegations regarding the content of the press

22   releases to the extent those allegations are inconsistent with the documents.  Except as expressly

23   admitted, the JDSU Defendants deny all the allegations in paragraph 282.

24        283.    Answering paragraph 283, the JDSU Defendants admit that JDSU issued a press

25   release on April 24, 2001.  The press release speaks for itself and the JDSU Defendants deny the

26   allegations regarding the content of the press release to the extent those allegations are

27   inconsistent with the document.  The JDSU Defendants expressly deny that the sales reported in

28   the press release were inflated and deny that JDSU improperly recognized revenues.  The JDSU

1   Defendants incorporate by reference their answer to paragraphs 64-69 of the Complaint.  Except
2   as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 283.

3           284.    Answering paragraph 284, the JDSU Defendants admit that the April 24, 2001
4   press release announced the Global Realignment Program.  The press release speaks for itself and
5   the JDSU Defendants deny the allegations regarding the content of the press release to the extent
6   those allegations are inconsistent with the document.  The JDSU Defendants expressly deny that
7   the Company had been planning the Global Realignment Program since June 2000.  Except as
8   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 284.

9           285.    Answering paragraph 285, the JDSU Defendants are without knowledge or
10  information sufficient to form a belief as to the truth of the allegations that "[a]s a result of the
11  negative information disclosed in the April 24, 2001 press release, the price of JDS common
12  stock dropped 13.7%," and deny those allegations on that basis.  The JDSU Defendants admit that
13  the closing price of JDSU stock was $24.18 on April 23, 2001, and $20.82 on April 24, 2001.
14  Except as expressly admitted, the JDSU Defendants deny the allegation in paragraph 285.

15          286.    Answering paragraph 286, the JDSU Defendants admit that JDSU filed a Form 10-
16  Q with the SEC on May 10, 2001 that was signed by Mr. Muller.  The Form 10-Q speaks for
17  itself and the JDSU Defendants deny the allegations regarding the content of the Form 10-Q to
18  the extent those allegations are inconsistent with the document. Except as expressly admitted, the
19  JDSU Defendants deny all the allegations in paragraph 286.

20          287.    Answering paragraph 287, the JDSU Defendants deny all the allegations in that
21  paragraph and incorporate by reference their answer to paragraphs 96-105 and 171-75 of the
22  Complaint.

23          288.    Answering paragraph 288, to the extent that paragraph purports to allege legal
24  conclusions, no response is required.  The JDSU Defendants admit that JDSU reported its
25  financial results for the third quarter in a press release issued on April 24, 2001, and in documents
26  filed with the SEC.  The press releases and SEC filings speak for themselves, and the JDSU
27  Defendants deny the allegations regarding the content of the documents to the extent those
28  allegations are inconsistent with the documents.  The JDSU Defendants specifically deny that the

1    April 24, 2001 press release and JDSU's Form 10-Q for the third quarter of fiscal 2001 were

2    rendered false and misleading by the Company's later write-downs of goodwill for that quarter

3    and the next, as the press release and the Form 10-Q specifically disclosed that JDSU was

4    evaluating the carrying value of its goodwill and advised investors that as of March 31, 2001, the

5    value of the Company's unamortized goodwill exceeded the Company's market capitalization by

6    approximately $40 billion.  Except as expressly admitted, the JDSU Defendants deny all the

7    allegations in paragraph 288.

8         289.    Answering paragraph 289, the JDSU Defendants admit the allegations in that

9    paragraph.

10        290.    Answering paragraph 290, the JDSU Defendants admit JDSU issued a press

11   release on June 14, 2001.  The press release speaks for itself and the JDSU Defendants deny the

12   allegations regarding the content of the press release to the extent those allegations are

13   inconsistent with the document.  Except as expressly admitted, the JDSU Defendants deny all the

14   allegations in paragraph 290.

15        291.    Answering paragraph 291, the JDSU Defendants are without knowledge or

16   information sufficient to form a belief as to the truth of the allegations regarding the reasons for

17   the decline in the price of the Company's stock and deny those allegations on that basis.  The

18   JDSU Defendants admit that JDSU's stock closed at $13.81 per share on June 14, 2001, and at

19   $12.44 on June 15, 2001.  Except as expressly admitted, the JDSU Defendants deny the allegation

20   in paragraph 291.

21        Answering the sentence between paragraphs 291 and 292, the JDSU Defendants deny all

22   the allegations in that sentence.

23        292.    Answering paragraph 292, the JDSU Defendants admit that JDSU issued a press

24   release on July 26, 2001.  The press release speaks for itself and the JDSU Defendants deny the

25   allegations regarding the content of the release to the extent those allegations are inconsistent

26   with the document.  Except as expressly admitted, the JDSU Defendants deny all the allegations

27   in paragraph 292.

28

1    293.    Answering paragraph 293, the JDSU Defendants deny all the allegations in that

2    paragraph.

3    294.    Answering paragraph 294, the JDSU Defendants deny all the allegations of that

4    paragraph on the basis that they purport to imply a relationship between the inventory write-down

5    announced on July 26, 2001, and the Company's stated inventory balances in previous quarters.

6    Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 294.

7    295.    Answering paragraph 295, the JDSU Defendants admit that the closing price of

8    JDSU stock on July 27, 2001, was $8.55 per share.  The JDSU Defendants are without knowledge

9    or information sufficient to form a belief as to the truth of the allegations that JDSU's stock price

10   dropped "[o]n this news."  Except as expressly admitted, the JDSU Defendants deny the

11   allegation in paragraph 295.

12   296.    Answering paragraph 296, the JDSU Defendants admit that they are informed and

13   believe that one or about July 27, 2001, *The Wall Street Journal* published an article discussing

14   JDSU.  The article speaks for itself and the JDSU Defendants deny the allegations regarding the

15   content of the article to the extent those allegations are inconsistent with the document.  Except as

16   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 296.

17   297.    Answering paragraph 297, the JDSU Defendants admit that they are informed and

18   believe that on or about July 28, 2001, the *San Jose Mercury News* published an article discussing

19   JDSU.  The article speaks for itself and the JDSU Defendants deny the allegations regarding the

20   content of the article to the extent those allegations are inconsistent with the document.  Except as

21   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 297.

22   Answering the sentence between paragraphs 297 and 298, the JDSU Defendants deny the

23   allegation in that sentence.

24   298.    Answering paragraph 298, the JDSU Defendants state that JDSU's Form 10-Qs

25   filed during the purported Class Period speak for themselves and deny the allegations regarding

26   the content of those documents to the extent those allegations are inconsistent with the

27   documents.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

28   paragraph 298.

299.    Answering paragraph 299, the JDSU Defendants deny all the allegations in that paragraph.

300.    Answering paragraph 300, to the extent that paragraph calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent paragraph 300 purports to allege legal conclusions, no response to the allegations in those sentences is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 300.

301.    Answering paragraph 301, the JDSU Defendants deny that the Company's reported sales were inflated during the Class Period and deny that JDSU recognized revenues on consignment sales in violation of GAAP.  To the extent that paragraph 301 calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent that paragraph 301 purports to allege legal conclusions, no response to those allegations is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 301.

302.    Answering paragraph 302, the JDSU Defendants deny that the Company recognized revenues in violation of GAAP.  To the extent that paragraph 302 calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent that paragraph 302 purports to allege legal conclusions, no response to those allegations is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 302.

303.    Answering paragraph 303, the JDSU Defendants deny all the allegations in that paragraph.

304.    Answering paragraph 304, the JDSU Defendants deny all the allegations in that paragraph.

305.    Answering paragraph 305, to the extent that paragraph 305 calls for an expert opinion, the JDSU Defendants lack knowledge or information sufficient to form a belief as to the basis of those allegations and deny those allegations on this basis.  To the extent that paragraph

1   305 purports to allege legal conclusions, no response to those allegations is required.  The JDSU

2   Defendants deny all the remaining allegations in paragraph 305.

3          306.    Answering paragraph 306, the JDSU Defendants admit that the Company

4   discussed its policy regarding inventory in press releases and SEC filings.  Those documents

5   speak for themselves, and the JDSU Defendants deny the allegations regarding the content of the

6   documents to the extent those allegations are inconsistent with the documents.  The JDSU

7   Defendants incorporate by reference their answer to paragraph 173 of the Complaint.  Except as

8   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 306.

9          307.    Answering paragraph 307, the JDSU Defendants admit that JDSU issued press

10  releases and SEC filings regarding the Company's method of assessing its goodwill.  Those

11  documents speak for themselves, and the JDSU Defendants deny the allegations regarding the

12  content of the documents to the extent those allegations are inconsistent with the documents.  To

13  the extent paragraph 307 calls for an expert opinion, the JDSU Defendants are without knowledge

14  or information sufficient to form a belief as to the truth of those allegations and deny those

15  allegations on this basis.  To the extent that paragraph purports to allege legal conclusions, no

16  response is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations

17  in paragraph 307.

18         308.    Answering paragraph 308, the JDSU Defendants admit that JDSU issued press

19  releases and SEC filings regarding the Company's method of assessing its goodwill.  Those

20  documents speak for themselves, and the JDSU Defendants deny the allegations regarding the

21  content of the documents to the extent those allegations are inconsistent with the documents.  To

22  the extent that paragraph 308 calls for an expert opinion, the JDSU Defendants lack knowledge or

23  information sufficient to form a belief as to the truth of those allegations and deny those

24  allegations on this basis.  To the extent that paragraph purports to allege legal conclusions, no

25  response is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations

26  in paragraph 308.

27         309.    Answering paragraph 309, the JDSU Defendants admit that on July 26, 2001,

28  JDSU announced that approximately $300 million in certain amounts paid to SDL executives in

1    connection with the SDL merger which were previously recorded as acquisition costs in the third

2    quarter of fiscal year 2001 had been reclassified as a one-time charge for that quarter.  To the

3    extent that paragraph 309 calls for an expert opinion, the JDSU Defendants lack knowledge or

4    information sufficient to form a belief as to the truth of those allegations and deny those

5    allegations on this basis.  To the extent that paragraph purports to allege legal conclusions, no

6    response is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations

7    in paragraph 309.

8        310.    Answering paragraph 310, the JDSU Defendants state that the allegations in that

9    paragraph call for an expert opinion, that they are without knowledge or information sufficient to

10   form a belief as to the truth of those allegations, and that they deny all allegations in paragraph

11   310 and its subparagraphs on this basis.  To the extent that paragraph 310 purports to allege legal

12   conclusions, no response is required.

13       311.    Answering paragraph 311, the JDSU Defendants deny that they concealed

14   undisclosed adverse information during the Class Period.  The JDSU Defendants also state that

15   the allegations in that paragraph call for an expert opinion, that they are without knowledge or

16   information sufficient to form a belief as to the truth of those allegations, and that they deny all

17   allegations in paragraph 311 on this basis.  To the extent that paragraph 311 purports to allege

18   legal conclusions, no response is required.

19       Answering the sentence between paragraphs 311 and 312, the JDSU Defendants deny all

20   the allegations in that sentence.

21       312.    Answering paragraph 312, the JDSU Defendants deny all the allegations in that

22   paragraph.

23       313.    Answering paragraph 313, the JDSU Defendants incorporate by reference their

24   response to paragraph 2 of the Complaint.  Except as expressly admitted, the JDSU Defendants

25   deny all the allegations in paragraph 313.

26       314.    Answering paragraph 314, the JDSU Defendants admit that Lead Plaintiff purports

27   to bring the first count of the Complaint pursuant to Section 11 of the Securities Act on behalf of

28

1    the "OCLI Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the

2    JDSU Defendants deny the allegation in paragraph 314.

3         315.    Answering paragraph 315, the JDSU Defendants deny that Lead Plaintiff has

4    excluded allegations based on fraud or deliberate recklessness from the first claim for relief.

5         316.    Answering paragraph 316, the JDSU Defendants admit that JDSU filed the OCLI

6    Registration Statement on December 8, 1999, and that it was signed by Mr. Kalkhoven, Dr.

7    Straus, and Mr. Muller.  The OCLI Registration Statement speaks for itself and the JDSU

8    Defendants deny the allegations regarding the content of the document to the extent those

9    allegations are inconsistent with the document.  The JDSU Defendants incorporate by reference

10   their answer to paragraph 198 of the Complaint.  Except as expressly admitted, the JDSU

11   Defendants deny all the allegations in paragraph 316.

12        317.    Answering paragraph 317, the JDSU Defendants admit the allegations of that

13   paragraph.

14        318.    Answering paragraph 318, the JDSU Defendants admit that on December 22,

15   1999, JDSU filed the "Amended OCLI Registration Statement," which contained the Amended

16   OCLI Proxy-Prospectus and was signed by the same Defendants as the original OCLI Proxy-

17   Prospectus.  The document speaks for itself and the JDSU Defendants deny the allegations

18   regarding the content of the document to the extent those allegations are inconsistent with the

19   document. Except as expressly admitted, the JDSU Defendants deny all the allegations in

20   paragraph 318.

21        319.    Answering paragraph 319, the JDSU Defendants deny all the allegations in that

22   paragraph and incorporate by reference their answer to paragraph 195 of the Complaint.

23        320.    Answering paragraph 320, the JDSU Defendants admit the allegation in that

24   paragraph.

25        321.    Answering paragraph 321, the JDSU Defendants admit that JDSU was the issuer

26   of the securities exchanged in connection with the OCLI merger.  JDSU denies that it is liable to

27   the OCLI subclass for material omissions or misstatements in the OCLI Registration Statement or

28

1   Amended OCLI Registration Statement.  Except as expressly admitted, the JDSU Defendants
2   deny all the allegations in paragraph 321.

3          322.    Answering paragraph 322, the JDSU Defendants deny all the allegations in that
4   paragraph.

5          323.    Answering paragraph 323, the allegations in that paragraph purport to allege a
6   legal conclusion and therefore no response is required.

7          324.    Answering paragraph 324, the JDSU Defendants admit that Mr. Kalkhoven, Dr.
8   Straus, and Mr. Muller signed the OCLI Registration Statement.  The JDSU Defendants deny that
9   that Mr. Abbe signed the OCLI Registration Statement.  The remaining allegations in that
10  paragraph constitute legal conclusions that require no response.  Except as expressly admitted, the
11  JDSU Defendants deny all the allegations in paragraph 324.

12         325.    Answering paragraph 325, the JDSU Defendants deny all the allegations in that
13  paragraph.

14         326.    Answering paragraph 326, the JDSU Defendants deny all the allegations in that
15  paragraph.

16         327.    Answering paragraph 327, the JDSU Defendants deny the allegation in that
17  paragraph.

18         328.    Answering paragraph 328, the JDSU Defendants are without knowledge or
19  information sufficient to form a belief as to truth of the allegations regarding the knowledge of
20  the OCLI Subclass, and deny the allegations in the first sentence on this basis.  The second and
21  third sentences purport to allege legal conclusions and therefore no response to the allegations in
22  those sentences is required.  Except as expressly admitted, the JDSU Defendants deny all the
23  allegations in paragraph 328.

24         329.    Answering paragraph 329, the JDSU Defendants admit that Lead Plaintiff purports
25  to bring the second count of the Complaint pursuant to Section 11 of the Securities Act on behalf
26  of the "E-TEK Subclass," as that term is defined in the Complaint.  Except as expressly admitted,
27  the JDSU Defendants deny all the allegations in paragraph 329.

28

330. Answering paragraph 315, the JDSU Defendants deny that Lead Plaintiff has excluded allegations based on fraud or deliberate recklessness from the second claim for relief.

331. Answering paragraph 331, the JDSU Defendants admit that on February 11, 2000, JDSU filed the E-TEK Registration Statement, that it was signed by Mr. Kalkhoven, Dr. Straus, and Mr. Muller, and that it contained the E-TEK Proxy-Prospectus. The E-TEK Registration Statement and the E-TEK Proxy-Prospectus speak for themselves and the JDSU Defendants deny the allegations regarding the content of the documents to the extent those allegations are inconsistent with the documents. The JDSU Defendants incorporate by reference their answer to paragraph 209 of the Complaint. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 331.

332. Answering paragraph 332, the JDSU Defendants aver that the "E-TEK Proxy-Prospectus" and the "Amended E-TEK Proxy-Prospectus" purportedly referenced in that paragraph speak for themselves. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 332.

333. Answering paragraph 333, the JDSU Defendants admit that on May 23 and May 31, 2000, JDSU filed Amended E-TEK Registration Statements that were signed by Dr. Straus and Mr. Muller and that contained Amended E-TEK Proxy-Prospectuses. The documents speak for themselves and the JDSU Defendants deny the allegations regarding the content of the documents to the extent those allegations are inconsistent with the documents. Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 333.

334. Answering paragraph 334, the JDSU Defendants admit the allegations in that paragraph.

335. Answering paragraph 335, the JDSU Defendants deny all the allegations in that paragraph and its subparagraphs, and incorporate by reference their answer to paragraphs 64-69, 76-78, 80-90, 96-99, 112-13, 130-32, 195, 207, and 219 of the Complaint.

336. Answering paragraph 336, the JDSU Defendants admit the allegations in that paragraph.

337.    Answering paragraph 337, the JDSU Defendants admit that JDSU was the issuer of the securities exchanged in connection with the E-TEK merger.  JDSU denies that it is liable to the E-TEK subclass for material omissions or misstatements in the E-TEK Registration Statement or Amended E-TEK Registration Statement.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 337.

338.    Answering paragraph 338, the JDSU Defendants deny all the allegations in that paragraph.

339.    Answering paragraph 339, the allegations in that paragraph purport to allege a legal conclusion and therefore no response is required.

340.    Answering paragraph 340, to the extent the allegations in that paragraph are directed towards Mr. Kalkhoven, the JDSU Defendants are not required to respond to them.  The JDSU Defendants admit that Dr. Straus and Mr. Muller signed the "E-TEK Registration Statement" and the "Amended E-TEK Registration Statements," and that Mr. Abbe signed the "Amended E-TEK Registration Statement" dated May 23, 2000.  The JDSU Defendants deny that Mr. Abbe signed the remaining documents referenced in paragraph 340.  The remaining allegations in paragraph 340 constitute legal conclusions that require no response.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 340.

341.    Answering paragraph 341, the JDSU Defendants deny all the allegations in that paragraph.

342.    Answering paragraph 342, the JDSU Defendants deny all the allegations in that paragraph.

343.    Answering paragraph 343, the JDSU Defendants deny all the allegations in that paragraph.

344.    Answering paragraph 344, the JDSU Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations regarding the knowledge of the E-TEK  Subclass, and deny the allegations in the first sentence on this basis.  The second and third sentences purport to allege legal conclusions and therefore no response to the allegations in those sentences is required.

1       345.    Answering paragraph 345, the JDSU Defendants admit that Lead Plaintiff purports

2   to bring the third count of the Complaint pursuant to Section 11 of the Securities Act on behalf of

3   the "SDL Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the

4   JDSU Defendants deny the allegations in paragraph 345.

5       346.    Answering paragraph 346, JDSU Defendants deny that Lead Plaintiff has excluded

6   allegations based on fraud or deliberate recklessness from the third claim for relief.

7       347.    Answering paragraph 347, the JDSU Defendants admit that on September 7, 2000,

8   JDSU filed the SDL Registration Statement, that it was signed by Dr. Straus and Mr. Muller, and

9   that it contained the SDL Proxy-Prospectus, which incorporated by reference JDSU's September

10  1, 2000 Form 8-K.  The documents referenced in paragraph 347 speak for themselves and the

11  JDSU Defendants deny the allegations regarding the contents of the documents to the extent those

12  allegations are inconsistent with the documents.  Except as expressly admitted, the JDSU

13  Defendants deny all the allegations in paragraph 347.

14      348.    Answering paragraph 348, the JDSU Defendants admit that on November 17,

15  2000, JDSU filed that Amended SDL Registration Statement and that it was signed by Dr. Straus

16  and Mr. Muller.  The document speaks for itself and the JDSU Defendants deny the allegations

17  regarding the content of the document to the extent those allegations are inconsistent with the

18  document.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

19  paragraph 348.

20      349.    Answering paragraph 349, the JDSU Defendants admit the allegations in that

21  paragraph.

22      350.    Answering paragraph 350, the JDSU Defendants admit that on February 13, 2001,

23  JDSU held a conference call for securities analysts and others at which the Company provided

24  guidance regarding the combined companies following the merger, as stated in the Company's

25  press release of the same date.  The JDSU Defendants deny the allegations of paragraph 350 to

26  the extent that they imply that JDSU's prior guidance included SDL.  Except as expressly

27  admitted, the JDSU Defendants deny all the allegations in paragraph 350.

28

351.     Answering paragraph 351, the JDSU Defendants deny all the allegations in that paragraph and its subparagraphs, and incorporate by reference their answer to paragraphs 80-90, 112-28, 130-35, 138-39, 163-68, 241, 243-245, 247, and 263 of the Complaint.

352.     Answering paragraph 352, the JDSU Defendants admit the allegations in that paragraph.

353.     Answering paragraph 353, the JDSU Defendants admit that JDSU was the issuer of the securities exchanged in connection with the SDL merger.  JDSU denies that it is liable to the SDL subclass for material omissions or misstatements in the SDL Registration Statement or SDL Registration Statement.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 353.

354.     Answering paragraph 354, the JDSU Defendants deny all the allegations in that paragraph.

355.     Answering paragraph 355, the allegations in that paragraph purport to allege a legal conclusion and therefore no response is required.

356.     Answering paragraph 356, the JDSU Defendants admit that Dr. Straus and Mr. Muller signed the "SDL Registration Statement" and "Amended SDL Registration Statement."  The JDSU Defendants deny that Messrs. Abbe or Kalkhoven signed those documents.  The remaining allegations in paragraph 356 constitute legal conclusions and therefore no response to those allegations is required.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 356.

357.     Answering paragraph 357, the JDSU Defendants deny all the allegations in that paragraph.

358.     Answering paragraph 358, the JDSU Defendants deny all the allegations in that paragraph.

359.     Answering paragraph 359, the JDSU Defendants deny the allegation in that paragraph.

360.     Answering paragraph 360, the JDSU Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations regarding the knowledge of

1    the SDL Subclass, and deny the allegations in the first sentence on this basis.  The second and

2    third sentences purport to allege legal conclusions and therefore no response to the allegations in

3    those sentences is required.  Except as expressly admitted, the JDSU Defendants deny all the

4    allegations in paragraph 360.

5            361.    Answering paragraph 361, the JDSU Defendants incorporate by reference their

6    answer to paragraphs 314-328 of the Complaint.

7            362.    Answering paragraph 362, the JDSU Defendants admit that Lead Plaintiff purports

8    to bring the fourth count of the Complaint pursuant to Section 12(a)(2) of the Securities Act on

9    behalf of the "OCLI Subclass," as that term is defined in the Complaint.  Except as expressly

10   admitted, the JDSU Defendants deny the allegation in paragraph 362.

11           363.    Answering paragraph 363, the allegations in that paragraph constitute legal

12   conclusions that require no response.

13           364.    Answering paragraph 364, the JDSU Defendants admit that, pursuant to JDSU's

14   merger with OCLI, OCLI shareholders at the time of the merger exchanged their shares of OCLI

15   common stock for shares of JDSU common stock.  Except as expressly admitted, the JDSU

16   Defendants deny all the allegations in paragraph 364.

17           365.    Answering paragraph 365, the JDSU Defendants deny the allegation in the first

18   sentence and incorporate by reference their answer to paragraph 319 of the Complaint.  The

19   allegations in the second sentence constitute legal conclusions that require no response.  Except as

20   expressly admitted, the JDSU Defendants deny all the allegations in paragraph 365.

21           366.    Answering paragraph 366, the JDSU Defendants are without knowledge or

22   information sufficient to form a belief as to truth of the allegations regarding the knowledge of

23   the OCLI Subclass, and deny the allegations in that paragraph on this basis.

24           367.    Answering paragraph 367, the JDSU Defendants admit that Lead Plaintiff purports

25   to tender to Defendants the shares of the OCLI Subclass and to seek damages on behalf of the

26   members of the OCLI Subclass to the extent they have sold their shares.  Except as expressly

27   admitted, the JDSU Defendants deny all the allegations in paragraph 367.

28

368.    Answering paragraph 368, the JDSU Defendants incorporate by reference their answer to paragraphs 329-344 of the Complaint.

369.    Answering paragraph 369, the JDSU Defendants admit that Lead Plaintiff purports to bring the fifth count of the Complaint pursuant to Section 12(a)(2) of the Securities Act on behalf of the "E-TEK Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the JDSU Defendants deny the allegation in paragraph 369.

370.    Answering paragraph 370, the allegations in that paragraph constitute legal conclusions that require no response.

371.    Answering paragraph 371, the JDSU Defendants admit that, pursuant to JDSU's merger with E-TEK, E-TEK shareholders at the time of the merger exchanged their shares of E-TEK common stock for shares of JDSU common stock.  Except as expressly admitted, the JDSU Defendants deny the allegation in paragraph 371.

372.    Answering paragraph 372, the JDSU Defendants deny the allegation in the first sentence and incorporate by reference their answer to paragraph 335 of the Complaint.  The allegations in the second sentence constitute legal conclusions that require no response.

373.    Answering paragraph 373, the JDSU Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations regarding the knowledge of the E-TEK Subclass, and deny the allegations in that paragraph on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 373.

374.    Answering paragraph 374, the JDSU Defendants admit that Lead Plaintiff purports to tender to Defendants the shares of the E-TEK Subclass and to seek damages on behalf of the members of the E-TEK Subclass to the extent they have sold their shares.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 367.

375.    Answering paragraph 375, the JDSU Defendants incorporate by reference their answer to paragraphs 345-360 of the Complaint.

376.    Answering paragraph 376, the JDSU Defendants admit that Lead Plaintiff purports to bring the sixth count of the Complaint pursuant to Section 12(a)(2) of the Securities Act on

behalf of the "SDL Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the JDSU Defendants deny the allegations in paragraph 376.

377.    Answering paragraph 377, the allegations in that paragraph constitute legal conclusions that require no response.

378.    Answering paragraph 378, the JDSU Defendants admit that, pursuant to JDSU's merger with SDL, SDL shareholders at the time of the merger exchanged their shares of SDL common stock for shares of JDSU common stock.  Except as expressly admitted, the JDSU Defendants deny the allegation in paragraph 378.

379.    Answering paragraph 379, the JDSU Defendants deny the allegation in the first sentence and incorporate by reference their answer to paragraph 351 of the Complaint.  The allegations in the second sentence constitute legal conclusions that require no response.

380.    Answering paragraph 380, the JDSU Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations regarding the knowledge of the SDL Subclass, and deny the allegations in that paragraph on this basis.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 380.

381.    Answering paragraph 381, the JDSU Defendants admit that Lead Plaintiff purports to tender to Defendants the shares of the SDL Subclass and to seek damages on behalf of the members of the SDL Subclass to the extent they have sold their shares.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 381.

382.    Answering paragraph 382, the JDSU Defendants incorporate by reference their answer to paragraphs 314-28 of the Complaint.

383.    Answering paragraph 383, the JDSU Defendants admit that Lead Plaintiff purports to bring the seventh count of the Complaint pursuant to Section 15 of the Securities Act on behalf of the "OCLI Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the JDSU Defendants deny the allegations in paragraph 383.

384.    Answering paragraph 384, the JDSU Defendants deny all the allegations in that paragraph.

1    385.    Answering paragraph 385, the JDSU Defendants deny all the allegations in that

2    paragraph.

3    386.    Answering paragraph 386, the JDSU Defendants incorporate by reference their

4    answer to paragraphs 329-44 of the Complaint.

5    387.    Answering paragraph 387, the JDSU Defendants admit that Lead Plaintiff purports

6    to bring the eighth count of the Complaint pursuant to Section 15 of the Securities Act on behalf

7    of the "E-TEK Subclass," as that term is defined in the Complaint.  Except as expressly admitted,

8    the JDSU Defendants deny the allegations in paragraph 387.

9    388.    Answering paragraph 388, the JDSU Defendants deny all the allegations in that

10   paragraph.

11   389.    Answering paragraph 389, the JDSU Defendants deny all the allegations in that

12   paragraph.

13   390.    Answering paragraph 390, the JDSU Defendants incorporate by reference their

14   answer to paragraphs 345-60 of the Complaint.

15   391.    Answering paragraph 391, the JDSU Defendants admit that Lead Plaintiff purports

16   to bring the ninth count of the Complaint pursuant to Section 15 of the Securities Act on behalf of

17   the "SDL Subclass," as that term is defined in the Complaint.  Except as expressly admitted, the

18   JDSU Defendants deny the allegations in paragraph 391.

19   392.    Answering paragraph 392, the JDSU Defendants deny all the allegations in that

20   paragraph.

21   393.    Answering paragraph 393, the JDSU Defendants deny all the allegations in that

22   paragraph.

23   394.    Answering paragraph 394, the JDSU Defendants incorporate by reference their

24   answer to paragraphs 1-393 of the Complaint.

25   395.    Answering paragraph 395, the JDSU Defendants admit that Lead Plaintiff purports

26   to bring the tenth count of the Complaint pursuant to Section 10(b) of the Exchange Act and Rule

27   10b-5 promulgated thereunder.  Except as expressly admitted, the JDSU Defendants deny all the

28   allegations in paragraph 391.

1      396.     Answering paragraph 396, the JDSU Defendants deny all the allegations in that

2  paragraph.

3      397.     Answering paragraph 397, the JDSU Defendants deny all the allegations in that

4  paragraph.

5      398.     Answering paragraph 398, the JDSU Defendants deny all the allegations in that

6  paragraph.

7      399.     Answering paragraph 399, the JDSU Defendants deny all the allegations in that

8  paragraph and its subparagraphs 399(a)-(j), and incorporate by reference their answer to

9  paragraphs 62-63, 80-90, 96-128, 141-51, and 298-311 of the complaint.

10      400.     Answering paragraph 400, the JDSU Defendants deny all the allegations in the

11  first sentence of that paragraph and incorporate by reference their answer to paragraph 399 of the

12  Complaint.

13      (a)     Answering subparagraph 400(a), the JDSU Defendants admit that the plans for the

14  merger between JDSU and SDL were announced in July 2000, that the closing of the merger was

15  delayed by regulatory issues, and that SDL shareholders were required to approve the merger.

16  Except as expressly admitted, the JDSU Defendants deny all the allegations in subparagraph

17  400(a).

18      (b)     Answering subparagraph 400(b), the JDSU Defendants admit that the Individual

19  Defendants sold JDSU stock during the purported Class Period.  Except as expressly admitted,

20  the JDSU Defendants deny all the allegations in subparagraph 400(b).

21      (c)     Answering subparagraph 400(c), the JDSU Defendants deny all the allegations in

22  that subparagraph.

23      (d)     Answering subparagraph 400(d), the JDSU Defendants deny the allegation in the

24  first sentence.  With regard to the second sentence, the JDSU Defendants admit that the

25  compensation of certain officers was based in part on the Company's performance and the

26  officers' own level of performance, as described in documents JDSU filed with the SEC.  With

27  regard to the third sentence, the JDSU Defendants admit that in the fiscal year ending June 30,

28  2000, Mr. Kalkhoven received a bonus and commission of $349,616 plus 3,200,000 JDSU

1   options, Mr. Muller received a bonus and commission of $139,500 plus 1,200,000 JDSU options,

2   and Dr. Straus received a bonus and commission of $278,208 plus 9,613,328 JDSU options.

3   Except as expressly admitted, the JDSU Defendants deny all the allegations in subparagraph

4   400(d).

5   (e)   Answering subparagraph 400(e), the JDSU Defendants admit that JDSU filed a

6   Proxy Statement with the SEC in October 2000.  The Proxy Statement speaks for itself, and the

7   JDSU Defendants deny the allegations regarding the content of the Proxy Statement to the extent

8   those allegations are inconsistent with the document.  Except as expressly admitted, the JDSU

9   Defendants deny all the allegations in paragraph 400(e).

10   401.   Answering paragraph 401, the JDSU Defendants deny all the allegations in that

11   paragraph.

12   402.   Answering paragraph 402, the JDSU Defendants deny all the allegations in that

13   paragraph.

14   403.   Answering paragraph 403, the JDSU Defendants deny all the allegations in

15   paragraph 403.

16   404.   Answering paragraph 404, the JDSU Defendants incorporate by reference their

17   answer to paragraphs 314-28 of the Complaint.

18   405.   Answering paragraph 405, the JDSU Defendants admit that Lead Plaintiff purports

19   to bring the eleventh count of the Complaint pursuant to Section 14 of the Exchange Act on

20   behalf of the "OCLI Subclass," as the term is defined in the Complaint.  Except as expressly

21   admitted, the JDSU Defendants deny the allegations in paragraph 405.

22   406.   Answering paragraph 406, the allegations in that paragraph purport to allege legal

23   conclusions and therefore no response to those allegations is required.

24   407.   Answering paragraph 407, the allegations in that paragraph purport to allege legal

25   conclusions and therefore no response to those allegations is required.

26   408.   Answering paragraph 408, the JDSU Defendants deny all the allegations in that

27   paragraph and incorporate by reference their answer to paragraph 319 of the Complaint.

28

1      409.    Answering paragraph 409, the JDSU Defendants deny all the allegations in that

2  paragraph.

3      410.    Answering paragraph 410, the JDSU Defendants deny all the allegations in that

4  paragraph.

5      411.    Answering paragraph 411, the JDSU Defendants admit the allegation in the first

6  sentence.  Except as expressly admitted, the JDSU Defendants deny all the allegations in

7  paragraph 411.

8      412.    Answering paragraph 412, the JDSU Defendants deny all the allegations in that

9  paragraph.

10     413.    Answering paragraph 413, the JDSU Defendants deny all the allegations in that

11 paragraph.

12     414.    Answering paragraph 414, the JDSU Defendants incorporate by reference their

13 answer to paragraph 329-44 of the Complaint.

14     415.    Answering paragraph 415, the JDSU Defendants admit that Lead Plaintiff purports

15 to bring the twelfth count of the Complaint pursuant to Section 14 of the Exchange Act on behalf

16 of the "E-TEK Subclass," as the term is defined in the Complaint.  Except as expressly admitted,

17 the JDSU Defendants deny all the allegations in paragraph 415.

18     416.    Answering paragraph 416, the allegations in that paragraph purport to allege legal

19 conclusions and therefore no response to those allegations is required.

20     417.    Answering paragraph 417, the allegations in that paragraph purport to allege legal

21 conclusions and therefore no response to those allegations is required.

22     418.    Answering paragraph 418, the JDSU Defendants deny all the allegations in that

23 paragraph and incorporate by reference their answer to paragraph 335 of the Complaint.

24     419.    Answering paragraph 419, the JDSU Defendants deny all the allegations in that

25 paragraph.

26     420.    Answering paragraph 420, the JDSU Defendants deny all the allegations in that

27 paragraph.

28

421.     Answering paragraph 421, the JDSU Defendants admit the allegation in the first sentence.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 421.

422.     Answering paragraph 422, the JDSU Defendants deny the allegation in that paragraph.

423.     Answering paragraph 423, the JDSU Defendants deny all the allegations in that paragraph.

424.     Answering paragraph 424, the JDSU Defendants incorporate by reference their answer to paragraphs 345-60 of the Complaint.

425.     Answering paragraph 425, the JDSU Defendants admit that Lead Plaintiff purports to bring the thirteenth count of the Complaint pursuant to Section 14 of the Exchange Act on behalf of the "SDL Subclass," as the term is defined in the Complaint.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 425.

426.     Answering paragraph 426, the allegations in that paragraph purport to allege legal conclusions and therefore no response to those allegations is required.

427.     Answering paragraph 427, the allegations in that paragraph purport to allege legal conclusions and therefore no response to those allegations is required.

428.     Answering paragraph 428, the JDSU Defendants deny all the allegations in that paragraph and incorporate by reference their answer to paragraph 351 of the Complaint.

429.     Answering paragraph 429, the JDSU Defendants deny all the allegations in that paragraph.

430.     Answering paragraph 430, the JDSU Defendants deny all the allegations in that paragraph.

431.     Answering paragraph 431, with regard to the first sentence, the JDSU Defendants admit that the SDL merger required a majority vote of the shares of SDL and deny that the Special Shareholder Meeting for SDL shareholders was held on February 12, 2000.  Except as expressly admitted, the JDSU Defendants deny all the allegations in paragraph 431.

1      432.    Answering paragraph 432, the JDSU Defendants deny all the allegations in that

2  paragraph.

3      433.    Answering paragraph 433, the JDSU Defendants deny all the allegations in that

4  paragraph.

5      434.    Answering paragraph 434, the JDSU Defendants incorporate by reference their

6  answer to paragraphs 1-433 of the Complaint.

7      435.    Answering paragraph 435, the JDSU Defendants admit that Lead Plaintiff purports

8  to bring the fourteenth count of the Complaint pursuant to Section 20(a) of the Exchange Act on

9  behalf of the purported Plaintiff Class.  Except as expressly admitted, the JDSU Defendants deny

10  all the allegations in paragraph 435.

11      436.    Answering paragraph 436, the allegations in that paragraph purport to allege legal

12  conclusions and therefore no response to those allegations is required.

13      437.    Answering paragraph 437, the JDSU Defendants deny all the allegations in that

14  paragraph.

15      438.    Answering paragraph 438, the JDSU Defendants incorporate by reference their

16  answer to paragraphs 1-437 of the Complaint.

17      439.    Answering paragraph 439, the JDSU Defendants admit that Lead Plaintiff purports

18  to bring the fifteenth count of the Complaint pursuant to Section 20(A) of the Exchange Act on

19  behalf of members of the purported Class who purchased JDSU securities at or about the time

20  that Messrs. Straus, Muller, Abbe, and Kalkhoven sold JDSU common stock during the purported

21  Class Period.  Except as expressly admitted, the JDSU Defendants deny the allegation in

22  paragraph 439.

23      440.    Answering paragraph 440, the JDSU Defendants incorporate by reference their

24  answer to paragraph 2 of the Complaint.  Except as expressly admitted, the JDSU Defendants

25  deny all the allegations in paragraph 440.

26      441.    Answering paragraph 441, the JDSU Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in that paragraph and deny

28  those allegations on that basis.

1    442.    Answering paragraph 442, the JDSU Defendants deny all the allegations in that

2    paragraph.

3    443.    Answering paragraph 443, the JDSU Defendants deny all the allegations in that

4    paragraph.

5    **AFFIRMATIVE DEFENSES**

6    Without admitting or acknowledging that the JDSU Defendants bear any burden of proof

7    as to any of them, the JDSU Defendants assert the following affirmative defenses.  The JDSU

8    Defendants intend to rely upon any additional defenses that become available or apparent during

9    pretrial proceedings in this action and hereby reserve the right to amend this Answer in order to

10   assert all such further defenses.

11   <u>**First Affirmative Defense**</u>

12   The Complaint, and each cause of action alleged in the Complaint, fails to state a claim

13   upon which relief can be granted.

14   <u>**Second Affirmative Defense**</u>

15   None of the JDSU Defendants made a false and misleading statement of material fact or

16   omitted to state a material fact that was required to be stated.

17   <u>**Third Affirmative Defense**</u>

18   Even if the misrepresentations and omissions alleged in the Complaint had been made,

19   which the JDSU Defendants deny, the JDSU Defendants did not know, and in the exercise of

20   reasonable care could not have known, of any such misrepresentations or omissions.

21   <u>**Fourth Affirmative Defense**</u>

22   Even if the misrepresentations and omissions alleged in the Complaint were made, which

23   the JDSU Defendants deny, the JDSU Defendants at all times reasonably and in good faith relied

24   upon the work, opinions, information, representations, and advice of others upon whom the JDSU

25   Defendants were entitled to rely.

26

27

28

1

**Fifth Affirmative Defense**

2        Any allegedly untrue statement of material fact, omission of material fact, misleading

3  statement, or other allegedly actionable conduct attributed to the JDSU Defendants (all of which

4  the JDSU Defendants deny) was made wholly without scienter.

5

**Sixth Affirmative Defense**

6        The JDSU Defendants are not liable for their forward-looking statements because these

7  statements are protected by the "safe harbor" provisions of the Securities Act of 1933, 15 U.S.C.

8  § 77z-2, and the Securities Exchange Act of 1934, 15 U.S.C. § 78u-5(c), and the "bespeaks

9  caution" doctrine.

10

**Seventh Affirmative Defense**

11        Some or all of the members of the purported Class did not rely on the statements alleged

12  in the Complaint to have been false or misleading.

13

**Eighth Affirmative Defense**

14        Any allegedly untrue statement of material fact, omission of material fact, misleading

15  statement, or other allegedly actionable conduct attributed to the JDSU Defendants (all of which

16  the JDSU Defendants deny) was not material to the investment decisions of a reasonable investor.

17

**Ninth Affirmative Defense**

18        Factors other than the alleged misrepresentations and omissions by the JDSU Defendants

19  influenced the price of JDSU stock when the members of the purported Class acquired JDSU

20  stock, and those factors or similar factors caused any alleged decline in the price of JDSU stock.

21

**Tenth Affirmative Defense**

22        No act or omission attributed to the JDSU Defendants in the Complaint was the actual or

23  proximate cause of any injury suffered by any member of the purported Class.

24

**Eleventh Affirmative Defense**

25        The JDSU Defendants acted at all times in good faith and did not directly or indirectly

26  induce any act or acts alleged to constitute a violation of law or give rise to a cause of action.

27

28

1

**Twelfth Affirmative Defense**

2

When the members of the purported Class acquired shares of JDSU stock, some or all of

3

them had actual or constructive knowledge of the facts alleged in the Complaint to have been

4

concealed or misrepresented by the JDSU Defendants.  These persons or entities therefore

5

assumed the risk of any alleged loss they incurred as a result of acquiring JDSU stock.

6

**Thirteenth Affirmative Defense**

7

The JDSU Defendants are not liable for any damages suffered by members of the

8

purported Class because the negligent, reckless, or willful acts of others constituted independent,

9

intervening, and superseding causes, relieving the JDSU Defendants of any liability.

10

**Fourteenth Affirmative Defense**

11

Regarding any claim under Section 11 of the Securities Act, Dr. Straus, Mr. Muller, and

12

Mr. Abbe acted with reasonable care and exercised due diligence concerning the portions of those

13

documents for which they were responsible.

14

**Fifteenth Affirmative Defense**

15

Some or all of the members of the purported Class would be unjustly enriched if they

16

were permitted to obtain any recovery in this action.

17

**Sixteenth Affirmative Defense**

18

The claims asserted in the Complaint are barred in whole or in part by the applicable

19

statute(s) of limitation.

20

**Seventeenth Affirmative Defense**

21

The claims asserted in the Complaint are barred in whole or part by the doctrines of

22

laches, waiver, ratification, or unclean hands.

23

**Eighteenth Affirmative Defense**

24

The members of the purported Class have failed to mitigate any damage they may have

25

suffered.

26

27

28

JDSU DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED COMPLAINT
Master File No. C-02-1486 CW
sf-1856932

75

1

**Nineteenth Affirmative Defense**

2      The matters alleged to be the subject of misrepresentations and omissions were publicly

3  disclosed or were in the public domain and were therefore disclosed to the members of the

4  purported Class and the securities market.

5

**Twentieth Affirmative Defense**

6      Claims under Section 15 of the Securities Act and Sections 20(a) and Section 20(A) of the

7  Exchange Act are barred in whole or in part because no underlying violations of those Acts can

8  be established.

9

**Twenty-First Affirmative Defense**

10      Any recovery for damages allegedly incurred by Lead Plaintiff or other members of the

11  purported Plaintiff Class or Subclasses is subject to offset in the amount of any tax benefits they

12  received through their investments in JDSU securities.

13

**Twenty-Second Affirmative Defense**

14      Regarding the claims asserted in the Complaint under Section 10(b) and 20(a) of the

15  Exchange Act and Section 12(a)(2) of the Securities Act, any recovery for damages allegedly

16  incurred by members of the purported Class is limited to the percentage of the JDSU Defendants'

17  responsibility in proportion to the total fault of all persons, whether or not named as parties to this

18  action, who caused or contributed to the alleged damages suffered by the purported Class, to the

19  extent that the securities laws require damages to be assessed according to proportionate liability.

20

**Twenty-Third Affirmative Defense**

21      The losses, if any, of the purported Class are speculative or uncertain and therefore not

22  compensable.

23

**Twenty-Fourth Affirmative Defense**

24      Lead Plaintiff lacks standing to bring some or all of the causes of action asserted in the

25  Complaint.

26

**Twenty-Fifth Affirmative Defense**

27      Some or all of the acquisitions of JDSU stock by the members of the purported Class were

28  not contemporaneous with sales of JDSU stock by the JDSU Defendants.

1

**Twenty-Sixth Affirmative Defense**

2          The JDSU Defendants were under no duty to revise, update, or correct any previously-

3   made statements that Lead Plaintiff alleges were not subsequently revised, updated, and/or

4   corrected.

5

6          WHEREFORE, the JDSU Defendants pray that this Court enter judgment as follows:

7          1.     That Lead Plaintiff and the purported Plaintiff Class take nothing from the JDSU

8   Defendants by their Second Amended Complaint;

9          2.     For costs and court hearing fees;

10         3.     For attorneys' fees;

11         4.     For judgment in favor of the JDSU Defendants;

12         5.     For such other and further relief as this Court deems just and proper.

13

14  Dated: February  28, 2005                 MELVIN R. GOLDMAN
                                              JORDAN ETH
15                                            TERRI GARLAND
                                              ALISON M. TUCHER
16                                            RAYMOND M. HASU
                                              MORRISON & FOERSTER LLP
17

18
                                     By:    /s/ Terri Garland
19                                          Terri Garland

20                                          Attorneys for Defendants
                                            JDS Uniphase Corporation, Jozef
21                                          Straus, Anthony Muller, and Jay Abbe

22

23

24

25

26

27

28