United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JDS UNIPHASE CORPORATION
SECURITIES LITIGATION

_____/

No. C 02-1486 CW

ORDER DENYING
LEAD PLAINTIFF'S
MOTION TO STRIKE
CERTAIN
AVERMENTS IN
DEFENDANTS'
ANSWERS AND
DENYING
DEFENDANTS'
MOTION FOR
PARTIAL JUDGMENT
ON THE PLEADINGS

Lead Plaintiff Connecticut Retirement Plans and Trust Funds moves to strike certain averments in the answers, filed by Defendant Kevin Kalkhoven and by Defendants JDS Uniphase Corporation (JDS), Josef Straus, Anthony R. Muller and Charles Abbe (JDS Defendants), to the second amended consolidated complaint (SACC). Kalkhoven and the JDS Defendants separately oppose the motions. The JDS Defendants also move for partial judgment on the pleadings. Kalkhoven joins the motion, and Lead Plaintiff opposes it. The matters were heard on July 15, 2005. Having considered the parties' papers, the evidence cited therein and oral argument on the motions, the Court DENIES Lead Plaintiff's motion to strike certain averments in Defendants' answers and DENIES Defendants' motion for partial judgment on

the pleadings.

## BACKGROUND

The following facts are alleged in the SACC. JDS manufactures and supplies components of fiber-optic networks to telecommunications and cable television system providers. Straus, Muller, Abbe and Kalkhoven are current and former executive officers and directors of JDS. Kalkhoven's retirement was announced in a press release on May 18, 2000, although he continued to be employed full-time by JDS until July 31, 2000, and part-time until July 31, 2001.

Lead Plaintiff purports to represent a class of persons and entities that purchased or otherwise acquired securities of JDS between October 28, 1999 and July 26, 2001. Lead Plaintiff alleges that, during the class period, Defendants engaged in a scheme to inflate artificially the price of JDS stock by fraudulently recognizing revenue, falsely representing that demand for JDS products was strong, and overstating the value of its inventory by failing to write off excess inventory. Lead Plaintiff further alleges that Defendants benefitted from this scheme by selling stock at inflated prices and by using the value of JDS stock to purchase other companies for less than their worth.

Lead Plaintiff filed the complaint that initiated this lawsuit on March 27, 2002. On October 11, 2002, Lead Plaintiff filed the first amended consolidated complaint (FACC), which alleged causes of action under the Securities Act of 1933 (Securities Act) and the Securities Exchange Act of 1934

2

(Exchange Act). Defendants moved to dismiss the FACC and, on November 3, 2003, the Court issued an order denying Defendants' motion to dismiss the Securities Act claims and granting the motion to dismiss the Exchange Act claims. The Court granted Lead Plaintiff leave to amend these claims.

On January 9, 2004, Lead Plaintiff filed the SACC. The SACC alleges that JDS, Straus, Muller and Kalkhoven violated section 11 of the Securities Act; JDS violated section 12(a)(2) of the Securities Act; Straus, Kalkhoven and Muller violated section 15 of the Securities Act; JDS, Kalkhoven, Muller, Abbe and Straus violated section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; Kalkhoven, Muller and Straus violated section 14 of the Exchange Act and Rule 14a-9 promulgated thereunder; Kalkhoven, Muller, Straus and Abbe violated section 20(a) of the Exchange Act; and Kalkhoven, Muller, Straus and Abbe violated section 20A of the Exchange Act.

On March 9, 2004, Defendants moved to dismiss the SACC. On January 6, 2005, the Court granted the motion to dismiss one of the Securities Act claims against Kalkhoven, and denied the motion to dismiss the remaining claims. On February 28, 2005, Kalkhoven and the JDS Defendants separately answered the SACC. On April 21, 2005, Lead Plaintiff moved to strike certain averments in the JDS Defendants' answer. On May 20, 2005, Lead Plaintiff moved to strike certain averments in Kalkhoven's answer. On June 10, 2005, the JDS Defendants moved for partial judgment on the pleadings.

LEGAL STANDARD

I.  Motion to Strike

Federal Rule of Civil Procedure 12(f) states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Striking a party's pleading is an "extreme measure," and Rule 12(f) motions are viewed with disfavor and are infrequently granted.  Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); see also Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

II.  Motion for Partial Judgment on the Pleadings

A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading.  Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  The court may consider, in addition to the face of the pleadings, exhibits attached to the pleadings, Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed.  Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

In testing the sufficiency of a pleading, the well-plead

4

allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false. <u>Hal Roach Studios</u>, 896 F.2d at 1550. However, the court need not accept conclusory allegations. <u>W. Mining Counsel v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). The court must view the facts presented in the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor, <u>Gen. Conference Corp. of Seventh Day Adventists v. Seventh-Day Adventist Congregational Church</u>, 887 F.2d 228, 230 (9th Cir. 1989), but need not accept or make unreasonable inferences or unwarranted deductions of fact. <u>McKinney v. De Bord</u>, 507 F.2d 501, 504 (9th Cir. 1974).

                              DISCUSSION

I.   Motions to Strike

     A.   Timeliness

     Lead Plaintiff's motions to strike are not timely.  Under Federal Rule of Civil Procedure 12(f), a party must file a motion to strike within twenty days after service of the pleading.  Here, Kalkhoven and the JDS Defendants each answered the SACC on February 28, 2005.  However, Lead Plaintiff did not file its motions to strike certain averments in the JDS Defendants' answer and Kalkhoven's answer until April 21, 2005 and May 20, 2005, respectively.

     B.   Kalkhoven's Answer

     Lead Plaintiff seeks to strike averments in Kalkhoven's answer in which Kalkhoven denies knowledge and information with

1 respect to certain events that occurred after his retirement
2 announcement on May 18, 2000.  Lead Plaintiff argues that
3 information relating to these events is within Kalkhoven's
4 knowledge, and that the SACC's corresponding allegations should
5 therefore be deemed admitted by Kalkhoven under Federal Rule of
6 Civil Procedure 8(d).

7     Lead Plaintiff's argument is not well-taken.  Whether or
8 not Kalkhoven had or should have had knowledge of company-
9 related activities after his retirement announcement is a
10 question of fact; factual determinations are not appropriate in
11 a Rule 12(f) motion to strike.

12     Lead Plaintiff also seeks to strike (1) averments in which
13 Kalkhoven denies the SACC's characterization of language in
14 certain documents and emails, and (2) averments in which
15 Kalkhoven does not respond to allegations made against the JDS
16 Defendants.

17     Again, Lead Plaintiff's arguments are not well-taken.  Lead
18 Plaintiff cites no authority from this circuit holding that
19 denials of a complaint's characterizations or representations of
20 documents are improper, nor does it cite Ninth Circuit authority
21 holding that a party must respond to allegations made against
22 other parties.  Kalkhoven's answer gives Lead Plaintiff fair
23 notice of his positions relating to each averment in the SACC,
24 and that is all that is required at the pleading state of
25 litigation.  Conley v. Gibson, 355 U.S. 41, 47-48 (1957).
26     For the foregoing reasons, and because the motion was not
27 timely filed, Lead Plaintiff's motion to strike certain
28

6

averments in Kalkhoven's answer must be denied.

C. JDS Defendants' Answer

Lead Plaintiff also moves to strike several responses in the JDS Defendants' answer. These responses state that the JDS Defendants lack knowledge or information to form a belief as to the veracity of the allegations that various confidential witnesses reported certain activities occurring at JDS facilities around the country. Lead Plaintiff argues that these denials are improper because the JDS Defendants must have known about the alleged activities. Lead Plaintiff requests that the corresponding allegations be deemed admitted by the JDS Defendants pursuant to Federal Rule of Civil Procedure 8(d).

Again, Lead Plaintiff's motion seeks factual determinations that are not appropriate in a Rule 12(f) motion. As the JDS Defendants note, Lead Plaintiff's contention that they must have known about the information giving rise to the allegations cited by Lead Plaintiff requires determinations, without the benefit of discovery, that (1) the allegations are true, and (2) the JDS Defendants had access to the information that forms the basis of the allegations, which is a central dispute in this litigation. Such factual determinations are premature at this point in the litigation.

For the foregoing reasons, and because the motion was not timely filed, Lead Plaintiff's motion to strike certain averments in the JDS Defendants' answer must be denied.

II. Motion for Partial Judgment on the Pleadings

Defendants move for judgment on the pleadings on each cause

7

1 of action that Lead Plaintiff asserts under the Exchange Act.
2 Defendants argue that the Supreme Court's ruling in <u>Dura</u>
3 <u>Pharms., Inc. v. Broudo</u>, __ U.S. __, 125 S. Ct. 1627 (2005),
4 renders Lead Plaintiff's Exchange Act claims deficient as a
5 matter of law because <u>Dura</u> rejected the SACC's theories of
6 economic loss and loss causation.

7     In <u>Dura</u>, the plaintiffs brought a securities fraud action
8 against the defendant, alleging that certain officers and
9 directors had made misleading public statements about, <u>inter</u>
10 <u>alia</u>, the company's drug profits.  125 S. Ct. at 1629-30.  The
11 plaintiffs alleged economic loss based solely upon paying
12 artificially inflated prices for Dura securities.  <u>Id.</u> at 1630.
13 After the district court dismissed the complaint, the Ninth
14 Circuit reversed, ruling that the plaintiffs could allege
15 economic loss simply by alleging that they had paid artificially
16 inflated stock prices.  <u>Id.</u>  The Supreme Court reversed, ruling
17 that "an artificially inflated purchase price <u>might</u> mean a later
18 loss.  But that is far from inevitably so."  <u>Id.</u> at 1632.  The
19 Court held that the plaintiffs, in alleging only that the stock
20 prices were inflated on the day that they were purchased, had
21 failed adequately to allege a theory of economic loss and loss
22 causation.

23     Defendants contend that the SACC's Exchange Act claims rely
24 upon the same theory of economic loss and loss causation as did
25 the <u>Dura</u> plaintiffs.  That is not the case.  In <u>Dura</u>, the
26 plaintiffs alleged economic loss based solely upon paying
27 inflated securities prices.  The SACC alleges that Defendants
28

8

misrepresented the value of JDS's inventory, the value of its goodwill, and the demand for its products, and that, on each occasion in which JDS subsequently disclosed publicly the actual financial situation as it related to these three indicators among others, the company's stock price fell the following day as a direct result of each disclosure.  Thus, the SACC alleges economic loss as a result of falling stock prices due to public disclosures of economic indicators that had previously been artificially inflated.

In support of its position, Lead Plaintiff cites <u>In re Daou Sys., Inc.</u>, __ F.3d __, 2005 WL 1431833 (9th Cir. June 21, 2005), decided after <u>Dura</u>, in which the Ninth Circuit ruled as follows:

> Plaintiffs' economic loss was not that they purchased stock at inflated prices; rather, their economic loss was the decline in their stock value that was the direct result of Daou's misrepresentations.  <u>See</u> <u>Dura Pharms.</u>, 125 S. Ct. at 1631-32.  Here, the TAC's assertions of a steep drop in Daou's stock price following the revelation of Daou's true financial situation are sufficient to enable the complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Thus, Lead Plaintiff adequately alleges that it suffered economic loss as a result of Defendants' misrepresentations and subsequent disclosures of JDS's true financial health.

For the foregoing reasons, Defendants' motion for partial judgment on the pleadings on Lead Plaintiff's Exchange Act claims must be denied.

## CONCLUSION

Thus, the Court DENIES Lead Plaintiff's motion to strike certain averments in the answer filed by the JDS Defendants

9

(Docket No. 248), DENIES Lead Plaintiff's motion to strike certain averments in the answer filed by Kalkhoven (Docket No. 254), and DENIES Defendants' motion for partial judgment on the pleadings (Docket No. 272).

    IT IS SO ORDERED.

Dated: 7/21/05                                      /s/ CLAUDIA WILKEN
                                                   CLAUDIA WILKEN
                                                   United States District Judge

United States District Court
For the Northern District of California