IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION

This document relates to ALL ACTIONS

No. C-02-1486 CW (EDL)

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL**

Pursuant to parties' stipulation and this Court's Order, on August 2, 2005, the parties submitted simultaneous letter briefs regarding Defendants' Motion to Compel Lead Plaintiff to produce its fee agreement with counsel. The Court held a hearing on this matter on August 16, 2005.

Defendants argue that the fee agreement should be produced because it is relevant to class certification under Federal Rule of Civil Procedure 23. See, e.g., In re Cavanaugh, 306 F.3d 726, 732 (9th Cir. 1992) (recognizing that a lead plaintiff's fee arrangement "may be relevant in ensuring that the plaintiff is not receiving preferential treatment through some back-door financial arrangement with counsel, or proposing to employ a lawyer with a conflict of interest"). In general, fees agreements are not confidential. However, Lead Plaintiff opposes production of the agreement at this stage on the grounds that it is not relevant and that absent redaction of portions that could reveal information about its evaluation of the case, Defendants may gain an advantage in negotiating settlement or formulating litigation strategy if it is produced. See, e.g., Sanderson v. Winner, 507 F.2d 477, 478, 480 (10th Cir. 1974) cert denied, 421 U.S. 914 (1975) (holding that the fee arrangement between plaintiffs and attorney was irrelevant to determining whether plaintiffs were adequate class representatives).

At the hearing, Defendants argued that the fee agreement is relevant to determine whether there is a conflict of interest that could affect Lead Plaintiff's adequacy and typicality as a proposed

1  class representative. For example, Defendants hypothesized that the agreement could provide for a
2  bonus to be paid to counsel if certain individual Defendants personally contribute to any recovery,
3  thereby reducing the overall class recovery. This showing of relevance at this point in the litigation
4  is tenuous. See 15 U.S.C. § 78u-4(a)(3)(B)(iv). However, Lead Plaintiff agreed at the hearing to
5  produce the document for *in camera* review with proposed redactions which address its concerns.
6     The Court received the redacted fee agreement on August 19, 2005. The Court has
7  determined that the redactions are proper. Accordingly, Defendants' Motion to Compel production
8  of the fee agreement is granted in part. No later than August 31, 2005, Lead Plaintiff shall produce
9  the fee agreement with the redactions to Defendants.
10 IT IS SO ORDERED.
11 Dated: August 23, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California

2