[Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION | **No. C-02-1486 CW (EDL)** |
| This Document Relates To: | **ORDER REGARDING CONFIDENTIALITY** |
| ALL ACTIONS | |

1   Disclosure and discovery activity in this action are likely to involve production of

2   confidential, proprietary, or private information for which special protection from public

3   disclosure and from use for any purpose other than prosecuting this litigation would be

4   warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

5   following Order.

6   1.   DEFINITIONS

7   1.1   Disclosure or Discovery Material:  all items or information, regardless

8   of the medium or manner generated, stored, or maintained (including, among other things,

9   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

10   responses to discovery in this matter.

11   1.2   "Confidential" Information or Items:  Disclosure or Discovery Material

12   that is non-public and that a party in good faith believes must be held confidential to protect

13   personal privacy interests or proprietary commercial or business information, including trade

14   secrets.

15   1.3   "Highly Confidential" Information or Items:  "Confidential"

16   Information or Items, the disclosure of which the Producing Party in good faith believes would

17   create a substantial risk of serious injury that could not be avoided by less restrictive means.

18   1.4   Receiving Party:  a party that receives Disclosure or Discovery Material

19   from a Producing Party.

20   1.5   Producing Party:  a party or non-party that produces Disclosure or

21   Discovery Material in this action.

22   1.6   Designating Party:  a party or non-party that designates information or

23   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

24   Confidential."

25   1.7   Protected Material:  any Disclosure or Discovery Material that is

26   designated as "Confidential" or as "Highly Confidential."

27

28

1           1.8     Outside Counsel:  attorneys who are not employees of a party but who

2    are retained to represent or advise a party in this action.

3           1.9     In-house Counsel:  attorneys who are employees of a party.

4           1.10    Counsel (without qualifier):  Outside Counsel and In-house Counsel (as

5    well as their support staffs).

6           1.11    Expert:  a person with specialized knowledge or experience in a matter

7    pertinent to the litigation who has been retained by a party or its counsel to serve as an expert

8    witness or as a consultant in this action.  No representative plaintiff or its Counsel may retain

9    an expert witness or consultant who is (a) a past or current employee or consultant of JDS

10   Uniphase or of one of its predecessors, (b) a past or current employee or consultant of a

11   competitor of JDS Uniphase or of one of its predecessors, or (c) at the time of retention,

12   anticipated to become an employee or consultant of JDS Uniphase or of a competitor of JDS

13   Uniphase.  This definition includes a professional jury or trial consultant retained in

14   connection with this litigation.

15          1.12    Professional Vendors: persons or entities that provide litigation support

16   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

17   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

18   subcontractors.

19       2.     SCOPE

20          The protections conferred by this Stipulation and Order cover not only

21   Protected Material (as defined above), but also any information copied or extracted therefrom,

22   as well as all copies, excerpts, summaries, or compilations thereof (whether in written,

23   computer or other form), plus testimony, conversations, or presentations by parties or counsel

24   to or in court or in other settings that might reveal Protected Material.

25

26

27

28

3.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until each Designating Party agrees otherwise in writing or a court order otherwise directs.

4.     DESIGNATING PROTECTED MATERIAL

4.1     Marking of Protected Material (Other Than Deposition Transcripts): Any party to this litigation, or non-party who produces Disclosure or Discovery Material, shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In order to speed the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" throughout, with the understanding that portions of those documents not containing Protected Material can be de-designated through the meet-and-confer process of Paragraph 5.2.  Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of its status as Protected Material.  Where a computer disk has been marked as Protected Material and the files on it are not individually bates-numbered or identified as Protected Material, all files contained on the disk shall be considered Protected Material.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a party's or a non-party's attention that Disclosure or Discovery Material designated as Protected Material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

[PROPOSED] ORDER REGARDING CONFIDENTIALITY                                   3
Master File No. C-02-1486 CW (EDL)
sf-1998131

4.2     Depositions: Deposition testimony may be classified as Protected Material at the deposition, or at any time during a review period of up to and including 30 days after receipt of the official transcript of such testimony by counsel for the party whose information has been disclosed, or in the case of non-parties or others whose information has been disclosed, up to and including 30 days after the transcript is available for review, whichever period is longer.  Each deposition transcript in its entirety shall be treated as having been designated "HIGHLY CONFIDENTIAL" during the review period.  Designations of Protected Material made during the deposition will be reasonably identified at the beginning of the deposition transcript when produced.  Designations of Protected Material made during the review period will be made in writing served on all parties.  It will be the responsibility of counsel of record to take reasonable steps to make sure that Protected Material in deposition transcripts is used only as expressly permitted in this Order.  Party representative(s) attending any deposition will be temporarily excused from the deposition room at times when testimony then being designated by another party as "HIGHLY CONFIDENTIAL" is being given. Expert witnesses who have been approved in accordance with the provisions of paragraph 6.4 may attend depositions in their entirety.

4.3     Contractual Obligations to Non-Parties:  During the course of this action, a party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a non-party.  The party subject to the contractual or other obligation of confidentiality shall timely contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the confidential information under the terms of this Order.  If that person is willing, the information shall be produced in accordance with this Order.  If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the terms of this Order, the party seeking the information in this litigation shall be notified, and any documents withheld on the basis of a contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation

1    of confidentiality is owed.  This Order shall not preclude any party from moving the Court for
2    an order compelling production of such material.

3                  4.4    Re-Designation:  Inadvertent production of any Protected Material
4    without a designation of confidentiality will not, standing alone, be deemed to waive a later
5    claim as to its proper designation, nor will it prevent the Producing Party from designating said
6    document or material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a later date.
7    The Producing Party shall comply with Paragraph 4.1 when redesignating Disclosure or
8    Discovery Material as Protected Material.  Following any redesignation of Disclosure or
9    Discovery Material as Protected Material (or redesignation of "CONFIDENTIAL" material as
10   "HIGHLY CONFIDENTIAL"), the party receiving such Protected Material shall take
11   reasonable steps to comply with the redesignation including, without limitation, retrieving all
12   copies and excerpts of any redesignated Protected Material from persons not entitled to receive
13   it.  However, the Receiving Party shall not be obligated to remove from the public record any
14   Disclosure or Discovery Material that had been filed with the Court as part of the public record
15   prior to the Producing Party's redesignation of that Disclosure or Discovery Material as
16   Protected Material.  The Producing Party may move to have any such document sealed.

17          5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

18                 5.1    Timing of Challenges:  A party does not waive its right to challenge a
19   confidentiality designation merely by electing not to mount a challenge promptly after the
20   original designation is disclosed.

21                 5.2    Meet and Confer:  A party that elects to initiate a challenge to a
22   Designating Party's confidentiality designation must do so in good faith and must begin the
23   process by conferring directly (in voice-to-voice dialogue) with counsel for the Designating
24   Party.  In conferring, the challenging party must explain the basis for its belief that the
25   confidentiality designation was not proper and must give the Designating Party an opportunity
26   to review the Protected Material, to reconsider the circumstances, and, if no change in
27   designation is offered, to explain the basis for the chosen designation.  A challenging party

28

1    may proceed to the next stage of the challenge process only if it has engaged in this meet-and-
2    confer process first.

3          5.3    Judicial Intervention:  A party that elects to press a challenge to a
4    confidentiality designation after considering the justification offered by the Designating Party
5    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local
6    Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis
7    for the challenge.  Each motion must be accompanied by a competent declaration that affirms
8    that the movant has complied with the meet-and-confer requirements imposed in the preceding
9    paragraph and that sets forth with specificity the justification for the confidentiality
10   designation that was given by the Designating Party in the meet-and-confer dialogue.

11         The burden of persuasion in any such challenge proceeding shall be on the
12   Designating Party.  Information classified as Protected Material shall retain its Protected
13   Material status as well as its category of designation until such time as this Court enters an
14   order reclassifying such material or stripping it of its Protected Material status; the time to seek
15   review of the Court's order has expired, no appeal having been taken; or in the event review is
16   sought, the reviewing court has completed its review and rendered a decision on the matter.

17         6.    ACCESS TO AND USE OF PROTECTED MATERIAL

18         6.1    Basic Principles:  A Receiving Party may use Protected Material that is
19   disclosed or produced by another party or by a non-party in connection with this case only for
20   prosecuting, defending, or attempting to settle this litigation.  It may not use Protected Material
21   for any other purpose, including, without limitation, any other litigation or any business,
22   competitive, or governmental purpose or function.  Protected Material may be disclosed only
23   to the categories of persons and under the conditions described in this Order.  When the
24   litigation has been terminated, a Receiving Party must comply with the provisions of Section 7
25   below, (FINAL DISPOSITION).

26

27

28

1      Protected material must be stored and maintained by a Receiving Party at a

2  location and in a secure manner that ensures that access is limited to the persons authorized

3  under this Order.

4      6.2    Disclosure of "CONFIDENTIAL" Information or Items:  Unless

5  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

6  Party may disclose any information or item designated CONFIDENTIAL only to:

7      (a)    the Receiving Party's Outside Counsel of record in this action,

8  as well as employees of said Counsel to whom it is reasonably necessary to disclose the

9  information for this litigation and who have signed the "Agreement to Be Bound by Order"

10  that is attached hereto as Exhibit A;

11      (b)    the former and current officers, directors, and employees

12  (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably

13  necessary for this litigation and who have signed the "Agreement to Be Bound by Order"

14  (Exhibit A);

15      (c)    Experts (as defined by this Order) of the Receiving Party to

16  whom disclosure is reasonably necessary for this litigation and who have signed the

17  "Agreement to Be Bound by Order" (Exhibit A);

18      (d)    the Court and its personnel;

19      (e)    court reporters, their staffs, and professional vendors to whom

20  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

21  Be Bound by Order" (Exhibit A);

22      (f)    during their depositions, witnesses in the action to whom

23  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

24  Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that

25  reveal Protected Material must be separately bound by the court reporter and may not be

26  disclosed to anyone except as permitted under this Stipulated Order.

27

28

1    (g)    the author of the document or the original source of the

2    information.

3    6.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items:

4    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

5    Receiving Party may disclose any information or item designated "HIGHLY

6    CONFIDENTIAL" only to:

7    (a)    the Receiving Party's Outside Counsel of record in this action,

8    as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose

9    the information for this litigation and who have signed the "Agreement to Be Bound by Order"

10    that is attached hereto as Exhibit A;

11    (b)    Experts (as defined in this Order) (1) to whom disclosure is

12    reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

13    Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4, below, have

14    been followed;

15    (c)    the Court and its personnel;

16    (d)    court reporters, their staffs, and professional vendors to whom

17    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

18    Be Bound by Order" (Exhibit A); and

19    (e)    the author of the document or the original source of the

20    information.

21    6.4    Procedure for Disclosure of "HIGHLY CONFIDENTIAL" Information

22    or Items to "Experts":  Unless otherwise ordered by the Court or agreed in writing by the

23    Designating Party, a party that seeks to disclose to an "Expert" (as defined in this Order) any

24    information or item that has been designated "HIGHLY CONFIDENTIAL" first must (1)

25    identify in writing to the Designating Party the specific HIGHLY CONFIDENTIAL

26    information that the Receiving Party seeks to disclose to the Expert; (2) receive a written

27    representation from its Expert that the Expert is not currently affiliated, and has never been

28

affiliated, with any competitor of Defendant JDS Uniphase; and (3) inform the Designating

Party that the Expert has provided the written representation to counsel for the Receiving

Party.

6.5     Protected Material Subpoenaed or Ordered Produced in Other

Litigation:

If a Receiving Party is served with a subpoena or an order issued in other litigation that would

compel disclosure of any information or items designated in this action as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in

writing (by fax, if possible) immediately and in no event more than three court days after

receiving the subpoena or order.  Such notification must include a copy of the subpoena or

court order.

The Receiving Party also must immediately inform in writing the party who

caused the subpoena or order to issue in the other litigation that some or all the material

covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party

must deliver a copy of this Stipulated Order promptly to the party in the other action that

caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the

existence of this Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued.  The

Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its CONFIDENTIAL MATERIAL, and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

another court.

6.6     Unauthorized Disclosure of Protected Material:  If a Receiving Party

learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or

in any circumstance not authorized under this Stipulated Order, the Receiving Party must

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

1 its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons

2 to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

3 such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

4 attached hereto as Exhibit A.

5     6.7 <u>Using Protected Material in Court</u>:  Without written permission from the

6 Designating Party or a court order secured after appropriate notice to all interested persons, a

7 party may not file in the public record in this action any Protected Material.  A party that seeks

8 to file under seal any Protected Material must comply with Civil Local Rule 79-5.

9     In the event that Protected Material is to be offered into evidence in any public

10 hearing or proceeding, including trial, the offering party shall so notify the Court and the Court

11 shall then consider what steps, if any, should be taken to protect the information.

12     6.8 <u>Own Use</u>:  Nothing contained herein shall prevent any Designating

13 Party from disclosing its own Protected Material to any person as it deems appropriate.

14    7. <u>FINAL DISPOSITION</u>

15     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

16 days after the final termination of this action, each Receiving Party must return all Protected

17 Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes

18 all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

19 any of the Protected Material.  With permission in writing from the Designating Party, the

20 Receiving Party may destroy some or all of the Protected Material instead of returning it.

21 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

22 written certification to the Producing Party (and, if not the same person or entity, to the

23 Designating Party) by the sixty-day deadline that identifies (by category, where appropriate)

24 all the Protected Material that was returned or destroyed and that affirms that the Receiving

25 Party has not retained any copies, abstracts, compilations, summaries, or other forms of

26 reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

27 Counsel are entitled to retain one archival copy of all pleadings, motion papers, transcripts,

28

1   legal memoranda, correspondence, or attorney work product, even if such materials contain

2   Protected Material.  Any such archival copies that contain or constitute Protected Material

3   remain subject to this Order as set forth in Section 3 (DURATION), above.

4          8.      RIGHT TO FURTHER RELIEF

5          Nothing in this Order abridges the right of any person to seek its modification by the

6   Court in the future.

7          9.      RIGHT TO ASSERT OTHER OBJECTIONS

8          By stipulating to the entry of this Order, no party waives any right it otherwise would

9   have to object to disclosing or producing any information or item on any ground not addressed

10   in this Order.  Similarly, no party waives any right to object on any ground to use in evidence

11   of any of the material covered by this Order.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: September 19, 2005

3                                      MELVIN R. GOLDMAN
                                       JORDAN ETH
4                                      TERRI GARLAND
                                       PHILIP T. BESIROF
5                                      MORRISON & FOERSTER LLP
                                       425 Market Street
6                                      San Francisco, CA  94105-2482
                                       Telephone: (415) 268-7000
7                                      Facsimile: (415) 268-7522

8

9                               By:    _____/s/ Terri Garland_____
                                             Terri Garland
10                                     Attorneys for Defendants
                                       JDS Uniphase Corporation,
11                                     Charles J. Abbe, Jozef Straus, and Anthony
                                       Muller
12

13   Dated: September 19, 2005

14                                     MICHAEL J. SHEPARD
                                       HOWARD S. CARO
15                                     HELLER EHRMAN LLP
                                       333 Bush Street
16                                     San Francisco, CA  94104-2878
                                       Telephone: (415) 772-6000
17                                     Facsimile: (415) 772-6268

18
                                       MICHAEL L. CHARLSON
19                                     J. CHRISTOPHER MITCHELL
                                       HELLER EHRMAN LLP
20                                     275 Middlefield Road
                                       Menlo Park, CA  94025-3506
21                                     Telephone: (650) 324-7000
                                       Facsimile: (650) 324-0638
22

23

24                              By:    _____/s/ Howard S. Caro_____
                                             Howard S. Caro
25                                     Attorneys for Defendant
                                       Kevin Kalkhoven
26

27

28
     [PROPOSED] ORDER REGARDING CONFIDENTIALITY                              12
     Master File No. C-02-1486 CW (EDL)
     sf-1998131

1

2   Dated: September 16, 2005

3                                              JOSEPH T. TABACCO, JR.
                                               CHRISTOPHER T. HEFFELFINGER
4                                              MICHAEL W. STOCKER
                                               BERMAN DeVALERIO PEASE
5                                                 TABACCO BURT & PUCILLO
                                               425 California Street
6                                              San Francisco, CA  94104-2205
                                               Telephone: (415) 433-3200
7                                              Facsimile: (415) 433-6382

8
                                               BARBARA J. HART
9                                              JONATHAN M. PLASSE
                                               ANTHONY J. HARWOOD
10                                             LISA BUCKSER-SCHULZ
                                               JON ADAMS
11                                             GOODKIND LABATON RUDOFF
                                                  & SUCHAROW LLP
12                                             100 Park Avenue
                                               New York, NY  10017-5563
13                                             Telephone: (212) 907-0700
                                               Facsimile: (212) 818-0477
14

15

16                                             By:  _____/s/ Anthony J. Harwood_____
                                                       Anthony J. Harwood
17                                                  Counsel for Lead Plaintiff
                                                   Connecticut Retirement Plans
18                                                 and Trust Funds

19

20          PURSUANT TO STIPULATION, IT IS SO ORDERED.

21   Dated: 9/21/05                            /s/ CLAUDIA WILKEN

22
                                               _____
23                                               HONORABLE CLAUDIA WILKEN
                                                 United States District Judge
24

25

26

27

28
     [PROPOSED] ORDER REGARDING CONFIDENTIALITY                              13
     Master File No. C-02-1486 CW (EDL)
     sf-1998131

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Regarding Confidentiality that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re JDS Uniphase Corporation Securities Litigation*, No. C-02-1486 CW.  I agree to comply with and to be bound by all the terms of this Order Regarding Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order Regarding Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order Regarding Confidentiality, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order Regarding Confidentiality.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
No. C-02-1486 CW
sf-1998131

14