IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS / | No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL** |

Defendants JDS Uniphase Corporation, Charles Abbe, Jozef Straus and Anthony Muller (collectively "JDSU") move to compel further responses to the first set for requests for production of documents that was served on Lead Plaintiff Connecticut Retirement Plans and Trust Funds ("Plaintiff") on April 8, 2005. Specifically, JDSU seeks production of: (1) documents relating to political contributions by counsel to the elected official in charge of the fund serving as Lead Plaintiff in this case; (2) statements made by non-party confidential witnesses; (3) Lead Plaintiff's communications with its outside investment advisors; and (4) documents relating to Lead Plaintiff's publicly-announced policy of "active participation in class action litigation."

On September 20, 2005, the Court held a hearing on JDSU's motion and now issues the following Order:

**1.    Political contributions (request number 22)**

Lead Plaintiff stated in a letter to JDSU that the law firm of Goodkind Labaton Rudoff & Sucharow had made no contributions to State Treasurer Nappier or to the Attorney General. See Buckser-Schultz Decl. Ex. D. At the hearing, Lead Plaintiff represented that neither Goodkind Labaton nor its attorneys made any contributions to these officials. Lead Plaintiff also stated that no contributions were made by local counsel, Berman DeValario Pease Tabacco Burt & Pucillo. Therefore, Lead Plaintiff stated that no responsive documents exist. Accordingly, JDSU's motion to compel further response to request number 22 regarding direct political contributions is denied. To the extent that JDSU sought documents regarding

indirect or in-kind contributions, such as to political action committees, these requests are vague and overbroad.

**2.      Confidential witnesses (request number 43)**

JDSU seeks verbatim statements made by confidential witnesses, some or all of whom were quoted briefly in the amended complaint. Lead Plaintiff identified the confidential witnesses in its initial disclosures, but states that there were no verbatim witness statements. Rather, the witnesses are partially quoted in memoranda prepared by attorneys or by private investigators working for the attorneys, which Lead Plaintiff argues are protected by the work product doctrine. See Upjohn Co. v. United States, 449 U.S. 383, 400 (1981) (attorney memoranda based on witness oral statements are protected by the work product doctrine). Counsel for Lead Plaintiff stated at the hearing that each memoranda containing statements by confidential witnesses was only two to three pages long with very few quoted phrases or sentences. He stated that there were no tape recordings of the witnesses' statements. Nor were there any signed statements. Accordingly, JDSU's motion to compel production of the attorney and private investigator memoranda is denied because the documents are protected by the work product doctrine and JDSU has not made the heightened showing of substantial need to overcome that protection required by Upjohn and its progeny.

At the hearing, JDSU sought discovery of e-mail messages between counsel and confidential witnesses that Lead Plaintiff had recently discovered. Lead Plaintiff stated that the messages consisted of e-mails from counsel to the witness as well as e-mails containing the witness' response to counsel. Lead Plaintiff contends that these e-mails are protected by the work product doctrine. Only the e-mail messages from counsel to the witness are protected by the work product doctrine and JDSU has not demonstrated substantial need for those documents. See Fed. R. Civ. P. 26(b)(3). E-mail messages from the witness to counsel, however, must be produced because they are verbatim statements by the witness that reflect the witnesses', not counsel's, mental impressions.

**3.      Outside investment advisors**

This category of documents is no longer at issue because Lead Plaintiff has produced all responsive documents. Therefore, JDSU's motion to compel those communications is denied as moot.

**4.       Documents regarding litigation policy (request numbers 40 and 41)**

2


These document requests are overbroad and vague, and their limited relevance is outweighed by the burdensomeness of searching for them. This is the type of information JDSU can better seek through deposition, rather than through a document request. If a deposition reveals a more specific, narrow document or set of documents that are relevant, JDSU can request them. Accordingly, JDSU's motion to compel further response to these requests is denied.

**5.    Privilege log**

Lead Plaintiff shall create forthwith a privilege log as required by Federal Rule of Civil Procedure 26(b)(5) and paragraph five of this Court's Standing Order. The parties shall meet and confer regarding the scope of the privilege log in light of the guidance given by the Court at the hearing.

IT IS SO ORDERED.

Dated: September 23, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3