IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION

No. C-02-1486 CW (EDL)

**ORDER**

This document relates to ALL ACTIONS

/

As provided in this Court's September 7, 2005 Order, on October 7, 2005, Lead Plaintiff filed a letter brief seeking an order requiring Defendants to provide the backup tapes of the Pitre e-mails to Lead Plaintiff's electronic discovery vendor, and noticed a hearing for October 11, 2005. The September 7, 2005 Order, which was prepared by Lead Plaintiff and adopted as modified by the Court, contemplated the filing of a letter brief on this issue on four calendar days' notice. However, Lead Plaintiff's decision to file the brief on a Friday at 5:06 p.m. and to notice the hearing four days later on a Tuesday morning at 9:00 a.m. after a Monday federal holiday flouts the spirit of the Order and discourages the Court from agreeing to accommodate the parties in the future. Further, Lead Plaintiff's letter brief extended far beyond the scope of the September 7, 2005 Order by, *inter alia*, arguing for production in native format of e-mails previously produced as PDF or TIFF files; this issue has never before been raised and presents a complicated question of electronic discovery.

In Defendants' letter brief in opposition to Lead Plaintiff's brief requesting an order regarding production of backup tapes, Defendants acknowledge that discovery of the e-mails was not completed by the court-ordered deadline of October 4, 2005, but stated that production of e-mails will be completed no later than October 19, 2005, which is not necessarily an unreasonable deadline given the unexpectedly high volume of documents. Therefore, any decision before October 19, 2005 on the issues raised in Lead Plaintiff's letter brief would be premature. Accordingly, if Lead Plaintiff believes that issues surrounding the Pitre e-mails remain after October 19, 2005, it may file a properly noticed motion to compel, which the

Court will hear on shortened time on the following schedule: the motion to compel shall be filed no later than October 21, 2005, an opposition shall be filed no later than October 26, 2005, and a reply shall be filed no later than October 28, 2005. A hearing on the motion should be noticed for November 8, 2005 at 2:00 p.m.

Also on October 7, 2005, each party filed a letter brief, rather than a properly noticed motion pursuant to Local Rule 7-2, purporting to be a motion to compel discovery. Rather than submit a request to shorten time pursuant to Local Rule 6-3, the parties proposed a briefing schedule in those letter briefs under which the opposition briefs would be due one court day before the hearing and the reply briefs would be due on the day before the hearing. Not only is this procedure in contravention of the Local Rules, as well as this Court's standing order regarding submission of discovery disputes to the Court, but the parties have allowed insufficient time for the Court to consider these complex discovery matters. Therefore, the October 7, 2005 letters briefs purporting to notice a hearing for October 18, 2005 are stricken. The parties may re-file the motions on the same schedule described above with respect to the Pitre e-mails.

On November 8, 2005, at 2:00 p.m., the Court will also hold a discovery conference during which the Court, with the input of the parties, will set a discovery schedule. No later than October 28, 2005, the parties shall file a joint discovery plan. To the extent that the parties truly cannot agree on a discovery plan, they may file a joint statement setting forth each party's proposed alternatives and reasons therefore.

IT IS SO ORDERED.

Dated: October 12, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge