IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS / | No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART LEAD PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION TO COMPEL** |

On October 12, 2005, the Court struck two letter briefs filed on October 7, 2005 purporting to notice discovery motions for October 18, 2005, and granted the parties leave to file motions to be heard on shortened time. On October 21, 2005, Lead Plaintiff filed a motion to compel further Rule 30(b)(6) deposition testimony, inspection of computer systems and production of e-mail in native format. Defendants filed a motion to compel further Rule 30(b)(6) deposition testimony on October 26, 2005, which has been previously served on Lead Plaintiff and faxed to the Court on October 21, 2005. The Court held a hearing on both motions on November 8, 2005.

For the reasons stated at the hearing, the Court enters the following Order:

1. Lead Plaintiff's motion to compel further Rule 30(b)(6) deposition is granted in part. Defendants agreed to produce one witness to testify about preservation and production of electronic documents for three primary sites (Horsham, Bloomfield and Trenton), and one witness to testify about preservation and production of paper documents. Defendants are ordered to produce those witnesses for Rule 30(b)(6) depositions no later than December 16, 2005. As proposed by Defendants, Defendants shall produce company-wide reports regarding demand, inventory, orders/supply and financial performance no later than November 15, 2005. Lead Plaintiff may propound interrogatories regarding the company-wide reports on Defendants and, depending on

the responses, may be entitled to follow-up deposition testimony.

2. Defendants made a reasonable offer to Lead Plaintiff asking them to choose a method for production of data. The parties should have followed up with a meaningful discussion between themselves and their experts to determine which method was most suitable. Instead, Lead Plaintiff filed a premature, unjustified motion to compel inspection of Defendants' computer system. Lead Plaintiff has made no showing that would justify such an intrusive inspection. See In re Ford Motor Co., 345 F.3d 1315 (11th Cir. 2003)( "While some kind of direct access [to the defendant's computer system] might be permissible in certain cases, this case has not been shown to be one of those cases. [The plaintiff] is unentitled to this kind of discovery without - at the outset - a factual finding of some non-compliance with discovery rules by [the defendant]."); Bethea v. Comcast, Inc., 218 F.R.D. 328, 329-30 (D. D.C. 2003) ("In the context of computer systems and computer records, inspection or seizure is not permitted unless the moving party can 'demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld.'") (quoting Alexander v. FBI, 194 F.R.D. 305, 311 (D. D.C. 2000)). Instead, as discussed at the hearing, Lead Plaintiff should request that Defendants run a reasonable number of sample queries and/or provide sample data in the different proposed formats in order to determine how best to receive information from Defendants in response to Lead Plaintiff's discovery requests. Defendants shall make their best efforts to comply with Lead Plaintiff's requests.

3. Lead Plaintiff's motion to compel production of e-mail in native format is denied without prejudice. No later than the week of December 12, 2005, the parties shall meet and confer, with experts and counsel (including Barbara Hart and Jordan Eth or Terri Garland), regarding production of some subset of e-mail in native format, or at least some subset of the e-mail's metadata in PDF or TIFF format, keeping in mind the guidance given by the Court at the hearing.

4. Defendants' motion to compel further Rule 30(b)(6) testimony is granted in part. Defendants are entitled to further Rule 30(b)(6) testimony on topic 7; specifically, Lead Plaintiff shall provide one or more witnesses who are familiar with Lead Plaintiff's electronic documents and can testify about whether and if so, how metadata was preserved. Defendants are entitled to further Rule 30(b)(6) testimony on topic 12, and specifically testimony about Defendants' summary of securities

2

transactions, including who prepared it and where the information contained in it came from. Topic 13 regarding all of Lead Plaintiff's *other* stock holdings besides that at issue in this case is vastly overbroad; unless Defendants can show that Lead Plaintiff would have a conflict with respect to a narrow subset of stock closely analogous to the conflict in In re Cendant Corporation Litigation, 182 F.R.D. 144 (D. N.J. 1998), Defendants are not entitled to further Rule 30(b)(6) deposition on this topic. Defendants are entitled to further Rule 30(b)(6) testimony on topic 17. With respect to topic 25, if Lead Plaintiff intends to call fact witnesses regarding damages at trial, it must produce a Rule 30(b)(6) witness on this topic at this time; otherwise, it will be precluded from presenting fact witnesses on damages and limited to expert testimony. By agreement of the parties, Lead Plaintiff will provide a supplemental written response to topic 24. Lead Plaintiff shall make best efforts to make its Rule 30(b)(6) witness(es) available on November 14 or November 16, 2005. If the witness(es) are unavailable on those dates or any other date before the hearing on the class certification motion, the parties shall inform Judge Wilken that the Court has ordered this further Rule 30(b)(6) deposition and shall seek leave from Judge Wilken to supplement their class certification briefs based on relevant testimony from this deposition, if any.

IT IS SO ORDERED.

Dated: November 10, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

3