1  Joseph J. Tabacco, JR. (75484)
   Christopher T. Heffelfinger (118058)
2  BERMAN DeVALERIO PEASE
      TABACCO BURT & PUCILLO
3  425 California Street, Suite 2025
   San Francisco, California  94104-2205
4  Telephone: (415) 433-3200
   Facsimile: (415) 433-6382
5
   Liaison Counsel for Lead Plaintiff
6  Connecticut Retirement Plans and Trust Funds
   and Counsel for Oklahoma Firefighters
7  Pension and Retirement System

8  Jonathan M. Plasse
   Barbara J. Hart
9  Anthony J. Harwood
   Michael Stocker (179083)
10 Jon Adams
   LABATON SUCHAROW & RUDOFF LLP
11 100 Park Avenue
   New York, New York  10017-5563
12 Telephone:  (212) 907-0700
   Facsimile:  (212) 818-0477
13
   Lead Counsel for Lead Plaintiff
14 Connecticut Retirement Plans and Trust Funds

                  UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                        OAKLAND DIVISION
17

18 | IN RE JDS UNIPHASE CORPORATION ) | Master File No. C 02-1486 CW |
   | SECURITIES LITIGATION            ) | |
19 |                                  ) | [~~PROPOSED~~] LETTER ROGATORY TO |
   |                                  ) | THE SUPERIOR COURT OF JUSTICE OF |
20 |                                  ) | ONTARIO, CANADA |
   |                                  ) | |
21 |                                  ) | Date:   January 24, 2006 |
   |                                  ) | Time:   9:00 a.m. |
22 |                                  ) | Ctrm:   E, 15th Floor |
   |                                  ) | Before:  Hon. Elizabeth D. Laporte |
23 |                                  ) | |
   |                                  ) | |
24 |                                  ) | |
                                      )

25

26

27

28

1  TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA:

2       WHEREAS the captioned action is properly under the jurisdiction of and is now pending

3  in this Court; and

4       WHEREAS it appears necessary for the purpose of justice that Thomas Pitre, a witness

5  residing or otherwise doing business within your jurisdiction be examined there, with a view to

6  testifying, producing, authenticating and reviewing documents within his possession and control;

7       YOU ARE REQUESTED, in furtherance of justice, to cause the aforesaid witness to

8  appear by means ordinarily used in your jurisdiction to answer questions under oath or

9  affirmation and to bring to and produce at the examination the documents set forth in the

10  schedule annexed hereto.

11       When you request it, this Court is ready and willing to do the same for you in a similar

12  case.

13       This Letter Rogatory is signed and sealed by Order of the Court made on the date set

14  forth below.

15  Dated:  January 17, 2006

16

17  ELIZABETH D. LAPORTE
   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A**

**DEFINITIONS**

1.      "You" and "Your" shall mean each person to whom this document request is directed and any persons acting on their behalf or under their direction or control.

2.      "JDSU" or the "Company" means JDS Uniphase Corporation and each of its subsidiaries, divisions, subdivisions, affiliated companies or persons, predecessors, and all present and former directors, officers, employees, representatives, advisors, agents, intermediaries, attorneys, accountants and all other persons acting on its behalf.

3.      "Individual Defendants" means Jozef Straus, Kevin Kalkhoven, Anthony R. Muller, and Charles J. Abbe, both collectively and individually.

4.      "Defendants" means JDSU, and the Individual Defendants, both collectively and individually.

5.      "SEC" means the United States Securities and Exchange Commission and all employees, bureaus, divisions, regional offices, and representatives thereof.

6.      "RedBook" means internal product demand forecasts produced by JDSU.

7.      "RedBook Team" means the employees, consultants or other personnel at JDSU responsible for generating the RedBook.

8.      "Document" or "Documents" means any and all written, recorded or graphic material, whether recorded or stored in hard copy or electronically, including but not limited to: tapes or other voice recordings, e-mails, booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, agendas, minutes, memoranda, written instructions, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, calendars, phone or other logs, correspondence, telegrams, press releases, advertisements, notes, transcripts, working papers, drawings, schedules, tabulations and projections, surveys, studies, graphs, charts, films, printouts, and all other data, including drafts

of or modifications to, including subsequent reproductions containing additional commentary, notes or annotations.

9.      "Communication" means any and all transmittals of information, in the form of facts, ideas, inquiries or otherwise, whether orally, electronically or in writing; whether directly or indirectly; and whether in person or by telephone, telecopier, mail, personal delivery, electronic mail, Internet or otherwise.

10.     "And," "or" and "and/or" have both conjunctive and disjunctive meanings; "all" and "any" means each and every.

11.     "Concerning" means directly or indirectly referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, analyzing, reflecting on or considering.

12.     "Refer," "relate," "referring" and "relating to" mean any and all documents which comprise, memorialize, embody, discuss, evaluate, consider, comment on, reflect, record or report on the subject matter of the request, or which were reviewed in conjunction with, or were created, generated or maintained as a result of, the subject matter of the request.

13.     "Meeting" means the contemporaneous presence of any natural persons, in person, by telephone or by any other means, for any purpose, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

## INSTRUCTIONS

1.      In responding to this Request, You shall produce all responsive documents which are in Your possession, custody or control, or in the possession, custody or control of Your agents, employees, attorneys, accountants or other representatives.  A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2.      You are to produce for inspection and copying by Plaintiffs original documents as they are kept in the usual course of business, or You shall organize and label them to correspond with the categories in these requests.  All non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon, are to be produced.

3.      If any responsive document was, but is no longer in Your possession or subject to Your control, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

4.      You shall produce said documents as they are kept in the usual course of business or shall organize and label them in correspondence with the categories in this request.

5.      You are to produce all documents originating in, referring to, considering or concerning the Relevant Time Period.

6.      Where a claim of privilege is asserted in responding or objecting to any Requests for Documents, and information is not provided on the basis of such assertion, You shall in the response or objection identify the nature of the privilege (including work product) which is being claimed; and set forth the state privilege rule being invoked and indicate whether (a) such documents exist, or (b) such oral communications took place.  In addition, if any part of the Request for Documents is deemed to call for the production of any privileged materials and such privilege is asserted, a list is to be furnished identifying each document so withheld together with the following information:

(a)      the reason for withholding;

(b)      statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure;

1         (c)     brief description of the document, including:

2              (i)     the date of the document;

3              (ii)     the name of its author, authors, or preparers and an identification

4 by employment and title of each such person;

5              (iii)     the names of each person who was sent or had access to, or

6
7 custody of the documents, together with an identification of each such person;

8              (iv)     the paragraph to this request to which the document relates; and

9              (v)     in the case of any document relating in any way to an oral

10 communication, identification of such oral communication.

11             (vi)     If the documents requested herein have been lost or destroyed, the

12 documents so lost or destroyed shall be identified by author, date and subject matter.

13

14        7.     You are to produce each document requested herein in its entirety without

15 deletion or excision (except as qualified by the preceding instruction concerning privilege),

16 regardless of whether You consider the entire document to be relevant or responsive to the

17 request.

18        8.     Where a document is not produced in full or is produced in redacted form, so

19 indicate on the document.  State with particularity the reason it is not being produced in full, and

20 describe to the best of Your knowledge, information and belief, and with as much particularity as

21 possible, those portions of the document which are not being produced or are being redacted.

22

23        9.     You are to supplement Your responses if, subsequent to the date of this Request,

24 you locate or come into possession of documents responsive to this Request.

25        10.     You are requested to provide an appropriate affidavit attesting to the authenticity

26 of the documents produced.

27

28

**RELEVANT TIME PERIOD**

Unless otherwise specified, the relevant time period for these Document Requests shall be from October 28, 1999 through July 26, 2001, inclusive, and shall include all documents and information that relate in whole or in part to such periods, or to events or circumstances during such periods, even though dated, prepared, generated, used or received prior or subsequent to those periods.  If a different time period is indicated in a particular document request, that time period shall similarly include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**REQUEST FOR DOCUMENTS**

1.      All documents produced, authored, or otherwise created by You concerning the production of JDSU's product demand forecasts.

2.      To the extent not covered by Request Number 1, all documents produced, authored, or otherwise created by You concerning the production of JDSU's RedBook.

3.      All documents reviewed or relied upon by You or any other member of the RedBook team in preparing product demand forecasts

4.      To the extent not covered by Request Number 3, all documents reviewed or relied upon by You or any other member of the RedBook team in preparing any RedBook.

5.      All documents concerning or reflecting any communications between You and the Individual Defendants, including email or other electronic communications.

6.      All documents concerning, reflecting, or memorializing any presentations made by you or any other member of the RedBook Team to the Individual Defendants.

7.      To the extent not covered by Request Number 6, any documents provided by you or any other member of the RedBook Team to the Individual Defendants, including but not limited to documents concerning JDSU's product demand forecasts or RedBook.

8.      All documents concerning JDSU that were sent to, received from, or concerning communications with the SEC or other regulatory agency.

1   9.  All documents concerning facts, information, or projections about current and

2 expected demand for JDS products.