IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS<br>_____/ | No. C-02-01486 CW (EDL)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR APPOINTMENT OF SPECIAL MASTER** |

On January 17, 2006, Defendants filed a Motion for Appointment of Special Master for electronic discovery issues. Lead Plaintiff opposed Defendants' Motion. The Court held a hearing on March 7, 2006. For the reasons stated at the hearing and in this Order, Defendants' Motion is denied without prejudice.

Defendant's motion is premised on Rule 53(a)(1)(C):

> (a) Appointment. . . . (1) Unless a statute provides otherwise, a court may appoint a master only to: . . . or (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.

The Court also has inherent power to appoint a special master. Active Prods Corp. v. A.H. Choitz & Co., 163 F.R.D. 274, 282 (N.D. Ind. 1995) (noting that courts routinely appoint special discovery masters to make factual findings, more frequently in huge environmental and mass tort litigation). Special masters are to be used sparingly and only where the use of the Court's time is not justified. Manual for Complex Litigation Fourth, § 11.52 (Federal Judicial Center 2004) ("Reference to a special master must be the exception and not the rule.").

Electronic discovery issues can be complex, but courts routinely handle them without appointment of a special master. See, e.g., Williams v. Spring/United Management

1 Co., 230 F.R.D. 640 (D. Kan. 2005) (relying on the Sedona Principles regarding metadata
2 and holding "that when a party is ordered to produce electronic documents as they are
3 maintained in the ordinary course of business, the producing party should produce the
4 electronic documents with their metadata intact, unless that party timely objects to
5 production of metadata, the parties agree that the metadata should not be produced, or the
6 producing party requests a protective order."). Here, the Court has already devoted
7 extensive time to this case and has ruled on issues involving electronic discovery.
8 Appointment of a special master would likely cause delay at this point while he or she
9 became familiar with this case. Further, there has been no serious discovery misconduct
10 that would justify use of a special master.

11     The Court is willing to make itself available on a regular basis to assist the parties
12 through the discovery process. To that end, the Court will hold a discovery conference in
13 this case on April 18, 2006 at 2:00 p.m. The parties shall file a joint discovery conference
14 statement no later than April 11, 2006, setting forth outstanding discovery issues, followed
15 by each parties' position on the issue. If the parties have any dispute regarding technical
16 aspects of electronic discovery, the parties shall bring their technical experts to the
17 discovery conference and shall identify them and attach their curriculum vitae to the joint
18 discovery conference statement. The parties should seek an Order from the Court to bring
19 in computer or other equipment for the discovery conference. Senior counsel from each
20 side (Barbara Hart or Anthony Harwood for Lead Plaintiff and Terri Garland or Jordan Eth
21 for Defendants) shall attend the conference in person.

22 **IT IS SO ORDERED.**

23 Dated: March 8, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge