IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION SECURITIES LITIGATION | No. C 02-1486 CW<br><br>ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE |
| _____/ | |

    Lead Plaintiff Connecticut Retirement Plans and Trust Funds moves for an order approving its proposed notice of class certification.  Defendants JDS Uniphase Corporation (JDS), Jozef Straus, Anthony R. Muller and Charles Abbe (collectively, Defendants) oppose the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants the motion for approval of the proposed notice of class certification, subject to revisions as shown in the attached Notice.

    Defendants do not oppose Lead Plaintiff's plan for dissemination of the class notice.  The Court agrees that the

1  proposed plan is sufficient to meet the requirements of due process
2  and Federal Rule of Civil Procedure 23.  See, e.g., Silber v.
3  Mabon, 18 F.3d 1449, 1453-54 (9th Cir. 1994) (holding that
4  publication of notice in addition to actual notice to brokerage
5  houses meets standard of best practicable notice).

6      Defendants object to the wording of the notice itself as
7  biased and inaccurate.  Defendants submit an alternative proposed
8  notice, but their proposed alternative provides less detail and is
9  less accessible than Lead Plaintiff's.  Moreover, Defendants'
10 proposal does not address their own objections with respect to
11 issues of precision or level of detail.  For instance, Defendants
12 object that Lead Plaintiff's proposal misstates or understates
13 their defenses, but Defendants' alternative do not offer a
14 different or more detailed description of their defenses.

15     Attached to this order is a revised version of the notice
16 proposed by Lead Plaintiff, incorporating those portions of
17 Defendants' objections which the Court considers well-taken.  If
18 either party wishes to make any additional, substantive changes, it
19 may do so only by stipulation.  The parties must submit any
20 stipulated revised notice to the Court for approval.

21     The parties dispute whether Lead Plaintiff's proposed notice
22 is consistent with the Court's December 21, 2005 order certifying
23 the class.  Lead Plaintiff erroneously asserts that it has been
24 appointed to represent the OCLI, E-TEK and SDL Subclasses.  The
25 Court did not adopt Lead Plaintiff's revised proposed order on this
26 issue, but instead certified the Class and Subclasses and appointed
27 representatives in accordance with Lead Plaintiff's initial motion
28

1  for class certification: Lead Plaintiff was appointed to represent
2  the Class; Oklahoma Firefighters Pension and Retirement System to
3  represent the OCLI Subclass; Dennis McCool to represent the E-TEK
4  Subclass; and Houston Municipal Exployees Pension System to
5  represent the SDL Subclass.

6  As the attached Notice shows, minor revisions suffice in order
7  to ensure that the notice reflects a correct interpretation of the
8  December 21, 2005 Order.  Lead Plaintiff's statements such as
9  "Connecticut asserts claims on behalf of the following three
10 subclasses" are not, as Defendants suggest, inaccurate.  Except
11 where Subclass representatives are necessary, Connecticut, as Lead
12 Plaintiff, continues to assert claims on behalf of the entire
13 Class, including the members of the Subclasses.

14 For the foregoing reasons, the Court GRANTS in part Lead
15 Plaintiff's motion for approval of class notice (Docket No. 441),
16 subject to revisions as shown in the attached Notice text.  The
17 Court hereby orders:

18 (1) JDS shall instruct its stock transfer agent to provide to
19 counsel for Lead Plaintiff or its designee a list, compiled via
20 electronic media, of all persons who purchased or otherwise
21 acquired securities of JDS during the Class Period, which records
22 shall be provided by April 30, 2006.

23 (2) On or before May 20, 2006, counsel for Lead Plaintiff or
24 its designee will mail to stockholders of record so identified a
25 copy of the Notice, consistent with the text annexed hereto.

26 (3) On or before May 27, 2006, counsel for Lead Plaintiff or
27 its designee will publish in The Wall Street Journal a Summary

Notice in the form of Exhibit C to the Declaration of Anthony J. Harwood. As appropriate, the Summary Notice shall incorporate the revisions made by the Court to the Notice.

(4) Requests for exclusion from the Class, as set forth in the Notice, shall be made by submitting a written request for exclusion postmarked on or before July 20, 2006.

(5) On or before May 20, 2006, counsel for Lead Plaintiff or its designee shall establish a web site where it will post the Second Amended Consolidated Complaint (SACC), the Answers to the SACC, the Order granting class certification, the Notice and Summary Notice, instructions on how to opt out and contact information for the Notice Administrator and Lead Counsel.

IT IS SO ORDERED.

Dated: 4/6/06

CLAUDIA WILKEN
United States District Judge

4