United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS | No. C-02-1486 CW (EDL)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

On April 18, 2006, the Court held a discovery conference in this case. For the reasons stated at the hearing, the Court issues the following Order:

1. As proposed by Defendant JDS, it shall search its active electronic data for documents relating to Zbig Sobiesiak and Kumar Visvanatha, and shall produce non-privileged documents to Plaintiffs. It will do so at Defendant's expense. Defendant shall also search its active electronic data to determine whether any of the data pertains to the remaining twenty-three people listed by Plaintiffs on page 34 of the April 13, 2006 Joint Discovery Conference Statement. If that search reveals that little or none of the active data concerns those twenty-three people, the parties shall meet and confer to discuss a limited restoration of back up tapes to conduct sampling of documents relating to some of them. Possible sampling techniques could include a monthly sample and/or a sample focused on locations other than Ottawa, which Defendant states would be less expensive to restore, and/or a search regarding a smaller number of employees. The Court would consider some partial cost-shifting to Plaintiffs for restoration and perhaps for processing, but not for attorney's fees, in connection with this production.

2. Defendant JDS stated at the discovery conference that it was continuing to search tapes from the San Jose corporate office that may contain e-mail from Kevin Kalkhoven. Defendant shall complete that search and shall produce all responsive, non-privileged documents to Plaintiffs at Defendant's expense no later than May 19, 2006.

3. Defendant JDS agreed to provide Plaintiffs with the load files with metadata needed to facilitate Plaintiffs' electronic coding use on Concordance for the documents produced through LexisNexis Applied Discovery. See Joint Discovery Conference Statement at 21:6-16. Defendant shall provide the load files with metadata no later than May 12, 2006. Defendant JDS, through its representative from LexisNexis Applied Discovery, represented to the Court that it estimated that production of this metadata would cost no more than $10,000. Defendant shall update the Court regarding the precise cost no later than May 3, 2006. The Court is considering having the cost borne by Defendant. First, Plaintiffs have represented to the Court that they have been unable to search and code the documents electronically because the documents lacked load files with metadata, even though Plaintiffs are now using the standard Concordance system. Second, the current estimated cost of production of the metadata appears to be much lower than the estimate that Defendant provided to the Court in opposition to Plaintiffs' October 21, 2005 Motion to Compel production of metadata: "Due to the size of the JDSU Defendant's document production, the inclusion of metadata would increase their processing costs, at a minimum, by tens of thousands of dollars," and that "[t]he additional cost to JDSU of producing metadata associated with these documents would include . . . tens of thousands of dollars in processing costs alone (835,000 pages at $0.04 per page) . . . " Def.'s Opp'n at Pl.'s Mot. to Compel at 7:8-10; n. 16 (Oct. 26, 2005). Perhaps Defendant decided to incur the processing costs due to their own wish to review the metadata. Defendant may file a declaration addressing this difference if they wish, no later than May 4, 2006.

4. No later than April 21, 2006, representatives from the parties' electronic discovery vendors shall meet and confer to discuss the compatibility of the data that Defendant is providing to Plaintiffs.

2

5.  No later than May 12, 2006, Defendant shall provide Plaintiffs a list identifying by location where kept in the ordinary course of business and, to the extent possible, the size, date and content, of the back up tapes that have not been restored.

6.  Plaintiffs may notice no more than five additional depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendant, however, may raise specific objections to any deposition notice.

7.  Each side shall be limited to fifty-five depositions, including those already taken and depositions taken pursuant to letters rogatory, but not including expert witnesses. To the extent reasonably possible, depositions should be scheduled in geographic clusters to minimize travel costs. Further, parties shall serve notice of any deposition on the opposing parties.

8.  Defendant has over-designated documents as confidential in this case. Defendant shall reevaluate its confidentiality designations and de-designate appropriate documents in light of the Court's comments at the hearing.

9.  The next discovery conference is scheduled for May 10, 2006 at 2:15 p.m. The parties shall file an updated joint discovery conference statement no later than May 3, 2006. In addition to the issues raised in the updated statement, Defendants shall explain what is involved in "processing" data once it is restored from back-up tapes. Defendant shall also state what documents they preserved and in what form for this litigation as of March 2002 so that the Court and Plaintiffs have a better understanding of what exists currently.

IT IS SO ORDERED.

Dated: April 25, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3