IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS | No. C-02-1486 CW (EDL)<br><br>**ORDER FOLLOWING JUNE 9, 2006 DISCOVERY CONFERENCE** |

On June 9, 2006, the Court held a discovery conference in this case on two issues: (1) production in searchable format compatible with Concordance of metadata, text and load files for the departmental share drives; (2) the existence of inventories of certain back-up tapes. For the reasons stated at the hearing, the Court issues the following Order:

1. Defendant JDSU stated at the hearing that the departmental share drives have been burned to storage disks that would have to be restored in order to produce the contents of the drives, including the metadata, text and load files. The restoration would cost between $25,200 and $35,650. Janes Decl. ¶¶ 4-6. The Court finds that the metadata, text and load files for the share drives may have some relevance and so should be produced. The Court's preferred method for production of the information is for Defendants JDSU to produce the storage disks to Lead Plaintiff to restore to usable form at Lead Plaintiff's own expense, which Lead Plaintiff believes may be less than the estimate provided to Defendant. The Court indicated that it is willing to enter any appropriate order to prevent against privilege waiver. To that end, Defendants JDSU shall examine the contents of the disks for privileged documents, and shall inform the Court no later than June 20, 2006 of the results of that privilege review and

whether Defendants JDSU will give the disks to Lead Plaintiff subject to a court order protecting Defendants JDSU against any privilege waiver. Alternatively, if the disks are not handed over to Lead Plaintiff, Defendants JDSU shall restore the metadata, text and load files and produce that information to Lead Plaintiff. In that event, the cost of restoration shall be divided evenly between Lead Plaintiff and Defendants JDSU.

2. In response to the Court's May 18, 2006 Order, Defendants JDSU produced existing inventories or lists of the contents of the back up tapes. Lead Plaintiff now seeks indices or catalogs for the back up tapes, or an explanation of why those indices or lists are missing. Defendants JDSU state that they do not know where the indices or catalogs are without restoring all back up tapes, and that indices do not exist for all tapes. This information is of some relevance, but not sufficient relevance to justify much burden. Lead Plaintiff may propound an interrogatory to Defendants JDSU seeking an explanation of why some back up tapes have indices and others do not. If Lead Plaintiff can show that the response to this interrogatory is insufficient, Lead Plaintiff may be entitled to more discovery on that issue.

3. With respect to the ERP database systems, Lead Plaintiff and its expert shall provide an explanation to Defendants' counsel of exactly what additional information it needs about the databases that would be sufficient for Lead Plaintiff to make an informed decision about whether and how best to examine the databases. The relevant experts in this case shall discuss this information directly with each other, with the lawyers if the parties wish, and Defendants' expert shall make disclosures about the databases, including the architecture and the ways in which information can be provided to Lead Plaintiff, that are necessary to inform Lead Plaintiff's decision.

IT IS SO ORDERED.

Dated: June 14, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2