1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION | Master File No. C-02-1486 CW (EDL) |
|---|---|
| | **[PROPOSED] ORDER FOLLOWING JUNE 23, 2006 DISCOVERY CONFERENCE** |
| This Document Applies To: All Actions. | |

On June 23, 2006, the Court held a discovery conference in this case to discuss the production of metadata from departmental shared drives from which JDSU previously produced TIFF images without metadata on March 15, March 22, and March 31, 2006 (the "Departmental Shared Drives"). Present in Court were Terri Garland and Philip T. Besirof of Morrison & Foerster LLP for the JDSU Defendants; and John Janes, a representative from JDSU's vendor, Deloitte Financial Advisory Services LLP ("Deloitte FAS"). Attending by telephone were Anthony J. Harwood and Conor R. Crowley, of Labaton Sucharow & Rudoff LLP, for Lead Plaintiff; Lead Plaintiff's expert, John Ashley, of First Advantage Litigation Consulting; and Kelley Worley and Dean Halle, representatives of Lead Plaintiffs' vendor, Encore Legal Solutions ("Encore"). For the reasons stated at the conference, the Court rules as follows:

1. JDSU shall direct Deloitte FAS to gather the media containing the SQL Server databases that store the Discovery Cracker output created by processing the Departmental Shared Drives. Once that media is gathered, Deloitte FAS shall perform the work necessary to bring that media on-line for processing, copying, and production, as described below. Deloitte FAS shall then create copies (the "Copies") of the SQL Server databases on removable media for production to Lead Plaintiff.

2. The Copies shall include all of the TIFF images, metadata, and full text fields present on the Discovery Cracker output in the SQL Server databases, including metadata for the encrypted, password-protected, or corrupted documents that are to be produced as part of a clean-up production from the Departmental Shared Drives. Any encrypted, password-protected or corrupted documents from the Departmental Shared Drives produced after the clean-up production will be produced with TIFF images, all of the metadata, and full text fields. The Copies shall not, however, include non-responsive or privileged documents.

3. Deloitte FAS estimates that the cost of producing the Copies will be $9,450 to $14,175. This cost will be split evenly between Lead Plaintiff and JDSU. Lead Plaintiff's contribution, however, will be limited to $5,905, which is one-half of the mid-point ($11,810) of Deloitte FAS's estimate. In addition, all costs incurred by Deloitte FAS in removing privileged

1  documents from the SQL Server databases shall be tracked and invoiced separately, with those
2  costs to be borne solely by JDSU.

3      4.    Deloitte FAS shall complete its work within 6 business days of the latter of:  (1)
4  the date on which JDSU receives written confirmation that (a) Plaintiffs do not object to Deloitte
5  FAS conducting the work described above, and (b) Plaintiffs will not use the fact that Deloitte
6  FAS has done the work described above as a basis for seeking to disqualify Morrison &
7  Foerster LLP or Deloitte; or (2) the date on which the Proposed Order is entered by the Court.  In
8  turn, JDSU agrees that it will not assert that by allowing Deloitte FAS to conduct the work
9  described above, Plaintiffs have waived any right to assert a conflict in connection with other
10  work performed by Deloitte FAS.  On the date the work is completed, Deloitte FAS shall provide
11  counsel for Lead Plaintiff with an invoice by facsimile.  Once Deloitte FAS receives the
12  appropriate payment from Lead Plaintiff, it shall immediately ship the Copies to Lead Plaintiff,
13  by overnight courier, for further processing.

14      5.    Once Lead Plaintiff receives the Copies, it shall provide them to a vendor of its
15  choosing.  That vendor shall further process the data contained on the Copies to create load files
16  containing metadata and text in a format sufficient to enable active searching of the metadata and
17  text in a Concordance database.  Lead Plaintiff's vendor shall then copy the processed data and
18  load files to removable media for production to JDSU.

19      6.    The parties shall equally share the cost incurred by Lead Plaintiff's preferred
20  vendor in producing metadata, text and load files in a searchable format compatible with
21  Concordance.  JDSU's contribution, however, will be limited to $9,055.

22      7.    Lead Plaintiff's preferred vendor shall complete its work within 6 business days of
23  the date on which Lead Plaintiff receives the Copies from Deloitte FAS, and shall provide
24  counsel for JDSU with an invoice by facsimile on the date it completes its work.  Once Lead
25  Plaintiff's preferred vendor receives the appropriate payment from JDSU, it shall immediately
26  ship the removable media containing the metadata, text, and load files to JDSU, by overnight
27  courier.
28

1  IT IS SO ORDERED.

2  Dated:     June 28, 2006

3

4  _____
   The Honorable Elizabeth D. Laporte
5  United States Magistrate Judge

6

7  Proposed Order submitted by JDSU.

Master File No. C-02-1486 CW (EDL) – [PROPOSED] ORDER FOLLOWING JUNE 23, 2006 DISCOVERY CONFERENCE
sf-2152387

3