Joseph J. Tabacco, JR. (75484)
Christopher T. Heffelfinger (118058)
BERMAN DeVALERIO PEASE
  TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, California 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Liaison Counsel for Lead Plaintiff
Connecticut Retirement Plans and Trust Funds
and Counsel for Oklahoma Firefighters
Pension and Retirement System

Jonathan M. Plasse
Barbara J. Hart
Anthony J. Harwood
Michael Stocker (179083)
Jon Adams
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, New York 10017-5563
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Lead Counsel for Lead Plaintiff
Connecticut Retirement Plans and Trust Funds

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION SECURITIES LITIGATION | Master File No. C 02-1486 CW<br><br>**[PROPOSED] LETTER ROGATORY TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA**<br><br>Date: August 8, 2006<br>Time: 9:00 a.m.<br>Ctrm: E, 15th Floor<br>Before: Hon. Elizabeth D. Laporte |

1  TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA:

2      WHEREAS the captioned action is properly under the jurisdiction of and is now pending

3  in this Court;

4      WHEREAS it appears that Gordon Buchan has evidence relevant to this action which

5  will be adduced during the trial of this action if the evidence is admissible;

6      WHEREAS this evidence is not otherwise obtainable;

> WHEREAS Gordon Buchan is a former in-house attorney for JDS Uniphase, and JDS Uniphase has not waived its privilege with respect to any evidence Mr. Buchan may possess;

7      WHEREAS it appears necessary for the purpose of justice that Gordon Buchan, a witness

8  residing or otherwise doing business within your jurisdiction be examined there, with a view to

9  testifying, producing, authenticating and reviewing documents within his possession and control;

10      YOU ARE REQUESTED, in furtherance of justice, to cause the aforesaid witness to

11  appear by means ordinarily used in your jurisdiction to answer questions under oath or

12  affirmation and to bring to and produce at the examination the documents set forth in the

13  schedule annexed hereto.

14      When you request it, this Court is ready and willing to do the same for you in a similar

15  case.

16      This Letter Rogatory is signed and sealed by Order of the Court made on the date set

17  forth below.

18  Dated: ~~July~~ August 4, 2006



    IT IS SO ORDERED AS MODIFIED
    Judge Elizabeth D. Laporte

PROPOSED LETTER ROGATORY
Master File No. C 02-1486 CW

# SCHEDULE A: Gordon Buchan

## I. DEFINITIONS

1. "Board of Directors" means the Board of Directors of JDS Uniphase Corporation and any committee thereof, including but not limited to audit committees.

2. "Financial statements" means, without limitation, balance sheets and statements of income, earnings, retained earnings, sources and applications of funds, operations and deficit, profit and loss, changes in financial position, and cash flows, and also includes all notes to each of the foregoing, and any other notes that pertain to the past, present, or future financial condition of JDS Uniphase Corporation (as defined herein). Any of the foregoing documents constitute a financial statement whether it is audited or unaudited, or final, interim, yearly, monthly, pro forma, complete or partial, consolidated or nonconsolidated, or otherwise.

3. "Defendants" means Defendants JDS Uniphase Corporation, Jozef Straus, Anthony R. Muller, Charles J. Abbe, and Kevin Kalkhoven.

4. "Individual Defendants" mean Defendants Jozef Straus, Anthony R. Muller, Charles J. Abbe, and Kevin Kalkhoven.

5. "JDS" means Defendant JDS Uniphase Corporation, its Board of Directors, each committee of its Board of Directors, each of its subsidiaries, divisions, subdivisions, joint ventures, parents, affiliated persons, and predecessors (including but not limited to Uniphase Corporation and JDS FITEL, Inc.), and its present and former directors, officers, employees, representatives, agents, and other persons acting on behalf of any of them.

6. "Pitre E-mail" means the e-mail sent by Thomas G. Pitre to "OPSS" and others at 1:53 p.m. eastern time on August 18, 2000 concerning "(RedBook) Sales and Operations Planning," a copy of which is annexed to this Schedule A.

7. "Products" means any product developed, manufactured, or sold by JDS, including but not limited to fiber-optics, semiconductor lasers, high-speed external modulators, transmitters, amplifiers, couplers, multiplexers, circulators, tunable filters, optical switches, and isolators for fiber-optic applications.

8. "SEC" means the United States Securities and Exchange Commission.

1    9.    "Communication" means the transmittal of information, in the form of facts,
2 ideas, inquiries or otherwise.
3    10.   "Concerning" means relating to, referring to, describing, evidencing or
4 constituting.
5    11.   "Document" is synonymous in meaning and equal in scope to the usage of this
6 term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes: writings, drawings,
7 graphs, charts, photographs, phonorecords, and other data compilations from which information
8 can be obtained, translated, if necessary, by detection devices into reasonably usable form. E-
9 mails and electronic or computerized data compilations are within the meaning of this term. A
10 draft or non-identical copy is a separate document within the meaning of this term.
11   12.   "Person" means any natural person or any business, legal or governmental entity
12 or association.
13   13.   The terms "all" and "each" shall be construed as all and each.
14   14.   The connectives "and" and "or" shall be construed either disjunctively or
15 conjunctively as necessary to bring within the scope of this Request for Production all responses
16 that might otherwise be considered to be outside of its scope.
17   15.   The use of the singular form of any word includes the plural and vice versa.
18   16.   The term "you" or "your" shall mean or refer to Gordon Buchan.
19   17.   The term "Redbook" refers to reports by that name generated by JDS's FPG
20 division in an effort to balance purchases of supplies with demand from customers.

21 **II.    RELEVANT PERIOD**

22   Unless otherwise indicated in a specific Request for Production, the Relevant Period
23 herein is January 1, 1999 through the date of your production of documents in response to this
24 request, and shall include all documents which relate to such period even though prepared,
25 published, sent or received, in whole or in part, prior or subsequent to this period.

### III. INSTRUCTIONS

1. In producing documents and other materials in response to this Request for Production, you are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your agents, employees, partners, representatives, subsidiaries, affiliates or investigators, or by your attorneys or their agents, employees, or investigators.

2. All documents you produce in response to this request shall either: (a) be organized and labeled to correspond with the number of the request to which the documents are responsive, or (b) be produced in the order and in the manner in which you keep the documents in the usual course of business with a designation of the file or files from which the documents have been produced.

3. Produce each document in response to this Request for Production in its entirety, without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive. If any requested document cannot be produced in full, produce it to the extent possible, indicating which portion of that document is being withheld and the reason that portion of the document is being withheld. Do not produce "redacted" documents unless you are asserting a privilege or immunity with respect to the redacted portion.

4. If you object to any request in this Request for Production on the ground that it is overly broad, produce documents in response to the request as narrowed to conform to your objection and state in your response (a) how you narrowed the request, and (b) the reason why you claim the request is overly broad.

5. If you withhold any responsive document from production pursuant to a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity, provide the following information with respect to each such document:

  (a) The type of document, *e.g.,* letter or memorandum;

  (b) The actual or approximate date of the document;

  (c) The author(s) of the document and any other person(s) who prepared or participated in the preparation of the document;

    (d) A description of the subject matter and physical size *(e.g.,* the number of pages) of the document;

    (e) All addressees and recipient(s) of the original or a copy thereof, together with the date or approximate date on which said-recipient(s) received the document or a copy thereof;

    (f) All other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    (g) The nature of the privilege or other rule of law relied upon and any facts supporting your position; and

    (h) The nature of the documents not produced or disclosed in a manner that, without revealing information that is privileged or confidential, will enable an assessment of the applicability of the privilege or protection.

  6. If a document responsive to the following requests has been destroyed or discarded, identify the document as per the instructions in paragraph 5 above. If no documents responsive to a particular document request exist or are within your possession, custody or control, so state in your response to the request.

## IV. **DOCUMENTS REQUESTED**

  1. All documents concerning JDS's actual and projected financial results during the Relevant Time Period, including but not limited to documents concerning product sales, demand for products, and documents concerning inventory, revenue, sales, earnings, and forecasts.

  2. All documents concerning any meeting of JDS's Board of Directors or of any committee of the Board of Directors, including any minutes, agendas, notes, and any material distributed at such meetings relating to documents described in paragraph 1.

  3. All documents concerning the Pitre Email.

PROPOSED LETTER ROGATORY  
Master File No. C 02-1486 CW   5

4. All documents concerning the potential for or existence of a downturn in demand for JDS products during the Relevant Time Period.

5. All documents concerning JDS' write-down of approximately $270 million in inventory for the quarter ended June 30, 2001, announced on or about July 26, 2001.

6. All documents concerning JDS's excess, aging, or obsolete inventory.

7. All documents concerning JDS's inventory turn rates.

8. All documents concerning JDS's contracts with Lucent, Nortel, Corning, Marconi, Cisco, and Corvis.

9. All documents concerning overshipment of JDS products, premature shipment of JDS products, delayed deliveries of JDS products, delaying of booking orders for JDS products, shipping products on cancelled orders, customers refusing to take delivery on agreed upon orders, and order or contract cancellations.

10. All documents concerning any potential or actual change or restatement of JDS' financial statements.

11. All documents concerning any communications you had with any government agency (including the SEC) regarding JDS.

12. All documents concerning any communications between JDS's customers and JDS relating to demand, or product pricing.

13. Any employment, severance, or confidentiality agreements between you and JDS, and any drafts thereof.