IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION

This document relates to ALL ACTIONS
_____/

No. C-02-1486 CW (EDL)

**ORDER FOLLOWING AUGUST 3, 2006 DISCOVERY CONFERENCE**

On August 3, 2006, the Court held a discovery conference in this case.  For the reasons stated at the hearing, the Court issues the following Order:

1. Pursuant to the parties' agreement, Defendant JDSU shall provide supplemental responses to Lead Plaintiff's interrogatories 3, 5 and 17 no later than August 15, 2006, and shall provide responses to the remaining interrogatories no later than August 31, 2006.  Lead Plaintiff has withdrawn interrogatories 19-23 and 25, but not the document request in number 23.  Lead Plaintiff has also withdrawn requests for information regarding Defendant JDSU's fiscal year 2002 with regard to all interrogatories.

2. The Court agrees that the parties may reasonably exceed 25 interrogatories, but cautions the parties to use interrogatories sparingly.

3. If a party responds to interrogatories by listing documents, the responding party must identify those documents with "sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party being served."  Fed. R. Civ. P. 33(d).  In this case, if the documents have been Bates-stamped, the responding party shall identify the documents by using those numbers unless there is good cause not to, which the party must set forth.

4. Lead Plaintiff's request that Defendant JDSU respond to interrogatories 1 and 3 with regard

to former employees who are represented by Defendant JDSU's counsel is denied without prejudice.

5.  Lead Plaintiff's request that Defendant JDSU respond to interrogatories 9 and 11 with regard to ETEK, OCLI and SDL is denied without prejudice.

6.  Regarding interrogatory 12, Defendant JDSU has agreed to supplement its response by August 31.  Further, the parties shall meet and confer promptly to agree on search terms and the procedure for running queries on Defendant JDSU's ERP system.

7.  Lead Plaintiff shall serve responses to Defendant Muller's interrogatories no later than September 11, 2006.

8.  As soon as Ernst & Young Canada makes documents responsive to Lead Plaintiff's subpoena available for review by Defendant JDSU, Defendant JDSU shall notify Lead Plaintiff, within one week of production if done in the United States or two weeks if in Canada, whether Defendant JDSU authorizes production of those documents to Lead Plaintiff, and the scope of that production.  If Defendant JDSU believes that any unprivileged documents should be withheld from production as nonresponsive, it shall provide Lead Plaintiff with a sufficient explanation about which documents are withheld and why to enable Lead Plaintiff to determine whether it agrees that the documents are nonresponsive.

9.  Lead Plaintiff seeks documents in the possession of counsel for Defendant JDSU and ETEK, OCLI and SDL.  Counsel for Defendant JDSU informed the Court that Morrison & Foerster is already reviewing documents in its possession in response to Lead Plaintiff's subpoena and intends to produce responsive non-privileged documents.  Similarly, no later than August 3, 2006, Defendant JDSU's counsel shall contact the law firms of Wilson Sonsini, Collette & Erickson, and Sullivan & Cromwell, and ask them promptly to provide documents responsive to Lead Plaintiff's subpoenas to Defendant JDSU's counsel for review and production as soon as possible.

10. Any party receiving documents pursuant to a subpoena, including a subpoena that is withdrawn or adjourned, within ten days of receiving the documents, shall provide all other parties an opportunity to inspect and copy the documents.

1  11.  No later than August 4, 2006, Lead Plaintiff shall provide to Defendant JDSU a list that
2       matches the names of its Confidential Witnesses to the numbered Confidential Witnesses in
3       the complaint.
4  12.  No later than the next Friday after one week of depositions in this case, Defendant JDSU
5       shall identify for Lead Plaintiff any additional depositions that it intends to take.  This
6       deadline shall also apply to any party which changes its previously produced list of proposed
7       deponents based on depositions as they are taken.
8  13.  The Court clarifies that Lead Plaintiff may take up to five Rule 30(b)(6) depositions of
9       Defendant JDSU, and those depositions count against its total allocation of fifty-five non-
10      expert depositions per side.  Each Rule 30(b)(6) deposition notice constitutes one deposition.
11      Lead Plaintiff may also take Rule 30(b)(6) depositions of third parties, which count against
12      its total allocation of non-expert depositions.
13 14.  No later than August 10, 2006, Lead Plaintiff shall provide to Defendant JDSU the
14      documents and information that it used as the basis for the spreadsheet regarding Deloitte's
15      alleged potential conflict in this case.  Defendant JDSU and Deloitte shall continue to search
16      for documents regarding this alleged potential conflict.
17 15.  Once the conflict issue is resolved, Defendant JDSU may take the Rule 30(b)(6) deposition
18      of Lead Plaintiff's witness Catherine LaMarr for up to an additional seven hours regarding
19      electronic data retention.
20 16.  The Court declines to adopt deposition protocols for advance production of deposition
21      exhibit lists or topic lists.  However, the Court encourages the parties where it is feasible to
22      exchange exhibits in advance of depositions and to notify opposing counsel in general terms
23      of the deposition topics in an effort to make the deposition time more productive.
24 17.  No later than August 11, 2006, counsel for the <u>Zellman</u> Plaintiffs shall provide Defendant
25      JDSU with proposed deposition dates for their witnesses.  Those dates may be as far as two
26      months in the future.
27 //
28 //

3

18. If the parties believe a further discovery conference would be helpful, they shall notify the Court by joint letter with proposed dates for the conference.

IT IS SO ORDERED.

Dated: August 4, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge