IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS / | No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

In February 2005, Lead Plaintiff propounded requests for production of documents seeking, *inter alia*, production of minutes from the meetings of Defendant JDSU's Board of Directors. Declaration of Anthony Harwood Ex. 1. In response, Defendant produced redacted minutes, and a privilege log listing the redacted minutes as protected by the attorney-client privilege and the work product doctrine. On August 22, 2006, Lead Plaintiff filed a motion to compel production of unredacted Board minutes, arguing that the minutes are not entitled to work product protection and even if they are, the protection was waived by disclosure of the minutes to Defendants' auditing firm, Ernst & Young. Subsequently, Defendant produced materials withheld on the basis of attorney-client privilege, so only the work product issue remains with respect to eight sets of minutes. In response to the Court's request, Defendant lodged the eight disputed Board minutes for in camera review prior to the September 26, 2006 hearing. The motion was fully briefed and the Court held a hearing on September 26, 2006.

The work product protection may be waived by disclosures to third parties "in a manner which substantially increases the opportunity for potential adversaries to obtain the information." Samuels v. Mitchell, 155 F.R.D. 195, 200 (N.D. Cal. 1994). Courts are split as to

1  whether disclosure to an outside auditor constitutes a waiver.  Compare, e.g., Medinol v. Boston
2  Scientific Corp., 214 F.R.D. 113, 116 (S.D. N.Y. 2002) (determining that the work product
3  protection was waived with respect to litigation committee minutes that were disclosed to outside
4  auditor because the auditor's interests were not aligned with the company; "in order for auditors to
5  properly do their job, they *must* not share common interests with the company they audit.  'Good
6  auditing requires adversarial tension between the auditor and the client.'") (emphasis in original),
7  with, e.g., Merrill Lynch & Co. v. Allegheny, 229 F.R.D. 441 (S.D. N.Y. 2004) (determining that the
8  work product protection was not waived with respect to internal investigative reports of
9  circumstances surrounding executive theft which were disclosed to an independent auditor; the
10 relationship between an auditor and client was not the kind of adversarial relationship contemplated
11 by the work product doctrine); see also Samuels, 155 F.R.D. 195 (determining that the work product
12 protection was not waived with respect to documents disclosed to outside auditor acting as a
13 consultant where there was not a substantial danger that the documents would be disclosed to an
14 adversary, and the company kept all communications with the auditor confidential and took steps to
15 guarantee that the documents would not be given to an adversary).

16 While there are good arguments on both sides of the issue, at this time, the Court is more
17 persuaded by the latter view.  At least under the circumstances of this case, the disclosure did not
18 constitute an automatic waiver of the work product protection.

19 The Court nonetheless reviewed the unredacted minutes in camera to see if the material
20 withheld came within the privilege.  The Ninth Circuit has adopted the "because of" litigation test,
21 rather than the "primary motivation" test, to determine whether a dual purpose document is
22 protected by the work product doctrine.  See In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir.
23 2004) (adopting "because of" litigation standard for determining whether "dual purpose" documents
24 are protected by the work product doctrine; "[t]his formulation states that a document should be
25 deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under
26 Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case
27 the document can fairly be said to have been prepared or obtained because of the prospect of
28 litigation.'") (quoting 8 Wright & Miller, Federal Practice and Procedure, § 2024 (2d ed. 1994)).

2

1  This standard does not consider whether litigation was a primary or secondary motive for creation of
2  a document, but instead considers the totality of the circumstances and affords protection "when it
3  can fairly be said that the 'document was created because of anticipated litigation, and would not
4  have been created in substantially similar form but for the prospect of that litigation.'" Grand Jury
5  Subpoena, 357 F.3d at 908 (quoting United States v. Aldman, 134 F.3d 1194, 1195 (2d Cir. 1998)).

6  Having reviewed the disputed Board minutes in camera, the Court has determined that, under
7  the "because of" test, the redactions for the work product doctrine in the January 24, 2000, February
8  4, 2000, March 24, 2000, March 5, 2001, May 1, 2001 and August 22, 2001 minutes, and of the first
9  paragraph on page one of the April 28, 2000 minutes and of the first paragraph on page three of the
10 April 3, 2001 minutes are well-taken.

11 In a letter dated October 3, 2006, Defendant informed the Court that it withdrew its assertion
12 of work product protection for paragraph two on page three of the April 3, 2001 minutes as well as
13 for portions of other minutes relating to the same issue: page one of the March 5, 2001 minutes; page
14 three of the April 3, 2001 minutes; page two of the May 1, 2001 minutes; and the first two
15 paragraphs of page five of the August 22, 2001 minutes.  Defendant maintains that the second
16 redacted paragraph on page one and continuing on to page two of the April 28, 2000 minutes reflects
17 work product.  See Supp. Decl. of Michael Phillips at ¶ 2 (stating that the paragraph "relates to the
18 same potential litigation discussed in the immediately preceding paragraph.  Outside litigation
19 counsel were retained to assist the board with this matter, and those counsel were present at the
20 April 28, 2000 meeting specifically to advise the board. . . .").  The Court is not convinced that this
21 paragraph constitutes work product.  The minutes themselves are carefully drafted by an attorney
22 and vetted before being finalized.  The paragraph immediately preceding this paragraph specifically
23 refers to counsel providing legal advice to the board, and that language is conspicuously absent from
24 this second paragraph.  Moreover, the Court declines to open the door to consideration of post hoc
25 explanations of the work product assertion such as the Phillips declaration.

26 Accordingly, Lead Plaintiff's motion to compel is granted in part and denied in part.  In
27 addition to the redactions for which Defendant has withdrawn its work product designation,
28 Defendant shall also unredact the second redacted paragraph on page one and continuing on to page

3

1  two of the April 28, 2000 minutes. The remaining redactions are sustained.

2  IT IS SO ORDERED.

3  Dated: October 5, 2006

                                                    ELIZABETH D. LAPORTE
                                                    United States Magistrate Judge

**United States District Court**
For the Northern District of California

4