Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
BERMAN DeVALERIO PEASE
  TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, California 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Liaison Counsel for Lead Plaintiff
Connecticut Retirement Plans and Trust Funds
and Counsel for Oklahoma Firefighters
Pension and Retirement System

Jonathan M. Plasse
Barbara J. Hart
Anthony J. Harwood
Michael Stocker (179083)
Jon Adams
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, New York 10017-5563
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Lead Counsel for Lead Plaintiff
Connecticut Retirement Plans and Trust Funds

**FILED**

OCT 17 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION SECURITIES LITIGATION | Master File No. C 02-1486 CW<br><br>[PROPOSED] LETTER ROGATORY TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA |

1 | **TO THE SUPERIOR COURT OF ONTARIO, CANADA:**

2 |     WHEREAS, the captioned action is properly under the jurisdiction of and is now pending
3 | in this Court;
4 |     WHEREAS it appears that Ken Bradley has evidence relevant to this action which will be
adduced during the trial of this action if the evidence is admissible;
5 |     WHEREAS this evidence is not otherwise obtainable;
6 |     WHEREAS, it appears necessary for the purpose of justice that Ken Bradley, a witness
7 | residing or otherwise doing business within your jurisdiction be examined there, with a view to
8 | testifying, producing authenticating and reviewing documents within his possession and control;
9 |     YOU ARE REQUESTED, in furtherance of justice, to cause the aforesaid witness to
appear by means ordinarily used in your jurisdiction to answer questions under oath or
affirmation and to bring to and produce at the examination the documents set forth in the
schedule annexed hereto.
12 |     When you request it, this Court is ready and willing to do the same for you in a similar
13 | case.
14 |     This Letter Rogatory is signed and sealed by Order of the Court made on the date set
15 | forth below.

Dated: 10/17/06

Elizabeth D. Laporte
United States District Judge
NANDOR J. VADAS
United States Magistrate Judge

PROPOSED LETTER ROGATORY
Master File No. C 02-1486 CW

# SCHEDULE A: KEN BRADLEY

## I. DEFINITIONS

1. "Defendants" means Defendants JDS Uniphase Corporation, Jozef Straus, Anthony R. Muller, Charles J. Abbe, and Kevin Kalkhoven.

2. "Individual Defendants" mean Defendants Jozef Straus, Anthony R. Muller, Charles J. Abbe, and Kevin Kalkhoven.

3. "JDS" means Defendant JDS Uniphase Corporation, its Board of Directors, each committee of its Board of Directors, each of its subsidiaries, divisions, subdivisions, joint ventures, parents, affiliated persons, and predecessors (including but not limited to Uniphase Corporation and JDS FITEL, Inc.), and its present and former directors, officers, employees, representatives, agents, and other persons acting on behalf of any of them.

4. "Nortel" means Nortel Networks Corporation, its Board of Directors, each committee of its Board of Directors, each of its subsidiaries, divisions, subdivisions, joint ventures, parents, affiliated persons, and predecessors, and its present and former directors, officers, employees, representatives, agents, and other persons acting on behalf of any of them.

5. "E&Y" means Ernst & Young LLP, each of its subsidiaries, divisions, subdivisions, offices, joint ventures, parents, affiliated persons, and predecessors, and all present and former partners, directors, officers, employees, representatives, agents, intermediaries, and other persons acting on behalf of any of the foregoing.

6. "Communication" means the transmittal of information, in the form of facts, ideas, inquiries or otherwise.

7. "Concerning" means relating to, referring to, describing, evidencing or constituting.

8. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Meeting" means any encounter between two or more persons, whether prearranged or by chance, and whether formal or informal or occurred in connection with some other activity, during which a communication of any kind occurred, and shall include without limitation in-person conversations, telephone conversations, and teleconference or videoconference calls.

10. "Products" means any product developed, manufactured, or sold by JDS, including but not limited to fiber-optics, semiconductor lasers, high-speed external modulators, transmitters, amplifiers, couplers, multiplexers, circulators, tunable filters, optical switches, and isolators for fiber-optic applications.

11. "Person" means any natural person or any business, legal or governmental entity or association.

12. The terms "all" and "each" shall be construed as all and each.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production all responses that might otherwise be considered to be outside of its scope.

14. The use of the singular form of any word includes the plural and vice versa.

15. The term "you" or "your" shall mean or refer to Ken Bradley.

## II. **RELEVANT PERIOD**

Unless otherwise indicated in a specific Request for Production, the Relevant Period herein is October 28, 1999 through July 26, 2001, and shall include all documents which relate to such period even though prepared, published, sent or received, in whole or in part, prior or subsequent to this period.

## III. **INSTRUCTIONS**

1. In producing documents and other materials in response to this Request for Production, you are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your agents, employees,

1 partners, representatives, subsidiaries, affiliates or investigators, or by your attorneys or their
2 agents, employees, or investigators.

3     2.    All documents you produce in response to this request shall either: (a) be
4 organized and labeled to correspond with the number of the request to which the documents are
5 responsive, or (b) be produced in the order and in the manner in which you keep the documents
6 in the usual course of business with a designation of the file or files from which the documents
7 have been produced.

8     3.    Produce each document in response to this Request for Production in its entirety,
9 without deletion or excision, regardless of whether you consider the entire document to be
10 relevant or responsive. If any requested document cannot be produced in full, produce it to the
11 extent possible, indicating which portion of that document is being withheld and the reason that
12 portion of the document is being withheld. Do not produce "redacted" documents unless you are
13 asserting a privilege or immunity with respect to the redacted portion.

14     4.    If you object to any request in this Request for Production on the ground that it is
15 overly broad, produce documents in response to the request as narrowed to conform to your
16 objection and state in your response (a) how you narrowed the request, and (b) the reason why
17 you claim the request is overly broad.

18     5.    If you withhold any responsive document from production pursuant to a claim of
19 attorney-client privilege, attorney work product doctrine, or any other privilege or immunity,
20 provide the following information with respect to each such document:

21     (a)    The type of document, *e.g.*, letter or memorandum;
22     (b)    The actual or approximate date of the document;
23     (c)    The author(s) of the document and any other person(s) who prepared or participated in the preparation of the document;
24
25     (d)    A description of the subject matter and physical size *(e.g.,* the number of pages) of the document;
26     (e)    All addressees and recipient(s) of the original or a copy thereof,
27     (f)    together with the date or approximate date on which said-recipient(s) received the document or a copy thereof;
28

(g) All other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

(h) The nature of the privilege or other rule of law relied upon and any facts supporting your position.

## IV.   DOCUMENTS REQUESTED

1. All electronic mail concerning JDS during the Relevant Time Period, including all electronic mail contained on your home or laptop computer and any electronic mail contained on any storage device or in storage.

2. All documents or communications concerning Nortel's projected, forecasted, or actual demand for JDS products.

3. All documents or communications concerning the cancellation or modification of any orders for JDS products by Nortel.

4. All documents or communications concerning the return of JDS products by Nortel.

5. All documents or communications concerning Nortel's receipt of JDS products prior or subsequent to the requested or agreed upon delivery date.

6. All documents or communications concerning Nortel's receipt of JDS products for orders that had been cancelled by Nortel or for orders which Nortel had not made.

7. All documents or communications concerning Nortel's refusal to accept delivery of JDS products or refusal to pay for JDS products.

8. All documents or communications concerning any meeting between Nortel and JDS, including weekly, monthly, quarterly, or other meetings at which (a) Nortel's historical, projected, forecasted or actual demand for JDS Products; (b) orders for JDS Products; (c) modification or cancellation of orders for JDS Products or (d) inventory of JDS Products was discussed.

9. All documents or communications concerning Quarterly Business Reviews between Nortel and JDS.

10. All documents or communications concerning price negotiations for JDS products between Nortel and JDS.

11. All documents or communications concerning written or oral agreements between Nortel and JDS related to the purchase of JDS products, including side letters.

12. All documents or communications concerning OEM agreements between Nortel and JDS.

13. All documents or communications concerning any JDS products stored at Nortel, including without limitation inventory received from JDS on consignment or with any right of return.

14. All documents concerning communications with E&Y concerning JDS.

15. All documents or communications concerning Nortel's policy for the retention or destruction of documents.

16. All notes, calendars (personal and business), and other documents relating to JDS during the Relevant Time Period.

17. All documents concerning sales of JDS products to Nortel on consignment, including correspondence concerning the terms of such consignment sales.