1  [Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Master File No. C-02-1486 CW<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY** |

WHEREAS, the parties intend to exchange expert reports prior to trial and to conduct expert discovery,

WHEREAS, the parties wish to agree in advance to certain limitations on expert discovery to avoid the unnecessary expenditure of resources,

IT IS HEREBY STIPULATED AND AGREED by the parties, through their counsel of record, as follows:

1. This stipulation concerns discovery related to testifying experts. The parties agree that there shall be no disclosures with respect to consulting experts.

2. The parties shall not be required to preserve or produce draft expert reports or any notes or communications related thereto, including draft studies and draft work papers, unless the expert is relying upon facts or data contained in any such documents in forming an opinion in this matter and those facts or data are not otherwise produced.

3. The parties shall not be required to preserve or produce, nor shall the expert be required to testify about, any correspondence or communications between any expert and the attorneys for the party offering the testimony of that expert, unless the expert is relying on facts or data contained in such correspondence or communications in forming an opinion in this matter and those facts or data are not otherwise produced.

4. The parties shall not be required to preserve or produce any correspondence or communications among experts retained by the same party, including testifying and consulting experts, unless the expert is relying on facts or data contained in such correspondence or communications in forming an opinion in this matter and those facts or data are not otherwise produced.

5. To the extent that a party's expert witness report cites, or otherwise relies on, electronic documents, that party shall produce those documents in electronic form.

6. The parties are not required to serve subpoenas for deposition on any expert. Instead, the party retaining the expert shall make the expert available for deposition, at the mutually agreed upon time and place.

7. Except as provided herein, the parties shall make all other expert disclosures required by the Federal Rules. Any supplemental production must be completed at least one week prior to the expert's deposition.

Dated: October 16, 2006    MORRISON & FOERSTER LLP

By: /s/ Philip T. Besirof
     Philip T. Besirof

Attorneys for Defendants
JDS Uniphase Corporation, Jozef Straus, Anthony R. Muller, and Charles J. Abbe

Dated: October 16, 2006    HELLER EHRMAN LLP

By: /s/ Howard S. Caro
     Howard S. Caro

Attorneys for Defendant
Kevin Kalkhoven

Dated: October 16, 2006    LABATON SUCHAROW & RUDOFF LLP

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

By: /s/ Mark S. Arisohn
     Mark S. Arisohn

Liaison Counsel for Lead Plaintiff Connecticut Retirement Plans and Trust Funds

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 23, 2006

_____
HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

*IT IS SO ORDERED* / *Judge Elizabeth D. Laporte*

STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY
Master File No. C-02-1486 CW
sf-2193728

2