1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: JDS UNIPHASE CORPORATION
SECURITIES LITIGATION

No. C-02-1486 CW (EDL)

**ORDER GRANTING LEAD
PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO RESPOND
TO THE DISCOVERY REQUESTS OF
DEFENDANTS JDSU, CHARLES J.
ABBE, AND JOZEF STRAUS**

This document relates to ALL ACTIONS
_____/

On November 13, 2006, Lead Plaintiff, the Connecticut Retirement Plans and Trust Funds ("Lead Plaintiff"), filed a motion for an order ruling retroactively that Plaintiff's late responses to certain discovery demands by Defendants JDS Uniphase ("JDSU"), Charles J. Abbe, and Jozef Straus (collectively referred to herein as "Defendants") were timely.  Defendants filed an opposition to the motion on November 16, 2006.  The Court deems the matter submitted on the papers, and determines that no hearing on the matter is necessary.

In its motion, Lead Plaintiff seeks a retroactive extension of time to respond to the following discovery requests, all of which were served on August 30, 2006: (a) JDSU's First Set of Requests for Admission to Plaintiff Oklahoma Firefighters Pension and Retirement System and Dennis McCool; (b) JDSU's Second Set of Requests for Admission to Lead Plaintiff and Plaintiff Houston Municipal Employees Pension System; (c) Abbe's First Set of Interrogatories to Plaintiffs; (d) Straus' First Set of Interrogatories to Plaintiffs.  Plaintiffs' responses were due on September 29, 2006.  The parties met and conferred and agreed in principle that there should be some extension of time for responding more extensively to Defendants' discovery requests, but did not reach an actual

1   enforceable agreement.  Defendants did not agree to grant a full month extension, as Lead Plaintiff

2   had proposed.  Adams Decl., Ex. 7 (9/21/06 letter), Ex. 12 (9/29/06 letter).

3          On September 29, 2006, Lead Plaintiff served partial objections and responses to the Abbe

4   and Straus interrogatories, as well as responses to interrogatories propounded by Defendant Kevin

5   Kalkhoven.  Id., ¶ 9.  It appears that after the September 29 date passed, Defendants became less

6   inclined to grant additional time to respond, particularly with respect to the requests for admission.

7   Id., Ex. 6 (9/20/06 letter demanding responses to RFAs); id., Ex. 14 (10/20/06 letter deeming RFAs

8   admitted).

9          Lead Plaintiff provided responses to the Straus interrogatories on November 1, and to the

10  requests for admission and the Abbe and Kalkhoven interrogatories on November 6, one week after

11  its proposed October 29 response date and five weeks after the original due date.  Adams Decl., ¶¶

12  18, 19.  Defendants contend that by failing to serve timely responses to the requests for admission,

13  Plaintiffs are deemed to have admitted the requests by operation of Rule 36(a), which provides that

14  "the matter is admitted unless, within 30 days after service of the request . . .  the [responding party]

15  serves . . . a written answer or objection addressed to the matter."  Fed. R. Civ. P. 36(a).

16         In its motion, Lead Plaintiff seeks to apply Civil Local Rule 6-3 to retroactively extend time.

17  That rule provides for a motion for a court order enlarging or shortening time, as required under

18  Local Rule 6-1 for "any enlargement or shortening of time that alters an event or deadline already

19  fixed by Court order or that involves papers required to be filed or lodged with the Court (other than

20  an initial response to the complaint)."  Lead Plaintiff cites Stearns v. Flores, 2006 U.S. Dist. Lexis

21  18805 (March 31, 2006), in which the court granted the defendants' motion for retroactive extension

22  of time to serve discovery responses, which the defendants filed four and a half months late.  In

23  Stearns, the court reasoned that more time was warranted by the sheer volume of discovery

24  propounded by the plaintiff, much of which was duplicative and an abuse of discovery.  The court

25  there also found that the defendants did not refuse or fail to respond, but made every attempt to

26  respond to the plaintiff's numerous requests and required additional time to respond.  Thus, Stearns

27  suggests that the Court may, under some circumstances, exercise its discretion to grant retroactive

28

2

United States District Court

For the Northern District of California

1    relief from discovery response dates.  These circumstances are not fully present here.

2        Rather than seeking retroactive relief pursuant to Local Rule 6-3, Defendants correctly point

3    out that the better procedural approach would have been for Lead Plaintiff to seek to amend or

4    withdraw the admissions under Rule 36(b), pursuant to which "the court may permit withdrawal or

5    amendment when the presentation of the merits of the action will be subserved thereby and the party

6    who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice

7    that party in maintaining the action or defense on the merits."  Fed. R. Civ. Proc. 36(b).  Defendants

8    argue that allowing Plaintiffs' late responses would prejudice Defendants' efforts to identify and

9    narrow the issues for summary judgment and trial.  Defendants further argue that Plaintiffs served

10   evasive responses and false denials to the requests for admission, well after the time within which

11   Defendants could move to compel further responses.  Opp. at 4:9-25; Besirof Decl., Exs. 9, 10.

12       Applying the standard under Rule 36(b), the Court finds good cause to allow Lead Plaintiff

13   to withdraw or amend its admissions (conditioned on providing further responses, as set forth below)

14   because (a) the merits of the action would be served by allowing Plaintiffs to respond to the requests

15   for admission, and (b) Defendants have not demonstrated that they would suffer substantial

16   prejudice by withdrawing the admissions and giving effect to Lead Plaintiff's late responses and

17   objections.  See Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) ("The prejudice

18   contemplated by 36(b) is not simply that the party who obtained the admission will now have to

19   convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its

20   case, for example by the unavailability of key witnesses in light of the delay.").

21       As to Lead Plaintiff's late responses and objections to interrogatories, Defendants are correct

22   that the proper vehicle for relief would be to seek an order, pursuant to Rule 33(b)(4), excusing Lead

23   Plaintiff's failure to timely object.  Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a timely

24   objection is waived unless the party's failure to object is excused by the court for good cause

25   shown.").

26       Notwithstanding Lead Plaintiff's poor procedural posture in seeking retroactive relief from

27   untimely discovery responses, the Court grants Lead Plaintiff's request as a motion to amend or

28

3

United States District Court

For the Northern District of California

1  withdraw the admissions under Rule 36(b), on the condition that the parties promptly meet and

2  confer on Plaintiffs' response to Request for Admission No. 38 and any other arguably inaccurate or

3  incomplete responses identified by Defendants, and that Lead Plaintiff fully and accurately

4  supplement its response to Request No. 38 within two weeks from the date of this Order, as well as

5  any other evasive or inaccurate responses to requests for admission identified after meeting and

6  conferring with Defendants, no later than three weeks from the date of this Order.  The Court further

7  grants Lead Plaintiff's request to excuse the untimeliness of its responses and objections to

8  Defendants' interrogatories pursuant to Rule 33(b).  The Court will grant Defendants a reasonable

9  extension of time to file a motion to compel with respect to any failure to respond to requests for

10  admission or interrogatories at issue in their motion after receiving supplemental responses and

11  meeting and conferring thereon.

12          This order disposes of docket number 669.

13  IT IS SO ORDERED.

14  Dated: November 29, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4