**United States District Court**
**For the Northern District of California**

1

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    In re: JDS UNIPHASE CORPORATION              No. C-02-1486 CW (EDL)
     SECURITIES LITIGATION
9                                                 **ORDER GRANTING IN PART LEAD**
                                                  **PLAINTIFF'S MOTION TO COMPEL**
10   _____          **LIMITED ADDITIONAL DISCOVERY**

11   This document relates to ALL ACTIONS

12

13   _____/

14          Lead Plaintiff seeks documents about Defendant Kalkhoven's and the individual JDSU

15   Defendants' personal finances to rebut their assertion that the JDSU stock sales were part of a

16   diversification strategy.  To obtain relief from the discovery cut-off, Lead Plaintiff must show good

17   cause for modification of the schedule. Fed. R. Civ. Proc. 16(b).  The Court finds the matter suitable

18   for decision without a hearing and grants in part Lead Plaintiff's motion for the reasons stated

19   below.

20          Kalkhoven's expert, Wayne Guay, opined that Kalkhoven's stock sales were consistent with a

21   strategy of investment diversification, as Kalkhoven was a "poorly diversified individual."  Hart

22   Decl., Ex. A (Guay Report) at 2-3.  Professor Guay based this analysis on the assumption "that Mr.

23   Kalkhoven's stock and option holdings in JDS Uniphase comprised a very large proportion of his

24   personal wealth." Id. at 12.  Kalkhoven argues that, in making that assumption, Professor Guay

25   relied upon "the testimony of Mr. Kalkhoven and that of his stockbroker, Mr. Jeffrey Oster, who

26   strongly encouraged Mr. Kalkhoven to diversify his holdings."  Guay Rep., ¶ 22.  Kalkhoven also

27   argues that Lead Plaintiff is not entitled to discover material that was not used by Professor Guay in

28   forming his expert opinion.  Kalkhoven Opp. at 11.  See Rule 26(a)(2)(B) (expert report shall

**United States District Court**
For the Northern District of California

1   contain "the data or other information considered by the witness in forming the opinions").

2       In discovery, Lead Plaintiff sought "documents concerning the proceeds or use of proceeds

3   from any sale of JDS securities."  Hart Decl., Ex.B at 14 (Request for Production No. 45(d)).

4   Kalkhoven refused to produce such documents on the grounds that, inter alia, they are not relevant

5   and are subject to his right to privacy.  Sundel Decl., Ex. A (Kalkhoven Response to RPDs).  Lead

6   Plaintiff has sufficiently shown that Kalkhoven has put his personal wealth and assets at issue,

7   though he previously argued that his net worth was not at issue, and therefore not discoverable.  See

8   Hart Decl., Ex. C (Kalkhoven Opp. Mot. Compel) at 10.  Although Kalkhoven argues that Professor

9   Guay only assumed that his wealth was heavily weighted to JDSU stocks before the stock sales at

10  issue, Lead Plaintiff is entitled to test this assumption.  Kalkhoven's privacy interest in his financial

11  records is modest compared to other privacy interests such as medical information or sexual history,

12  and is outweighed by the need for discovery, as raised in Professor Guay's expert report.

13  Furthermore, his privacy interest is sufficiently protected by the September 21, 2005 Order

14  Regarding Confidentiality.  Moreover, producing a limited set of financial records from a limited

15  time period would not be unduly burdensome.  Kalkhoven's relevance and privacy objections to

16  Lead Plaintiff's Request No. 45(d) are therefore overruled.

17      The Court agrees with Defendants that a defense based on diversification strategy should not

18  come as a surprise to Lead Plaintiff.  Nonetheless, the Court concludes that Lead Plaintiff acted

19  reasonably diligently by moving to compel documents about the individual Defendants' finances

20  and, having been denied information about their net worth, choosing not to further move to compel

21  financial documents based on its understanding of the Court's ruling (albeit this understanding was

22  somewhat overbroad).  See September 7, 2005 Order re: Lead Plaintiff's Motion to Compel (docket

23  no. 342) (denying motion as to "documents related to net worth but without prejudice to deposition

24  inquiries regarding spending.")  Having established good cause to modify the discovery deadline,

25  Lead Plaintiff is entitled to test Professor Guay's opinion that Kalkhoven's stock sales were

26  consistent with investment diversification strategy and Professor Guay's assumption "that Mr.

27  Kalkhoven's stock and option holdings in JDS Uniphase comprised a very large proportion of his

28

2

**United States District Court**
For the Northern District of California

1   personal wealth." Guay Rep., ¶ 22.

2        Lead Plaintiff's motion for limited additional discovery is granted as to documents sufficient

3   to show the use of proceeds from any sale of JDSU securities by Kalkhoven, and documents

4   reflecting the total values of Kalkhoven's JDSU portfolio compared to his non-JDSU stock portfolio

5   and other investments during the relevant time period defined in Lead Plaintiff's requests for

6   production: January 1, 1999 to the date of the Guay report.  Kalkhoven shall produce such

7   documents to Lead Plaintiff by April 24, 2007.  Lead Plaintiff's motion to compel any other

8   information about Kalkhoven's personal finances is denied for insufficient showing of relevance to

9   Kalkhoven's purported diversification strategy.

10       Lead Plaintiff further moves to compel additional discovery of the individual JDSU

11  Defendants' financial transactions.  The Court's March 28, 2007 Order re: Defendants' Motions to

12  Strike Portions of the Seyhun Rebuttal Report struck the portions of the Guay Report addressing

13  trading by the Defendants other than Kalkhoven.  Lead Plaintiff's motion is therefore denied without

14  prejudice to the extent it seeks to compel financial records for Straus, Miller and Abbe, based on

15  Defendants' representations to the Court that their financial condition is not relevant to the issues in

16  this action.  See JDSU Defs Opp. Mot. Compel (docket no. 297) at 20.[1]

17       This Order disposes of docket number 984.

18       IT IS SO ORDERED.

19  Dated:  April 10, 2007

                                                    _____
20                                                  ELIZABETH D. LAPORTE
                                                    United States Magistrate Judge

21

22

23

24

25

---

26       [1]    Defense counsel has indicated, however, that the individual JDSU Defendants might
    testify that they sold JDSU stock to diversify their portfolios.  JDSU Defs. Opp. at 3; Patz Decl., ¶ 2.
27  The Court notes that such testimony could put the individuals' financial transactions and investment
    portfolios at issue, and does not address whether that eventuality would justify further discovery or other
28  steps.

                                                    3