IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS | No. C-02-1486 CW (EDL)<br><br>**ORDER DENYING MOTION TO STRIKE** |

On April 13, 2007 and on April 25, 2007, after the close of discovery, Lead Plaintiff supplemented its initial disclosures, identifying ten additional witnesses. By letter to the Court of April 30, 2007, JDSU sought expedited briefing on a motion to strike Lead Plaintiff's supplemental disclosures as untimely. On May 1, 2007, the Court granted JDSU's request for an expedited briefing schedule. On May 2, 2007, JDSU filed a letter brief in support of the motion to strike and on May 3, 2007, Lead Plaintiff filed its opposition.

Federal Rule of Civil Procedure 37(c)(1) provides for exclusion of untimely disclosures, unless the failure to timely disclose was substantially justified or harmless. Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Because Lead Plaintiff has demonstrated both substantial justification and harmlessness, JDSU's motion to strike is denied.

First, Lead Plaintiff has provided evidence that it did not learn of the additional witnesses until after the class notice was published on November 30, 2006, which was after the prescribed time for supplementing Rule 26 disclosures under the Court's standing order. See Declaration of Jon Adams ¶¶ 2, 5. Lead Plaintiff could not have disclosed by that date and was therefore substantially justified in supplementing its disclosures pursuant to Rule 26(e)(1).

1  Second, Lead Plaintiff has agreed to make its witnesses available for depositions to be
2  completed by June 8, 2007, well in advance of the trial date.  These depositions will remedy any
3  prejudice caused by the recent disclosures.

4  As an alternative to its motion to strike, JDSU requested that the Court order these additional
5  witnesses to appear for depositions in San Francisco and to produce relevant, non-privileged
6  documents no later than seven days before the date of the deposition.  While the Court is mindful of
7  the cost to JDSU of deposing these individuals in different cities, the Court declines to order these
8  individual class members to appear in San Francisco on such short notice, regardless of their
9  individual circumstances.  However, Lead Plaintiff shall encourage its witnesses to appear in San
10 Francisco by promptly offering to pay their reasonable expenses to do so, and shall not discourage
11 any witness who agrees to appear here.  Where practical, the witnesses shall produce relevant, non-
12 privileged documents at least seven days prior to their depositions.  The Court recognizes that
13 production on this schedule may not be possible for the earliest scheduled depositions, but if not
14 possible, all efforts must be made to produce the documents as promptly in advance of the
15 depositions as possible.

16 IT IS SO ORDERED.

17 Dated: May 3, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2