IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS | No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING MOTION TO COMPEL** |

On April 4, 2007, JDSU filed a motion to compel production of notes that show a fundamental analysis performed by Lead Plaintiff's expert, Scott Hakala, while drafting his report. JDSU also sought a sworn statement regarding any destruction of notes containing that analysis. Lead Plaintiff opposed this motion and JDSU filed a reply. Because this matter is appropriate for decision without oral argument, the May 15, 2007 hearing was vacated.

Mr. Hakala stated at his deposition that he used a fundamental analysis, or a shapshot approach, in a "heuristic" manner to give him confidence in his primary inflation analysis. See Declaration of Kevin Calia Ex. G at 193:12-21; 190:13-191:1; 190:17-20; Ex. H at 407:2-4; 410:23-411:3. JDSU argues that Mr. Hakala's fundamental analysis notes are discoverable because they constitute "data or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). Lead Plaintiff primarily argues that the parties' stipulation regarding expert discovery precludes production of Mr. Hakala's notes. Declaration of Anthony Harwood Ex. 1 at ¶ 2 ("The parties shall not be required to preserve or produce draft expert reports or any notes or communications related thereto, including draft studies and draft work papers, unless the expert is relying upon facts or data contained in any such documents in forming an opinion in this matter and

those facts or data are not otherwise produced.").

Mr. Hakala's deposition testimony reveals that he relied on the fundamental analysis in checking the reasonableness of, and in reaching, his final opinion. Therefore, his notes, to the extent that any exist, are discoverable pursuant to Rule 26(a)(2)(B) and do not fall within paragraph two of the parties' stipulation. Therefore, JDSU's motion to compel is granted. Lead Plaintiff shall produce Mr. Hakala's notes containing his fundamental analysis no later than May 25, 2007.

Mr. Hakala has already submitted a declaration stating that he "never recorded many of the estimates and took no notes relating to most of the calculations." Declaration of Scott Hakala ¶ 2. He further stated that he did not destroy any of the notes that he did make. Id. The Court can see no reason to require a further declaration about any destruction of Mr. Hakala's notes.

JDSU has not sought sanctions relating to this issue, and the Court would discourage it from doing so. Lead Plaintiff made a colorable argument that the notes were not discoverable pursuant to the parties' stipulation, and they do not appear to be of central relevance. Moreover, the Court does not conclude that there was any improper behavior by Lead Plaintiff.

IT IS SO ORDERED.

Dated: May 11, 2007

_Elijah D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

2