IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This document relates to ALL ACTIONS<br>_____ / | No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S APRIL 10, 2007 AND APRIL 20, 2007 ORDERS** |

On April 10, 2007, the Court granted in part Lead Plaintiff's Motion to Compel and entered an Order stating, *inter alia*:

> Lead Plaintiff's motion for limited additional discovery is granted as to documents sufficient to show the use of proceeds from any sale of JDSU securities by Kalkhoven, and documents reflecting the total values of Kalkhoven's JDSU portfolio compared to his non-JDSU stock portfolio and other investments during the relevant time period defined in Lead Plaintiff's requests for production: January 1, 1999 to the date of the Guay report.

April 10, 2007 Order at 3:1-5. Defendant Kalkhoven sought reconsideration of this Order, and on April 20, 2007, the Court modified its April 10, 2007 as follows:

> Lead Plaintiff's motion for limited additional discovery is granted as to documents (such as investment portfolio statements, brokerage statements and trading records) sufficient to show the use of proceeds from any sale of JDSU securities by Kalkhoven, and documents reflecting the total values of Kalkhoven's JDSU portfolio compared to his non-JDSU stock portfolio and other investments during the relevant time period defined in Lead Plaintiff's requests for production: January 1, 1999 to the date of the Guay report. Kalkhoven shall produce such documents to Lead Plaintiff by April 24, 2007. Kalkhoven need only produce documents that are already in existence, and need not create responsive documents from receipts or other supporting documents. This Order shall not be construed to require Kalkhoven to produce documents tracing his personal

spending, except for very large purchases such as real estate, if any. April 20, 2007 Order at 1:20-28. Defendant Kalkhoven did not file objections to these discovery orders, and instead reached an agreement with Plaintiff regarding which documents would be produced. In producing documents, however, Kalkhoven redacted all information showing where the proceeds from the sale of JDSU securities went. Lead Plaintiff filed this motion, arguing that without this information, it cannot test Kalkhoven's expert's opinion that Kalkhoven diversified his portfolio. On August 21, 2007, the Court held a hearing on Lead Plaintiff's motion.

The Court has already determined in its previous order that was not appealed that the information about Kalkhoven's diversification, including his use of the proceeds of the sales of JDSU securities, is relevant for purposes of discovery. By so drastically redacting the documents and failing to search for others in his custody or control, Kalkhoven has failed to comply with the letter and spirit of the Court's Orders. Kalkhoven continues to argue against the relevance of these documents, but he did not file objections with Judge Wilken to the April 10, 2007 Order that first ordered production of this information, and the Court has not reconsidered its determination of relevance. Accordingly, Lead Plaintiff's motion to compel compliance is granted.

At the hearing, the Court ordered the parties to meet and confer to reach an agreement on a workable solution for production of documents sufficient to show Kalkhoven's use of proceeds from JDSU securities. The parties agreed that, for the relevant time period, Kalkhoven would produce unredacted brokerage statements, bank statements showing the transfer of funds with a threshold amount of $300,000 from the proceeds of sales of JDSU securities and records showing where those proceeds went. Under the agreement, Kalkhoven would also produce a declaration explaining the use, to the extent possible, of sums of money in excess of $300,000 that cannot otherwise be traced through documents. The parties agreed that production would occur no later than September 21, 2007. By entering into this agreement about the scope of further production with Lead Plaintiff, Kalkhoven has not waived his right to appeal this order. But if Kalkhoven does not appeal, or

//

//

2

appeals and the appeal is lost, this Order sets forth the scope of production.

IT IS SO ORDERED.

Dated: August 22, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3