1  [Counsel Listed on Signature Pages]

2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

12

13 | In re JDSU UNIPHASE CORPORATION         Master File No. C-02-1486 CW (EDL)
   | SECURITIES LITIGATION
14 |
   | This Document Relates To:              **STIPULATION AND ORDER
15 |                                        REGARDING UNCONTESTED
   | ALL ACTIONS                            MOTIONS *IN LIMINE* AS MODIFIED**
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, the parties exchanged proposed Motions *in Limine* on August 24, 2007, and continued to discuss these matters thereafter;

WHEREAS, on September 5, 2007, the parties met and conferred and reached agreement on certain proposed Motions *in Limine*;

IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, that:

1. The parties shall not attempt to introduce evidence or argument demonstrating or referring to the current financial condition of JDS Uniphase Corporation ("JDSU"), including the potential effect of any judgment in this matter on JDSU's business, shareholders, or employees, or the possibility that JDSU would have to file for bankruptcy protection as a consequence of an adverse judgment.  This stipulation does not prohibit the parties from introducing evidence, such as testimony adduced through current JDSU employees, concerning JDSU's current operations, including the fact that JDSU is still in business, the locations of the Company's operating facilities, and descriptions of JDSU's products, provided that such evidence is admissible.

2. During the initial phase of the trial of this matter, as described in Paragraph 13 below, the parties shall not attempt to introduce evidence or argument demonstrating or referring to prior litigation by or against JDSU, the Individual Defendants (Kevin Kalkhoven, Jozef Straus, Anthony Muller and Charles Abbe), or the named plaintiffs ("Plaintiffs").[1]

3. During the initial phase of trial in this matter, as described in Paragraph 13 below, the parties agree that Lead Plaintiff may identify itself as "Connecticut Retirement Plans and Trust Funds, a pension fund for public employees in the State of Connecticut," but shall not provide additional detail about, or identify or describe the individual beneficiaries of, the constituent funds.

---

[1] The parties have not reached agreement whether evidence of Plaintiffs' prior litigation would be relevant if, after a finding of liability, a second phase of the trial commences.

4.  The parties shall not attempt to introduce evidence or argument regarding individualized issues of reliance or damages during the initial phase of trial, as described in Paragraph 13 below.

5.  The parties shall not attempt to introduce evidence or argument stating or implying that this matter is brought or being prosecuted as a governmental enforcement or regulatory action.

6.  The parties shall not attempt to introduce evidence or argument referring to the price of the common stock of JDS Fitel, Inc. ("Fitel"), Uniphase Corp. ("Uniphase"), or JDSU during any given period, or to the number of shares of JDSU common stock involved in any particular transaction(s), without adjusting for splits in Fitel, Uniphase, and JDSU common stock. The parties intend to attach a stock price table to the Joint Pretrial Conference Statement that accurately reflects the split-adjusted price of JDSU stock, and the fact that JDSU common stock split 2-for-1 (*i.e.*, replacing each share or option to purchase common stock with two shares or option to purchase two shares) on the following days: July 27, 1999, December 30, 1999 and March 10, 2000.

7.  The parties shall not attempt to introduce evidence or argument concerning JDSU's accounting for the compensation paid to former SDL executives.[2]

8.  The parties shall attempt to reach an agreement regarding the appropriate context for each challenged statement upon which Plaintiffs purport to base liability. They will attach a table to the Joint Pretrial Conference Statement that reflects any agreements they have reached regarding the proper context for each challenged statement. Plaintiffs also shall identify, in that table, the precise language of each statement that they contend is false or misleading.

---

[2] The parties did not reach agreement regarding the exclusion of any reference to the compensation paid to former SDL executives. Accordingly, that issue is addressed separately in Defendants' Motions *in Limine*.

1    9.   The parties shall not attempt to introduce the following evidence or argument
2  about JDSU's customers: restatements of financial results, audits, and investigations of
3  potential irregularities or announced irregularities.[3]
4    10.   The parties shall not attempt to introduce evidence or argument referring to the
5  existence of insurance coverage for the benefit of any Individual Defendant.
6    11.   The parties shall not attempt to introduce evidence or argument that JDSU's
7  executives were overpaid relative to executives at other companies, or that they received
8  improperly large or improperly priced or dated stock option grants from JDSU, Uniphase, or
9  Fitel. This does not preclude Plaintiffs from attempting to introduce evidence of the
10 Individual Defendants' compensation.
11   12.   Nothing in the foregoing shall be read to suggest that a party is precluded from
12 argument or evidence in response to another party's introduction of evidence in
13 contravention of the agreements reflected in the numbered paragraphs 1 through 11, above,
14 or necessary to comment on or rebut testimony that opens the door to the precluded evidence.
15                              *     *     *
16    The parties also stipulate to the following:
17   13.   The case shall proceed in two phases, with the first phase limited to classwide
18 issues. The parties agree that individualized issues of damages and reliance shall be reserved
19 for the second phase. The parties have not yet agreed about what additional issues also
20 should be reserved for the second phase.
21   14.   Jury instructions may be provided to the jury before the presentation of
22 evidence. The parties shall suggest to the Court jury instructions to be provided to the jury
23 before the presentation of evidence.

---

[3] The parties did not reach agreement regarding exclusion of any reference to matters described in a May 9, 2000 email bearing the subject line "Lucent Refund Program." Accordingly, that issue is addressed separately in Defendants' Motions *in Limine* and is excluded from this stipulation.

1    15.  Percipient witnesses shall, at the request of any party, be excluded from the courtroom while other witnesses are testifying.  The parties agree that this does not apply to parties and expert witnesses.

    16.  The issue of whether witnesses who appear on Defendants' witness list may be asked leading questions by Plaintiffs shall be resolved at trial.

    17.  The parties reserve the right to request the Court to resolve, at the appropriate time, additional motions *in limine* directed to the second phase of trial.

Dated:  September 18, 2007              MORRISON & FOERSTER LLP


                                        By:  /s/ Jordan Eth
                                             Jordan Eth

                                             Attorneys for Defendants
                                             JDS Uniphase Corporation, Jozef
                                             Straus, Anthony R. Muller, and
                                             Charles J. Abbe

| | |
|---|---|
| Dated: September 18, 2007 | HELLER EHRMAN LLP |
| | |
| | By: /s/ Howard S. Caro |
| |     Howard S. Caro |
| | |
| | Attorneys for Defendant |
| | Kevin Kalkhoven |
| | |
| Dated: September 18, 2007 | LABATON SUCHAROW & RUDOFF LLP |
| | |
| | BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO |
| | |
| | By: /s/ Anthony J. Harwood |
| |     Anthony J. Harwood |
| | |
| | Liaison Counsel for Lead Plaintiff Connecticut Retirement Plans and Trust Funds |

PURSUANT TO STIPULATION, IT IS SO ORDERED, **EXCEPT THE BIFURCATION PROVISIONS, WHICH MAY BE ADDRESSED AT THE PRETRIAL CONFERENCE.**

9/20/07

Dated: _____

_____
HONORABLE CLAUDIA WILKEN
United States District Court Judge

GENERAL ORDER 45 ATTESTATION

I, Jordan Eth, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Uncontested Motions *in limine*. In compliance with General Order 45, X.B., I hereby attest that Anthony J. Harwood, attorney for Plaintiffs, and Howard S. Caro, attorney for Defendant Kevin Kalkhoven have concurred in this filing.

Dated: September 18, 2007         MORRISON & FOERSTER LLP

By: /s/ Jordan Eth
    Jordan Eth

Attorneys for the JDSU Defendants