United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION | No. C 02-1486 CW<br><br>ORDER DENYING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT |
| _____ / | |

On August, 24, 2007 the Court entered an order granting in part and denying in part the motion for summary judgment by Defendants JDS Uniphase Corporation (JDS), Josef Straus, Anthony R. Muller and Charles Abbe, granting in part and denying in part Defendant Kevin Kalkhoven's motion for summary judgment and deferring ruling on Lead Plaintiff Connecticut Retirement Plans and

Trust Funds' cross-motion for partial summary judgment. The Court instructed the parties to submit further briefing on Plaintiffs' argument that Defendants had not met their burden of showing that the decline in JDS's stock value was based on some event independent of the alleged misrepresentations for purposes of their section 11 claims and should therefore be precluded from raising a negative causation defense at trial. Having considered the parties' papers, including the parties' supplemental briefing, the evidence cited therein and oral argument on the motions, the Court DENIES Plaintiffs' cross-motion for partial summary judgment.

In deferring judgment on Plaintiffs' cross-motion, the Court allowed Defendants to file an expert declaration providing analysis to support their defense that some or all of the loss related to Plaintiffs' section 11 claims was caused by factors other than the alleged misleading statements. Section 11 provides a remedy for any person acquiring a security based on a "registration statement [that] contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). Plaintiffs' remaining claims based on allegedly false or misleading registration statements all concern representations regarding JDS's good will.

Defendants provide an expert declaration opining that "JDSU's potential goodwill write-down disclosed on April 24, 2001 was neither different from what was expected nor did it (in and of itself) have implications for future cash flows." Kleidon Declaration ¶ 25. The expert cites various analysts opining that

1  the predicted write-down of good will was not a significant
2  indicator of the company's future performance.  See id. at ¶ 28.
3  Similarly, Defendants' expert declares, "Finance theory
4  demonstrates that the disclosure regarding the actual goodwill
5  write-down [in July, 2001] would not contribute" to the subsequent
6  drop in JDS's stock price and cites analysts stating an expectation
7  that the write-down should have "no impact to the earnings power of
8  the company" and therefore "little trading impact associated with
9  [it]."  Id. at ¶¶ 31, 33.  Further, Defendants' expert cites
10 various other factors, including "rapidly changing industry
11 conditions" as the cause of the stock price decline.  Id. at ¶ 34.
12     Defendants' expert's opinion is sufficient to establish that
13 there is a triable question of fact with respect to Defendants'
14 negative causation defense.  Plaintiffs' cross-motion for partial
15 summary judgment is DENIED (Docket No. 1194).
16     IT IS SO ORDERED.

Dated: 9/25/07

CLAUDIA WILKEN
United States District Judge

3