IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION / | No. C 02-1486 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION IN PART AND DENYING IT IN PART |

On September 14, 2007 the Court entered an order granting in part and denying in part Defendants JDS Uniphase Corporation (JDS), Jozef Straus, Anthony R. Muller and Charles Abbe's motion for leave to file a motion for partial reconsideration of the Court's August 24, 2007 order on their motion for summary judgment. Defendants have filed their motion seeking reconsideration of the Court's order with respect to Plaintiffs' § 20A claims against Mueller and Abbe and the Court's ruling on statements twenty-nine, forty-four and fifty-one. Lead Plaintiff Connecticut Retirement Plans and Trust Funds has filed a partial opposition[1] and submitted a separate letter indicating various corrections to the August 24, 2007 order. The matter were submitted on the papers. Having

---

[1] Plaintiffs do not oppose Defendants' motion with respect to statements twenty-nine and fifty-one. The Court grants Defendants' motion for reconsideration and grants summary judgment with respect to these statements.

considered the parties' papers and the evidence cited therein, the Court GRANTS in part Defendants' motion for partial reconsideration and DENIES it in part.

I.   Section 20A Claims Against Muller and Abbe

Defendants argue that the Court mistakenly denied summary judgment to Muller and Abbe on Plaintiffs' Securities Exchange Act § 20A claims because the Court granted summary judgment on all of the statements made by Muller and Abbe prior to the time of the allegedly improper sales.  Section 20A claims "require a predicate violation of a securities law, contemporaneous trading of defendant and plaintiff, and a profit gain or loss."  Howard v. Hui, 2001 U.S. Dist. LEXIS 15443, at *19 (N.D. Cal.), citing 15 U.S.C. § 78t-1(a)-(b).  However, as Plaintiffs' point out, their § 10(b) insider trading claims against Muller and Abbe are sufficient to serve as the predicate violation.  See Johnson v. Aljian, 490 F.3d 778, 781-82 (9th Cir. 2007).

Although the Court clearly granted Defendants leave to file a motion for reconsideration only in relation to Plaintiffs' § 20A claims, Defendants argue for the first time in their reply in support of their motion for reconsideration that they moved for reconsideration of the Court's order with respect to Plaintiffs' § 10(b) insider trading claim in addition to the § 20A claims.  However, Defendants did not include any argument regarding § 10(b) in their motion for leave to file their motion for reconsideration or in their motion for reconsideration.  See Motion for Leave to File Motion for Reconsideration at 5 (citing cases regarding § 20A cases); Motion for Reconsideration at 4 (same).

2

Defendants now seek to raise arguments about whether Plaintiffs plead a § 10(b) insider trading claim at all, and the strength of such a claim, that they failed to raise in their motion for summary judgment, their motion for leave to file a motion for reconsideration or their motion for reconsideration. Nevertheless, the Court finds that Plaintiffs did plead a § 10(b) insider trading claim when they alleged that Defendants' conduct "enable[d] the Individual Defendants to unload more than $500 million of company stock at inflated prices." SACC ¶ 394(iv).

Further, in denying Defendants' motion for summary judgment on Plaintiffs' insider trading claims, the Court noted the existence of triable questions of fact with respect to whether three statements made prior to the allegedly improper sales were false or misleading. Section 10(b) is "violated when a corporate insider trades in the securities of his corporation on the basis of material nonpublic information." United States v. O'Hagan, 521 U.S. 643, 651 (1997). This does not require that the insider make any false or misleading statements. That there are triable questions of fact with respect to the false or misleading nature of other JDS executives' public statements supports a finding of triable questions of fact with respect to whether Muller and Abbe, the Chief Financial Officer and Chief Operating Officers of JDS, had material nonpublic information when they sold stock. Defendants' motion for reconsideration is denied with respect to Plaintiffs' insider trading claims against Muller and Abbe.

II.  Statement Forty-Four

In its order on Defendants' motion for summary judgment, the

3

1  Court did not specifically rule on statement forty-four, which
2  asserts:
3      Strong demand for virtually all our optical components
       and modules products combined with the increased
4      operations resulting from our acquisitions completed
       subsequent to December 31, 1999 contributed to the
5      increases in gross profit.
6  Hrvatin Declaration, Exhibit 19 at 13.  Defendants argue that
7  summary judgment should have been granted because this is a
8  "historical statement[] regarding demand for JDS's products in
9  calendar year 2000."  Order at 14.  Plaintiffs counter that the
10 statement "relates to the reasons for increased profits in 2000,
11 not to demand."  Opposition at 5.
12     The Court's finding with respect to the technical veracity of
13 Defendants' statements regarding demand in 2000 applies to this
14 statement.  Even though the Court did not grant summary judgment
15 with respect to Plaintiffs' accounting claims based on the accuracy
16 of JDS's reporting of its profits in calendar year 2000, this
17 statement does not call into question the amount of JDS's gross
18 profits in 2000.  The Court grants Defendants' motion for
19 reconsideration and grants summary judgment with respect to
20 statement forty-four.
21 III. Plaintiffs' September 20, 2007 Letter
22     Plaintiffs submitted a letter to the Court indicating various
23 corrections to the August 24, 2007 order, to which Defendants did
24 not object.  Although a letter to the Court is not the correct way
25 to seek relief, <u>see</u> Civil Local Rule 7-1, the Court makes the
26 follow corrections to its August 24, 2007 order:
27     (1)  Page 1, line 24 should read "Jozef" instead of "Josef."
28

**United States District Court**
For the Northern District of California

4

(2) Page 2, line 20 should read "effective May 17, 2000" instead of "in late September, 1999."

(3) Page 7, line 8 should read "The Court granted Lead Plaintiffs' motion for class certification on December 21, 2005."

(4) Page 19, line 14 should read "in the October 26, 2000 conference call" instead of "in the same conference call."

(5) Page 20, line 21 should read "June 30, 2001" instead of "June 30, 2000."

(6) The sentence beginning on Page 31, line 8 should read "On January 17, 2000, JDS and E-TEK announced their agreement to merge by exchanging 2.2 shares of JDS stock for each common share and outstanding option of E-TEK."

(7) Page 42, footnote 12, line 22 should read "questioned" instead of "requested."

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for reconsideration in part and DENIES it in part (Docket. No. 1445).

IT IS SO ORDERED.

Dated: 9/27/07

_____
CLAUDIA WILKEN
United States District Judge