IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION _____/ | No. C 02-1486 CW<br><br>ORDER GRANTING DEFENDANTS JDS, STRAUS, MULLER AND ABBE'S MOTION TO DISMISS PLAINTIFFS' ADVA CLAIMS |

In its August 24, 2007 order on the parties' cross-motions for summary judgment, the Court deemed Plaintiffs' complaint amended to challenge additional alleged misstatements. August 24, 2007 Order at 12. The Court also permitted Defendants to file "a motion to dismiss the claims related to ADVA . . . if they have grounds to do so that were not raised or addressed in their motion for summary judgment." Id. On September 18, 2007, Defendants JDS Uniphase Corporation (JDSU), Jozef Straus, Anthony Muller and Charles Abbe

1 filed such a motion.  Plaintiffs oppose the motion.[1]  Having
2 considered the parties' papers and the evidence cited therein, the
3 Court grants Defendants' motion.

4 　　　As discussed in the order on the parties' cross-motions for
5 summary judgment, Plaintiffs' ADVA claims are based on Defendants'
6 valuation of ADVA, a company in which JDSU acquired a twenty-nine
7 percent interest through its acquisition of E-TEK.  Plaintiffs
8 claim that Defendants should have written down the carrying value
9 of ADVA during the quarter ending December 31, 2000 because of
10 declines in ADVA's stock prices.  Therefore, Plaintiffs argue that
11 the April 24, 2001 press release and the May 11, 2001 Form 10-Q for
12 the quarter ended March 31, 2001, which both reported assets of
13 $65,039.5 million, including $714.5 million based on JDSU's
14 valuation of its investment in ADVA, violate § 10(b) of the
15 Securities Exchange Act of 1934.

16 　　　The Court has already granted summary judgment to Defendants
17 on Plaintiffs' claims related to Defendants' statements of good
18 will in the press release and Form 10-Q because both documents
19 contained adequate warnings about the need to write-off good will.
20 Therefore, the Court found that the information regarding the

---

[1] As an initial matter, Plaintiffs argue Defendants' motion should be denied because Defendants make extensive reference to materials outside the pleadings.  In the alternative, Plaintiffs argue that the motion should be treated as a motion for summary judgment.  See Fed. R. Civ. P. 12(b).  Defendants counter that they relied on the documents to which Plaintiffs referred in their opposition to Defendants' motion for summary judgment because Plaintiffs have not filed an amended complaint.  In any event, the Court finds that Defendants' arguments entitle it to summary judgment on claims based on these two statements.

2

upcoming good will write-off had already entered the market and Defendants' failure explicitly to describe the write-off could not be found misleading. August 24, 2007 Order at 33 (citing In re Convergent Technologies Security Litigation, 948 F.2d 507, 513 (9th Cir. 1991)).

Defendants argue that similar reasoning applies here because the April 24, 2001 press release stated that JDSU was "evaluating the carrying value of certain long-lived assets, consisting primarily of $56.2 billion of goodwill recorded on its balance sheet at March 31, 2001." Fernandez Decl., Ex. 5 at 3. Further, the press release recognized "[d]ownturns in telecommunications equipment and financial markets" and stated that JDSU "anticipates recording additional charges to reduce the carrying value of the unamortized goodwill and other long-lived assets and such adjustments could represent a substantial portion of their carrying value." Id. Similarly, the May 11, 2001 Form 10-Q stated that JDSU was

> currently evaluating the carrying value of certain long-lived assets and acquired equity method investments, consisting primarily of $56.2 billion of goodwill and the Company's $757 million equity method investment in ADVA [] recorded on its balance sheet at March 31, 2001.

Id., Ex. 3 at 4. The Form 10-Q repeated the general statements regarding downturns in the market and the anticipation of future write-downs. Id.

Plaintiffs counter that the press release's reference to "long-lived assets" does not capture the value of ADVA, an equity method investment. First, Plaintiffs argue that long-lived assets refer only to tangible assets. However, this argument is

3

undermined by JDSU's statement that the long-lived assets and acquired equity method investments it was evaluating consisted "primarily of $56.2 billion of goodwill and the Company's $757 million equity method investment in ADVA." Id., Ex. 5 at 21. Neither good will nor equity method investments are tangible assets.

Further, Plaintiffs point to the Form 10-Q, which explicitly discusses long-lived assets and acquired equity method investments as evidence that long-lived assets cannot include equity method investments. Defendants argue that the discussion and balance sheets contained in the press release are less detailed than those in the Form 10-Q. While it might have been more precise if the Form 10-Q had stated that JDSU was assessing its long-lived assets including acquired equity method investments, the Form 10-Q was filed after the press release and would not have caused confusion for an individual reading the press release.

Plaintiffs next argue that the future write-down of ADVA was not adequately included in the press release or Form 10-Q because the documents did not explicitly state that the investment was impaired or discuss the amount of the anticipated write-down. However, the press release acknowledged "[d]ownturns in the telecommunications equipment and financial markets," stated that JDSU "anticipate[d] recording additional charges to reduce the carrying value of . . . long-lived assets" and recognized that "such adjustments could represent a substantial portion of their carrying value." Id., Ex. 5 at 3. Similarly, the Form 10-Q specifically recognized JDSU's "$757 million equity method

4

investment in ADVA" and repeated the warning that "adjustments could represent a substantial portion of their carrying value." <u>Id.</u>, Ex. 3 at 21.

    The Court finds that the information regarding JDSU's need to write-down the carrying value of ADVA was already in the market at the time of the alleged misstatements. Therefore, the Court GRANTS Defendants' motion (Docket No 1450).

    IT IS SO ORDERED.

Dated: 10/10/07

_____
CLAUDIA WILKEN
United States District Judge