1  Joseph J. Tabacco, Jr. (75484)
   Christopher T. Heffelfinger (118058)
2  BERMAN DeVALERIO PEASE
     TABACCO BURT & PUCILLO
3  425 California Street, Suite 2025
   San Francisco, California  94104-2205
4  Telephone:     (415) 433-3200
   Facsimile:     (415) 433-6382
5
   *Liaison Counsel for Lead Plaintiff*
6  *Connecticut Retirement Plans and Trust Funds*

7  Barbara J. Hart
   Mark S. Arisohn
8  Anthony J. Harwood
   Michael W. Stocker (179083)
9  Stefanie J. Sundel
   LABATON SUCHAROW LLP
10 140 Broadway
   New York, New York  10005
11 Telephone:     (212) 907-0700
   Facsimile:     (212) 818-0477
12
   *Lead Counsel for Lead Plaintiff Connecticut*
13 *Retirement Plans and Trust Funds*

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16                  **OAKLAND DIVISION**

17                                        )
18                                        )
   IN RE JDS UNIPHASE CORPORATION         )   **Master File No. C 02-1486 CW (EDL)**
19 SECURITIES LITIGATION                  )
                                          )   **CLASS ACTION**
20 ————————————————————————————          )
                                          )
21 This Document Relates To:              )
        All Actions                       )   **LEAD PLAINTIFF'S REVISED**
22                                        )   **VERDICT FORM**
                                          )
23 ————————————————————————————          )
24
25
26
27
28

LEAD PLAINTIFF'S  REVISED VERDICT FORM

1

# I.      SECTION 10(b) LIABILITY

Please answer the questions below for each statement on the  list of challenged statements (Exhibit A) and indicate your unanimous answers on the verdict table (Exhibit B).  If a box on the verdict table is shaded in or already filled in, that means that the question does not apply to the corresponding statement or that the parties have agreed to a given answer.  Please skip any question that is shaded in or already answered.  Please answer yes or no for any question that is not shaded.

A.      Which of the individual defendants do you find, by a preponderance of the evidence, was substantially involved in the preparation of the challenged statement?

B.      Do you find, by a preponderance of the evidence, that this challenged statement contains an untrue statement of a material fact, or omits a material fact necessary under the circumstances to keep the statement that was made from being misleading?

**If you answered "Yes," please proceed to question C.   If you answered "No," please return to question A for the next statement.**

C.      Do you find by a preponderance of the evidence that the statement was made with knowledge that it was false or misleading?

**If you answered "Yes" please proceed to Question D.  If you answered "No," please return to Question A for the next statement.**

D.      Do you find by a preponderance of the evidence that the statement was made with a highly unreasonable disregard for whether it was false or misleading that (i) was an extreme departure from the standards of ordinary care and (ii) presented a danger of misleading investors

1   that was either known to the author or speaker or was so obvious that he must have been aware

2   of it?

3        **If you answered "Yes," please proceed to question F.  If you answered "No," please**

4   **return to question A for the next statement.**

5

6        E.     Do you find by a preponderance of the evidence that the forward-looking

7   statement was not accompanied by meaningful cautionary statements identifying factors that

8   could cause actual results to differ materially from those in the forward-looking statement?

9

10        **If you answered "Yes," please proceed to question F.  If you answered "No," please**

11   **return to question A for the next statement.**

12

13        F.     Do you find by a preponderance of the evidence that there is a substantial

14   likelihood that a reasonable investor would consider the statement important in deciding whether

15   to buy, sell or trade JDSU securities?

16

17        **If you answered "Yes" please proceed to Question G.  If you answered "No," please**

18   **proceed to Question A for the next statement.**

19

20        G.     Do you find by a preponderance of the evidence that the untrue statement of

21   material fact, or the omitted material fact, played a substantial part in causing a loss to plaintiffs?

22

23        **If you answered "Yes," please proceed to question H.  If you answered "No," please**

24   **return to question A for the next statement.**

25

26        H.     Do you find that any of the following individuals directly or indirectly controlled

27   the person who made the statement above, directly or indirectly induced the person to make the

28

statement, and did not act in good faith?  If so, check "Yes" in the column below the individual's name on Exhibit B.

**Please return to question A for the next statement.  Once you have responded to all questions for all 24 statements please proceed to Section II.**

## II.   SECTION 14 LIABILITY

**Dr. Jozef Straus**

1.  Did you find that Defendant Straus made statement number 10?

YES _____

NO  _____

2.  Do you find, by a preponderance of the evidence, that Defendant Straus failed to act with ordinary or reasonable care when he made statement number 10?

YES _____

NO  _____

**Tony Muller**

1.  Did you find that Defendant Muller made statement number 10?

YES _____

NO  _____

2.  Do you find that, by a preponderance of the evidence, Defendant Muller failed to act with ordinary or reasonable care when he made statement number 10?

YES _____

NO  _____

## III.      SECTION 11 LIABILITY

A.      Jozef Straus

1.   Did you find that Defendant Straus made Statement 10?  (*See* Exhibit B, column A)

2.   If yes, do you find by a preponderance of the evidence, that Defendant Straus acted with reasonable diligence?

YES ____

NO  ____

3.   If yes, do you find by a preponderance of the evidence that Defendant Straus had reasonable ground to believe, and did believe, that the statement was true and that there was no omission making it materially misleading?

**If yes, please skip to B below.  If no, please answer Question 4.**

4.   Do you find, by a preponderance of the evidence, that defendant Straus had no reasonable basis to believe, and did not believe, that the audited financial statement that Ernst & Young prepared for the fiscal year ended June 30, 2000 was untrue or omitted material information necessary to make it true?

**If yes, please skip to B below.  If no, please answer Question 5.**

5.   Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 10 being false?  If no, skip to B below.

6.   If yes, what portion of the decline in the value of JDSU's stock resulted from statement

10 being false?  _____%

7.  Did you find that Defendant Straus made Statement 16?  (See Exhibit B, column A)

8.  If yes, do you find by a preponderance of the evidence, that Defendant Straus acted with reasonable diligence?

YES _____

NO  _____

9.  If yes, do you find by a preponderance of the evidence that Defendant Straus had reasonable ground to believe, and did believe, that the statement was true and that there was no omission making it materially misleading?

**If yes, please skip to B below.  If no, please answer Question 10.**

10. Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 16 being false?  If no, skip to B below.

11.  If yes, what portion of the decline in the value of JDSU's stock resulted from statement 16 being false?  _____%.

**B.    Tony Muller**

   1.  Did you find that Defendants Muller made Statement 10?  (*See* Exhibit B, column A)


   2.  If yes, do you find by a preponderance of the evidence, that Defendant Muller acted with reasonable diligence?

   YES ____

   NO  ____


   3.  If yes, do you find by a preponderance of the evidence that Defendant Muller had reasonable ground to believe, and did believe, that the statement was true and that there was no omission making it materially misleading?

If yes, please skip to C below.  If no, please answer Question 4.


   4.  Do you find, by a preponderance of the evidence, that defendant Muller  had no reasonable basis to believe, and did not believe, that the audited financial statement that Ernst & Young prepared for the fiscal year ended June 30, 2000 was untrue or omitted material information necessary to make it true?  If yes, please skip to B below.  If no, please answer Question 5.


   5.  Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 10 being false?  If no, skip to B below.


   6.  If yes, what portion of the decline in the value of JDSU's stock resulted from statement 10 being false?  _____%


   7.  Did you find that Defendant Muller made Statement 16?  (See Exhibit B, column A)

1

2    8.   If yes, do you find by a preponderance of the evidence, that Defendant Muller acted with

3   reasonable diligence?

4    YES _____

5    NO  _____

6

7   **If yes, please skip to C below.  If no, please answer Question 10.**

8

9    9.   If yes, do you find by a preponderance of the evidence that Defendant Muller had

10   reasonable ground to believe, and did believe, that the statement was true and that there was no

11   omission making it materially misleading?

12

13    10. Do you find, by a preponderance of the evidence, that some portion of the decline in the

14   value of JDSU's stock resulted from something other than statement 16 being false?  If no, skip

15   to C below.

16

17    11.   If yes, what portion of the decline in the value of JDSU's stock resulted from statement

18   16 being false?    _____%.

19

20

21

22

23

24

25

26

27

28

**C.      JDSU**

   1.  Did you find that JDSU made Statement 10?  (See Exhibit B, column A)

   2.  If yes, do you find by a preponderance of the evidence, that JDSU did not know and in the exercise of reasonable care, could not have known, that statement 10 was false or omitted information necessary to make it true?

      YES ____

      NO  ____

**If yes, please skip to Section IV  below.  If no, please answer question number 3.**

   3.  Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 10 being false?

      **If "No," please skip to Question 5.**

   4.  If yes, what portion of the decline in the value of JDSU's stock resulted from statement 10 being false?   _____%

   5.  Did you find that JDSU made Statement 16?  (See Exhibit B, column A)

   6.  If yes, do you find by a preponderance of the evidence, that JDSU did not know and in the exercise of reasonable care, could not have known, that statement 10 was false or omitted information necessary to make it true?

      YES ____

      NO  ____

**If yes, please skip to Section IV below.  If no, please answer question number 7.**

7.  Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 16 being false?

**If "No," please skip to Section IV below.**

8.  If yes, what portion of the decline in the value of JDSU's stock resulted from statement 16 being false?   _____%

## IV.   SECTION 12 LIABILITY

### JDSU

1.      Did you find that JDSU made statement 10?  (See Exhibit A, column B)

2.      Did you find that the falsity of statement 10 was material?   (See Exhibit A, Column C)

**[If no, skip to Section V below.  If yes, please answer Question 3]**

3.      Do you find, by a preponderance of the evidence, that JDSU did not know, and in the exercise of reasonable care could not have known, that statement 10 was false or omitted information necessary to make it true?  If yes, skip to Section V below.  If no,  please answer Question 4.

4.      Do you find, by a preponderance of the evidence, that some portion of the decline in the value of JDSU's stock resulted from something other than statement 10 being false?

5.      If yes, what portion of the decline in the value of JDSU's stock resulted from statement 10 being false?   _____%

**V.**    **SECTION 15 LIABILITY**

1.    Identify from the list below any individual defendant that you unanimously find, at the time of statement 10,  (1) exerted direct or indirect power or influence over the person who committed the violation at the time of violation, (2) was a culpable participant in making the materially false or misleading statement.

Mr. Straus _____

Mr. Abbe   _____

Mr. Muller _____

**VI.**    **SECTION 20 LIABILITY**

1.    Identify from the list below each defendant who sold JDSU stock with actual knowledge of material non-public information:

Mr. Straus _____

Mr. Kalkhoven  _____

Mr. Abbe   _____

Mr. Muller _____

2.    If you answered yes, please fill in the inflation percentage for each date on which you find the defendant made a sale in violation of 20A.  If you find that the Defendant did not violate 20A on a particular date please insert a zero under inflation percentage.

**Dr. Jozef Straus  - Insider Selling Damages**

| Stock Sale Date | Inflation Percent |
|---|---|
| 8/1/00 | % |
| 8/1/00 | % |
| 8/1/00 | % |
| 8/1/00 | % |
| 8/1/00 | % |
| 8/4/00 | % |
| 8/4/00 | % |
| 8/7/00 | % |
| 8/7/00 | % |
| 8/7/00 | % |
| 8/7/00 | % |
| 8/8/00 | % |
| 2/1/01 | % |
| 2/1/01 | % |
| 3/6/01 | % |
| 3/6/01 | % |

1    **<u>Kevin Kalkhoven – Insider Selling Damages</u>**

2

| Stock Sale Date | Inflation Percent |
|---|---|
| 5/22/00 | % |
| 5/22/00 | % |
| 5/24/00 | % |
| 7/31/00 | % |
| 7/31/00 | % |
| 8/4/00 | % |
| 8/7/00 | % |
| 8/21/00 | % |
| 8/22/00 | % |
| 8/22/00 | % |
| 8/31/00 | % |
| 8/31/00 | % |
| 9/1/00 | % |
| 9/7/00 | % |
| 9/12/00 | % |
| 9/18/00 | % |
| 9/19/00 | % |
| 9/20/00 | % |
| 9/21/00 | % |
| 9/22/00 | % |
| 9/25/00 | % |
| 9/27/00 | % |
| 9/28/00 | % |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 10/5/00 | % |
| 10/10/00 | % |
| 10/11/00 | % |
| 10/13/00 | % |
| 10/16/00 | % |
| 10/25/00 | % |
| 10/27/00 | % |
| 11/1/00 | % |
| 1/18/01 | % |
| 3/22/01 | % |
| 4/11/01 | % |

1

2 **<u>Tony Muller – Insider Selling Damages</u>**

3

4
5

| Stock Sale Date | Inflation Percent |
|---|---|
| 5/22/00 | % |
| 5/30/00 | % |
| 7/31/00 | % |
| 8/1/00 | % |
| 8/2/00 | % |
| 8/4/00 | % |
| 8/4/00 | % |
| 8/4/00 | % |
| 8/4/00 | % |
| 8/7/00 | % |
| 8/7/00 | % |
| 8/8/00 | % |
| 8/11/00 | % |
| 8/11/00 | % |
| 8/14/00 | % |
| 8/14/00 | % |
| 8/16/00 | % |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**<u>Charles Jay Abbe – Insider Selling Damages</u>**

2

3

| Stock Sale Date | Inflation Percent |
|---|---|
| 8/1/00 | % |
| 8/11/00 | % |
| 2/26/01 | % |
| 2/27/01 | % |
| 2/28/01 | % |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **VII.          A.      <u>Damages under Sections 10(b), 14a, & 20</u>**

2          If you answered yes to any of the questions in column G, please fill in the percentage by

3   which JDSU's stock was inflated on the dates below.

4

| Period | Begin Date | End Date | Percentage Inflation |
|--------|-----------|----------|----------------------|
| 1 | 4/26/00 | 7/25/00 | % |
| 2 | 7/26/00 | 7/26/00 | % |
| 3 | 7/27/00 | 8/31/00 | % |
| 4 | 9/1/00 | 10/24/00 | % |
| 5 | 10/25/00 | 10/25/00 | % |
| 6 | 10/26/00 | 1/25/01 | % |
| 7 | 1/26/01 | 1/28/01 | % |
| 8 | 1/29/01 | 2/15/01 | % |
| 9 | 2/16/01 | 3/28/01 | % |
| 10 | 3/29/01 | 4/19/01 | % |
| 11 | 4/20/01 | 4/22/01 | % |
| 12 | 4/23/01 | 4/23/01 | % |
| 13 | 4/24/01 | 4/24/01 | % |
| 14 | 4/25/01 | 6/14/01 | % |
| 15 | 6/15/01 | 6/17/01 | % |
| 16 | 6/18/01 | 7/26/01 | % |
| 17 | 7/27/01 | 8/31/01 | % |

B.    **PROPORTIONATE LIABILITY FOR 10(b)[1]**

For each defendant that violated Section 10(b), please fill in the percentage of responsibility in the table below.  The total of all percentages must equal 100%.

| A | B | C |
|---|---|---|
| **Defendant** | **Did this Defendant violate Section 10(b)?** | **Percentage of Responsibility** |
| Dr. Jozef Straus | Yes or No | % |
| Tony Muller | Yes or No | % |
| Jay Abbe | Yes or No | % |
| JDSU | Yes or No | % |

---

[1] Lead Plaintiff proposes that the Court recess briefly to complete column B of the proportionate liability table based on the jury's answers in the table of Exhibit B for 10(b) liability before submitting the proportionate liability table to the jury.