1  [Counsel Listed on Signature Pages]

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  OAKLAND DIVISION

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. C-02-1486 CW (EDL)<br><br>**ORDER GRANTING AS MODIFIED STIPULATION AND JOINT SUBMISSION REGARDING PRESENTATION OF DEPOSITION TESTIMONY TO THE JURY** |

Pursuant to the Court's Minute Order dated October 12, 2007 and its instructions at the final pretrial conference on October 9, the parties submit this stipulation and joint submission regarding the presentation of deposition testimony to the jury.

**I.   STIPULATION**

WHEREAS, at the October 9, 2007 final pretrial conference, and in the Court's Minute Order of October 12, the Court provided guidance to the parties regarding the presentation of deposition testimony to the jury

WHEREAS, the parties met and conferred to coordinate a process for the submission of their deposition designations to the Court;

IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, that:

1. A party seeking to present deposition testimony to the jury (the "designating party") shall mark those designations on the deposition transcript and serve that document on the opposing party (the "receiving party") by messenger at least nine days before presenting the witness's testimony to the jury. Plaintiffs shall serve copies of their marked designations on both counsel for the JDSU Defendants and for Mr. Kalkhoven.[1]

2. The designating party shall mark its designations on the official deposition transcript, and shall mark any corrections that have been submitted by the witness (in the form of an errata) on the transcript. If both Mr. Kalkhoven and the JDSU Defendants seek to designate testimony from the same witness, they shall submit those designations on a single transcript.[2]

---

[1] The documents referenced in this stipulation shall be served on opposing counsel between 8:00 a.m. and 6:00 p.m. While both Mr. Kalkhoven and the JDSU Defendants will receive copies of Plaintiffs' designations, they shall make any counter-designations or objections on a single document, as set forth below.

[2] In light of the Court's October 16 Order regarding the sequencing of witnesses and presentation of deposition testimony, Plaintiffs will provide Defendants with their affirmative designations for six witnesses by 9:00 a.m. on October 17. Defendants affirmative designations,
(Footnote continues on next page.)

3. The designations shall be limited to the deposition designations already filed by the designating party, subject to the disputes set out below. The JDSU Defendants and Mr. Kalkhoven may designate from the deposition designations filed on behalf of all Defendants. (Defendants filed their designations on September 26; Plaintiffs' designations were deemed filed by the Court on October 3 and October 9.) Either party may narrow the previously-filed designations.

4. Plaintiffs will highlight their affirmative designations in blue; Defendants will highlight their affirmative designations in pink.

5. The receiving party shall highlight its affirmative designations, counter-designations and assert any objections on the same hard-copy transcript provided by the designating party.

6. Plaintiffs shall use orange to indicate their counter-designations; Defendants shall highlight any counter-designations in yellow.

7. The receiving party shall set forth any objections to the designations in the margin. Plaintiffs will set forth any objections in blue ink; Defendants will set forth their objections in red ink.

8. No later than 72 hours after receiving a transcript with the designating party's designations, the receiving party shall return the transcript, marked with any objections and highlighted affirmative designations and counter-designations, to the designating party. If the Defendants are the receiving party, they shall consolidate all of their affirmative designations, counter-designations, and objections onto the same hard-copy transcript provided by the designating party.

9. Upon receipt of the marked transcript, the designating party shall have up to 24 hours to insert any handwritten objections in the margin to the receiving party's

---

(Footnote continued from previous page.)

counter-designations and objections will be due on Saturday, October 20. Plaintiffs will submit the marked transcripts to the Court on Monday, October 22, so that it may rule on any objections.

| | |
|---|---|
| 1 | designations. If Defendants are the designating party, they shall consolidate all of |
| 2 | their objections onto the same hard-copy transcript. |
| 3 | 10. No later than **9:00 A.M.** three days before the designating party presents the |
| 4 | testimony to the jury, the designating party shall messenger the final marked |
| 5 | transcript to the Court so that it may rule on any objections. That marked |
| 6 | transcript shall be accompanied by any exhibits that are referenced in the parties' |
| 7 | designations. The designating party also shall messenger a copy of the final |
| 8 | marked-up transcript submitted to the Court to the receiving party. (If Plaintiffs |
| 9 | are the designating party, they shall provide copies both to counsel for the JDSU |
| 10 | Defendants and counsel for Mr. Kalkhoven.) |
| 11 | 11. Upon receiving the Court's ruling on the parties' objections, the designating party |
| 12 | shall be responsible for preparing a single video clip encompassing all affirmative |
| 13 | designations and counter-designations in the sequence the testimony was given. |
| 14 | The single video clip shall accurately reflect the Court's rulings on the |
| 15 | admissibility of the testimony. The designating party shall provide a copy of the |
| 16 | video clip to the receiving party **by 9:00 A.M. on the day preceding the** |
| 17 | **presentation of the testimony to the jury**. (If Plaintiffs are the designating party, |
| 18 | they shall provide copies both to counsel for the JDSU Defendants and counsel for |
| 19 | Mr. Kalkhoven.) |
| 20 | 12. By no later than 5:00 p.m. on the day preceding the presentation of the testimony |
| 21 | to the jury, the receiving party shall notify the designating party of any technical |
| 22 | issues with the tape so that they may be corrected, if possible, before publication to |
| 23 | the jury. If the testimony is not corrected, the receiving party reserves the right to |
| 24 | raise an objection with the Court prior to the publication of the testimony to the |
| 25 | jury. |
| 26 | 13. Once testimony from a witness has been presented to the jury by deposition, a |
| 27 | party may play rebuttal testimony from that witness's deposition later in its case- |
| 28 | in-chief, but only if necessary to rebut unanticipated evidence offered by other |

1  witnesses after the witness's deposition testimony was presented to the jury.  Any
2  such rebuttal testimony must already have been designated by the party seeking to
3  publish it to the jury.  (If by Defendants, in their designations filed on
4  September 26, or if by Plaintiffs, in their designations deemed filed on October 3
5  or October 9.)  Any objections to the rebuttal testimony shall be ruled upon by the
6  Court prior to the presentation of the additional videotape testimony.  If a party
7  designates any such rebuttal testimony, the receiving party may designate counter-
8  designations to the rebuttal testimony.

## II.  DISPUTED ADDITIONAL DESIGNATIONS

<u>Plaintiffs' View</u>

Plaintiffs seek to add to their designations a brief section of the October 18, 2006 deposition testimony of Eldred F. Newland, including  48:17-18; 48:25-49:6.  This testimony reflects the introduction of Deposition Exhibit 317 (marked as Plaintiffs' Trial Exhibit 230). While Plaintiffs' previously-filed deposition designations reflect testimony about this exhibit (at Newland 53, 55), the designations omit the introduction of this exhibit at the deposition.

Plaintiffs also seek to add to their designations a brief section of the July 17, 2007 deposition testimony of Gordon Buchan, including 173:23-174:21; 175:2-15, encompassing the introduction of Deposition Exhibit 1075 (marked as Trial Exhibit 146), and the witness' initial testimony regarding that document.  Plaintiffs have previously filed designations encompassing discussion of this document at pages 175, 176, and 179 of Buchan's deposition.

Consistent with the Court's admonition to avoid designating questions with no answers, Plaintiffs will add to their previously filed designations any omitted answers to previously-designated questions.  Plaintiffs will identify any added material to Defendants to ensure their opportunity to make any objections.

<u>Defendants' View</u>

Plaintiffs state that they intend to augment their previously-filed designations to include questions for already-designated answers, answers to already-designated questions, and

1  *completely new portions of testimony* by Messrs. Newland and Buchan.  Defendants do not object
2  to Plaintiffs designating questions associated with testimony that previously had been designated,
3  as those questions will assist the jury in understanding the testimony.  Plaintiffs should not be
4  permitted, however, to designate answers where only the questions previously had been
5  designated.  Plaintiffs argue that they are merely acting "consistent[ly] with the Court's
6  admonition" by adding material that they previously failed to designate — despite representing on
7  October 3, 2007 that they had corrected their previously filed designations to ensure that they
8  included no more "questions without answers."  Such answers would constitute substantive
9  additions to Plaintiffs' evidence long after the deadline for designating that evidence.

10         Similarly, Plaintiffs should not be allowed to designate new portions of the Newland and
11  Buchan deposition transcripts.  This submission is at least the *sixth* time that Plaintiffs have
12  sought to revise their list of deposition designations, including at least *three revisions  after* the
13  Court's September 26, 2007 deadline.  Defendants moved to strike one of those earlier revised
14  lists on September 28, but then withdrew their motion after Plaintiffs stipulated that their then-
15  latest version would be their last.  Plaintiffs promptly renounced that stipulation, however, by
16  submitting yet another list and moving the Court for an order excusing their delay under
17  Rule 16(b).  With their latest request to file untimely deposition designations, Plaintiffs do not
18  even bother to explain why they were unable to make those designations earlier or why there is
19  "good cause" for allowing them leave *once again* to revise their list.  The Court should not further
20  indulge Plaintiffs' repeated refusals to comply with the disclosure deadlines in this case.  *See,*
21  *e.g., Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that
22  failure to comply with pretrial deadline may only be excused upon a showing of diligence and
23  that  "carelessness is not compatible" with such a showing).

| | | |
|---|---|---|
| 1 | Dated: October 17, 2007 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Philip T. Besirof |
| 4 | | Philip T. Besirof |
| 5 | | Attorneys for Defendants JDS Uniphase Corporation, Jozef Straus, Anthony R. Muller, and Charles J. Abbe |
| 6 | | |
| 7 | Dated: October 17, 2007 | HELLER EHRMAN LLP |
| 8 | | |
| 9 | | By: /s/ Howard S. Caro |
| 10 | | Howard S. Caro |
| 11 | | Attorneys for Defendant Kevin Kalkhoven |
| 12 | | |
| 13 | Dated: October 17, 2007 | LABATON SUCHAROW & RUDOFF LLP |
| 14 | | BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO |
| 15 | | |
| 16 | | By: /s/ Michael W. Stocker |
| 17 | | Michael W. Stocker |
| 18 | | Liaison Counsel for Lead Plaintiff Connecticut Retirement Plans and Trust Funds |
| 19 | | |

PURSUANT TO STIPULATION, PARAGRAPHS 1-13 ARE ADOPTED BY THE COURT **AS MODIFIED**.

IT IS SO ORDERED.

Dated: October 22, 2007

*[signature: Claudia Wilken]*

HONORABLE CLAUDIA WILKEN
United States District Court Judge

<u>GENERAL ORDER 45 ATTESTATION</u>

I, Philip T. Besirof, am the ECF User whose ID and password are being used to file this Stipulation and Joint Submission Regarding Presentation of Deposition Testimony to the Jury. In compliance with General Order 45, X.B., I hereby attest that Michael W. Stocker, attorney for Plaintiffs, and Howard S. Caro, attorney for Kevin Kalkhoven, have concurred in this filing.

Dated:  October 17, 2007           By: /s/ Philip T. Besirof
                                        Philip T. Besirof

                                        Attorneys for the JDSU Defendants