**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re JDS UNIPHASE CORPORATION                No. C 02-1486 CW
SECURITIES LITIGATION

AMENDED ORDER
GRANTING IN PART
DEFENDANTS'
MOTION TO
MAINTAIN
CONFIDENTIALITY
OF DOCUMENTS AT
TRIAL AND MOTION
TO SEAL

_____/        [DOCKET NO. 1649]

Defendants JDS Uniphase Corporation (JDSU), Jozef Straus,

Anthony R. Muller, Charles Abbe and Kevin Kalkhoven have filed an

administrative motion to maintain the confidentiality of certain

documents at trial and to file those documents under seal.  Lead

Plaintiff Connecticut Retirement Plans and Trust Funds opposes the

motion, arguing that there are no sufficiently compelling reasons

to seal the documents that outweighs the public right of access to

them.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  Having considered the parties' positions and good cause appearing therefor, the Court hereby orders that:

(1)  Defendants' motion is granted in part with respect to the financial reports documenting non-parties' stock options received and exercised, stock sold and proceeds from those sales.  Although third parties have an interest in keeping their financial information and home addresses private, the records "can be redacted easily to protect third-party privacy interests while leaving other meaningful information."  Id. at 1137.  Plaintiffs shall redact names, home addresses and any other identifying information prior to publishing these records at trial.  However, if Plaintiffs intend to introduce testimony from a non-party individual linking that individual's stock sale to knowledge of material, non-public information, and there is evidence to link that knowledge to any Individual Defendant, Plaintiffs may disclose the name of the non-party individual.

(2)  Defendants' motion is granted in part with respect to the email containing Thomas Pitre's salary.  Pitre's privacy interests can be protected by redacting the amount of his salary, the amount offered to him by the competitor and the salary increase offered by JDSU.  Plaintiffs may discuss the percentage of the salary increases offered, but may not discuss the actual amount Pitre earned or could have earned.

(3)  Defendants' motion is granted in part with respect to the board minutes and discussion memorandum.  Although their compelled production of information deemed to be attorney work product does

2

**United States District Court**

For the Northern District of California

1   not constitute a waiver of that right, <u>see</u> <u>Transam Computer Co.,</u>

2   <u>Inc. v. Int'l Bus. Machs. Corp.</u>, 573 F.2d 646, 651 (9th Cir. 1978),

3   Defendants assert that only two paragraphs were found to be

4   protected by Judge LaPorte.  Therefore, only those paragraphs can

5   be kept out of the public record.  However, the Court notes that

6   Defendants' counsel have referred to at least some of the allegedly

7   protected materials in open court.  <u>See, e.g.</u>, Transcript of

8   Pretrial Conference at 95 (referred to allegedly protected material

9   at JDSU 021486).  Therefore, Plaintiffs may introduce these

10  materials, except the protected paragraph at JDSU 021483, to the

11  extent that the evidence is admissible.

12      (4)  Defendants' motion to seal is granted in part.

13  Defendants shall redact the documents they seek to file under seal

14  in a manner consistent with this order and shall file those

15  documents in the public record.  The unredacted versions shall be

16  filed under seal.

17      IT IS SO ORDERED.

18

19  Dated: 10/24/07

                        _____
20                      CLAUDIA WILKEN
                        United States District Judge
21

22

23

24

25

26

27

28                                  3