1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JDS UNIPHASE CORPORATION                    No. C 02-1486 CW
SECURITIES LITIGATION

FINAL JURY
INSTRUCTIONS

_____/

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the
evidence, it is my duty to instruct you as to the law of the case.
A copy of these instructions will be sent with you to the jury room
when you deliberate.  You should discard the preliminary
instructions; these instructions control and you need not concern
yourselves with differences between them and the preliminary
instructions.  You must not infer from these instructions or from
anything I may say or do as indicating that I have an opinion
regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Burden of Proof**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more likely true than false.  You should base your decision on all of the evidence, regardless of which party presented it.

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness, whether from the witness stand, video deposition or deposition transcripts that are read aloud;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

2

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

3

**Emails and Documents as Evidence**

During the course of trial you have seen emails and other documents addressed to and from various people.  In some instances, an email or other document was admitted because it was relevant to the knowledge or the state of mind of the writer or recipient of the email or other document.

You should keep in mind that not all emails are relevant to the knowledge or state of mind of every Individual Defendant.  In particular, unless Plaintiffs have shown by a preponderance of the evidence that a particular Individual Defendant did see an email or document, or was otherwise made aware of its contents, that email or other document is not admissible against a defendant who didn't write or receive the email or document.

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the evidence in the case, you should disregard these demonstrative exhibits and determine the facts from the underlying evidence.

**Charts and Summaries Received in Evidence**

Other charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports

United States District Court
For the Northern District of California

them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5

**United States District Court**
For the Northern District of California

5.    whether other evidence contradicted the witness's

testimony;

6.    the reasonableness of the witness's testimony in light of

all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily

depend on the number of witnesses who testify about it.

### Representation of Witnesses

You have heard testimony from certain non-party witnesses that

JDSU has paid for their attorney fees to prepare for testimony in

this case, including at depositions.  You should be aware that

California law requires companies such as JDSU to pay the legal

expenses for a lawyer that current or former employees choose, if

the expenses are incurred in direct consequence of the discharge of

their duties.  In addition, JDSU's own corporate bylaws, which

predate this litigation, mandate that the company pay the legal

fees for current and former employees in connection with testifying

during litigation.

You have heard testimony from certain non-party witnesses that

they have been, or are, represented by Morrison & Foerster or

Heller Ehrman, counsel for certain Defendants in this action.

There is nothing improper about Morrison & Foerster or Heller

Ehrman representing these individuals.

6

**United States District Court**
For the Northern District of California

There is also nothing improper about parties and witnesses consulting with their attorneys before they testify.

### Deposition Testimony

When a person was unavailable to testify at trial, the deposition or portions of the deposition of that person was used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded, and often, as in this case, the entire deposition is recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

### Opinion Evidence, Expert Witnesses

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion and all the other evidence in the case.

7

**Parties and Claims**

I will first give you a summary of each side's position in this case.  I will then tell you what each side must prove to win on each of its claims or defenses.

Plaintiffs claim to have suffered a loss caused by Defendants' alleged violation of the federal securities laws.  The securities laws govern the buying and selling of securities, such as stocks and bonds.  Plaintiffs have brought claims under Sections 10(b), 14(a), 20 and 20A of the Securities Exchange Act of 1934.  Some of the claims apply to all Defendants, while other claims apply to some Defendants and not others.  You must consider whether Plaintiffs have proved each claim separately and you must also consider each claim against each Defendant separately.

On any claim, if you find that each of the elements on which Plaintiffs have the burden of proof has been proved, your verdict should be for Plaintiffs on that claim, unless you also find that any Defendant has proved a defense, in which event your verdict should be for that Defendant on that claim.

**Verdict Table**

You will have a Verdict Table on which you will indicate your findings.  You will also have a Verdict Questions Form, with instructions and questions to guide you through the process of filling out the Verdict Table.

**United States District Court**
For the Northern District of California

### Section 10(b) of the Securities Exchange Act
### False or Misleading Statements

Plaintiffs contend that JDSU, Straus, Muller, Abbe and Kalkhoven violated Section 10(b) of the Securities Exchange Act of 1934 by making various false or misleading statements.

To establish their claim under Section 10(b), Plaintiffs bear the burden of proving all of the following elements by a preponderance of the evidence:

1.   in connection with the purchase or sale of a security registered on a national securities exchange, the defendant made a misstatement or omitted information necessary under the circumstances to prevent the statement from being misleading;

2.   the misstatement or omitted information was material;

3.   the defendant acted with a particular state of mind, which is called scienter and which will be defined below; and

4.   Plaintiffs suffered damages as a result.

### Liability of JDSU under Section 10(b)

JDSU is a corporation.  A corporation acts through its officers.  Therefore, if any Individual Defendants violated Section 10(b), JDSU will also be liable.

### Misstatement or Omission

**United States District Court**
For the Northern District of California

A misstatement is a statement that was false or misleading when it was made.  An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

**Predictions About the Future and Forward-Looking Statements**

Under Section 10(b), a prediction about the future constitutes a material misstatement or omission if:

1. the person who made the prediction did not genuinely believe it;

2. the person who made the prediction had no reasonable basis for the belief; or

3. the person who made the prediction was aware of undisclosed facts tending to seriously undermine the accuracy of the statement.

Evidence that the prediction turned out to be incorrect does not prove that it was a material misstatement when it was made.

**Opinions**

Under Section 10(b), a statement of opinion or belief is false if the opinion or belief is not honestly held when the statement is made.  A person who states an opinion or belief that he honestly holds is not liable under Section 10(b) merely because the opinion turns out to be incorrect.

**Materiality**

10

A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether or not to buy, sell or exchange that security.

An omission concerning a security is material if a reasonable investor would have regarded what was not disclosed to him or her as having significantly altered the total mix of information he or she took into account in deciding whether to buy, sell or exchange the security.  A failure to disclose information is not material if, at the time of the omission, the information was available to the market and to investors by other sources.

You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission.

This definition also applies to Plaintiffs' Section 20A insider trading claims discussed below.

**Meaningful Cautionary Statements**

A defendant cannot be held liable for a forward-looking statement if it was accompanied by cautionary statements that relate directly to the subject matter of the forward-looking statement.

In addition, a defendant cannot be held liable for a forward-looking statement if the defendant identifies important factors that could cause actual results to differ materially from those in

the challenged statement.  If the forward-looking statement is oral, such as during a conference call, the identification of these factors can be made by reference to readily available documents that contain them.  If the forward-looking statement is made in writing, the document itself must identify these factors.

With respect to the forward-looking statements only, the Verdict Questions Form and Verdict Table will ask you to find whether Plaintiffs have proved that such cautionary statements were not made.

### Substantial Involvement

Individual Defendants can be held liable for making a statement, not only for uttering or writing words, but also by being substantially involved in the preparation of the statement. Substantial involvement can include speaking, writing, editing, drafting, preparing, approving or signing a statement.  The Verdict Table will identify, in most cases, which Individual Defendant or Defendants actually made the statements and ask you to find whether additional Defendants were substantially involved in the preparation of the statement.

### Scienter

To satisfy the third element of their Section 10(b) claim, Plaintiffs bear the burden of proving by a preponderance of the evidence that Defendants acted with a particular state of mind, which is called scienter.

12

You will be asked if Plaintiffs have proved that Defendants acted with actual knowledge that each challenged statement was materially false when made.  If you find that actual knowledge was not proven, you will also be asked, for the statements that are not forward-looking statements, if Plaintiffs proved that Defendants acted with deliberate recklessness.  The Verdict Table will indicate which statements are in this category.  A defendant acts with deliberate recklessness when his actions (i) are an extreme departure from the standards of ordinary care and (ii) present a danger of misleading investors that is either known to the author or speaker or is so obvious that he must be aware of it.

An honest or good faith belief on the part of an Individual Defendant that a statement is true is inconsistent with a finding that he acted with scienter in making that statement.

### Stock Sales as Evidence of Scienter

Stock sales may be used as evidence of scienter if the sales are dramatically out of line with prior trading practices and made at times calculated to maximize personal benefit from undisclosed inside information.  In making this determination, you should consider whether the Individual Defendant's trading patterns are consistent with prior periods and whether the Individual Defendant retained possession of a large portion of his shares.

### Loss Causation

To satisfy the fourth element of their Section 10(b) claim, Plaintiffs bear the burden of proving by a preponderance of the

13

evidence that the misstatements or omissions caused Plaintiffs to suffer an economic loss.

To establish causation, Plaintiffs must prove that the alleged misrepresentation or omission played a substantial part in causing the loss Plaintiffs suffered.

Plaintiffs must prove that the misstatement or omission concealed something from the market, and that as a result JDSU's stock price was higher than it would have been without the material misstatement or omission.  Plaintiffs must also prove that, when the concealed information was revealed, it negatively and substantially affected the value of JDSU stock.

**Exchange Act Section 20**
**Control Person Liability**

Under Section 20 of the Securities Exchange Act of 1934, a defendant may be liable, even if he did not make a statement and was not substantially involved in the preparation of the statement, if the defendant had the authority to control the person who did make the statement.

Plaintiffs claim that the Individual Defendants are controlling persons and are therefore liable under this Section for all violations of Section 10(b).  On this claim, Plaintiffs have the burden of proving by a preponderance of the evidence that:

1.   there was a violation of Section 10(b);

2.   an Individual Defendant directly or indirectly controlled the person who made the challenged statement; and

14

3.    directly or indirectly induced the person to make the
     statement.

**United States District Court**
For the Northern District of California

**Defense to Section 20 Control Person Liability**

Each of the Individual Defendants contends that, based on a good faith defense, he is not liable to Plaintiffs for statements he did not make, even if he was a controlling person.

In order to establish a good faith defense to control person liability, an Individual Defendant has the burden of proving two elements by a preponderance of the evidence:

1.    the Individual Defendant did not directly or indirectly induce the violation; and

2.    the Individual Defendant acted in good faith.

If you find that an Individual Defendant proved both of these elements, your verdict should be for that Defendant.  If you find that the Individual Defendant failed to prove either or both of these elements, your verdict should be against that Defendant.

**Section 10(b) and Section 20 Damages for
False or Misleading Statements**

If you find that Plaintiffs have proven, by a preponderance of the evidence, that one or more of the challenged statements caused a loss, then you must determine the amount of damages, if any, Plaintiffs have suffered.  First, you will be asked to determine which method of calculating damages is most accurate.  You have heard testimony regarding dollar inflation and percentage inflation.

Then, depending on the method you select, you will be asked to determine the dollar amount or percentage, if any, by which JDSU's stock price was inflated due to each statement that you find false

16

or misleading and the amount, if any, by which that inflation was later reduced by corrective disclosures.

You may award only actual damages in an amount which will reasonably and fairly compensate Plaintiffs for the economic losses they sustained.  Your award must be based on evidence and not upon speculation, guesswork or conjecture.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

### Section 10(b) and Section 20 Damages Tables

The Verdict Questions Form includes two tables for findings regarding Section 10(b) and Section 20 damages.  If you determine that one or more of the challenged statements caused a loss, you will fill in one of those tables, depending on your decision of which method of calculating damages is most accurate.  The table for the dollar inflation method includes the price per share of JDSU stock on various dates to assist you in determining dollar inflation.

### Section 14(a) of the Securities Act
### Misstatement in a Proxy Statement for Merger

The SDL subclass of Plaintiffs contends that Defendants Straus and Muller violated Section 14(a) of the Securities Exchange Act of 1934.  This claim is not brought against JDSU, Abbe or Kalkhoven.

This claim relates to a document known as the November 17, 2000 SDL Amended Registration Statement and Amended Proxy-Prospectus.  The challenged statement within that document is Statement 10 in the Table of Challenged Statements.

**United States District Court**
For the Northern District of California

17

United States District Court
For the Northern District of California

To establish their claim under Section 14(a), Plaintiffs bear the burden of proving all of the following elements by a preponderance of the evidence:

1.  Defendants Straus and/or Muller made a misstatement or omitted information necessary to prevent the statement from being misleading;

2.  the misstatement or omitted information was material;

3.  the material misstatement or omission was the result of knowing, reckless or negligent conduct on the part of those Defendants;

4.  the statement was an essential link in the accomplishment of the JDSU-SDL merger; and

5.  Plaintiffs suffered damages as a result of the material misstatement or omission.

You will have already determined whether Plaintiffs proved elements one, two and five when completing the Verdict Table.  You will be asked to make a finding on the third and fourth elements.

### Knowing, Reckless or Negligent Conduct

You will have already determined on the Verdict Table whether Defendants Straus and Muller acted knowingly or recklessly in connection with Statement 10.  You will be asked to determine whether they acted negligently.  A defendant acts negligently when he fails to act with ordinary or reasonable care; that is, he does something that a reasonably prudent person would not do under circumstances similar to those shown by the evidence or when he

18

**United States District Court**
For the Northern District of California

fails to do something that a reasonably prudent person would do under circumstances similar to those shown by the evidence.

**Section 14(a) Damages for
Misstatement in a Proxy Statement for Merger**

The measure of damages under Section 14(a) is the same as the measure of damages under Section 10(b).

**Section 20A of the Securities Exchange Act
Insider Trading**

It is a violation of Section 20A for a corporate insider to sell stock while in knowing possession of material, non-public information.  That is because a corporate insider with access to such information by virtue of his relationship to the corporation has a duty to the shareholders to abstain from trading while in possession of such material, non-public information or to disclose such information prior to trading.

In order to find for Plaintiffs on these claims, you must find that they proved by a preponderance of the evidence each of the following elements:

1.   an Individual Defendant sold JDSU stock

2.   using material, non-public information

3.   causing Plaintiffs to suffer financial damages.

There is a presumption that an individual who decides to sell stock while in possession of material, non-public information used that information in making the decision to sell.  If you find that a defendant has disproved this presumption, you must find in favor

of that defendant on this claim.

A person who is a former insider who uses material, non-public information, that he obtained when he was an insider, in deciding to sell stock can also be held liable for insider trading.

### Section 20A of the Securities Exchange Act
### Trading on Inside Information

A person who receives material, non-public information from a corporate insider, and who knows or should have known that the corporate insider has breached a fiduciary duty to the shareholders by disclosing the information to the person, has a duty to the shareholders of a corporation not to trade on material, non-public information.

In order to find for Plaintiffs on an insider trading claim related to a person who has received information from a current insider, you must find that they proved by a preponderance of the evidence these elements:

1.    the person received from a current insider, information he knew to be material and non-public;

2.    the person knew that the current insider was breaching his or her fiduciary duty to the shareholders by disclosing the non-public information to the former insider;

3.    the person sold stock using this material, non-public information, causing Plaintiffs to suffer damages.

Again, there is a presumption that a person who decides to

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

sell stock while in possession of material non-public information used the information in making the decision to sell.  If you find that a defendant has disproved this presumption, you must find in favor of that defendant on this claim.

### Section 20A Damages for Trading on Inside Information

If you find by a preponderance of the evidence that Plaintiffs have proven all elements of any of their claims for trading on inside information, you will be required to determine the amount of financial damages suffered.

The damages on Plaintiffs' claims for trading on inside information are measured by the difference between the price at which the Individual Defendant sold the stock and the price at which the stock would have traded that day had the material, non-public information that was in the defendant's possession been publicly disclosed.  As with the Section 10(b) false or misleading statement damages, you will be asked to determine the damages either as dollar inflation or as percentage inflation based on your determination of which method is most accurate.

Again, you may award only actual damages in an amount which will reasonably and fairly compensate Plaintiffs for the economic losses they sustained.  Your award must be based on evidence and not upon speculation, guesswork or conjecture.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

**United States District Court**
For the Northern District of California

### Section 20A Inside Information Damages Tables

The Verdict Questions Form includes two sets of tables for findings regarding Section 20A inside information damages.  If you determine that one or more of the Individual Defendants sold shares using material, non-public information, you will fill in one set of those tables, depending on your decision of which method of calculating damages is most accurate.  The table for the dollar inflation method includes the price per share of JDSU stock on various dates to assist you in determining dollar inflation.

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your answer to each question on the verdict form must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict

22

but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Use of Notes

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

23

United States District Court
For the Northern District of California

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.