JAMES P. BENNETT (BAR NO. 65179)
JORDAN ETH (BAR NO. 121617)
TERRI GARLAND (BAR NO. 169563)
PHILIP T. BESIROF (BAR NO. 185053)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: pbesirof@mofo.com

Attorneys for Defendants JDS Uniphase Corporation,
Jozef Straus, Anthony Muller, and Charles Abbe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | Master File No. C–02–1486 CW (EDL)<br><br>**DECLARATION OF RAYMOND M. HASU IN SUPPORT OF THE JDSU DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: TBD<br>Time: TBD<br>Ctrm: 2, 4th Floor<br>Before: Hon. Claudia Wilken<br><br>Trial Date: October 22, 2007 |

1    I, Raymond M. Hasu, declare as follows:

2    I am an attorney licensed to practice law in the State of California and am admitted to

3    practice before this Court.  I am an associate with the law firm of Morrison & Foerster LLP,

4    counsel of record in this action for defendants JDS Uniphase Corporation ("JDSU"), Jozef Straus,

5    Tony Muller, and Charles Abbe.  I submit this declaration in support of the JDSU Defendants'

6    Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Motion").

7    I make this declaration based on personal knowledge, except for any items stated on information

8    and belief, which I am informed and believe are true.  If called as a witness, I would testify to the

9    facts set forth below.

10    1.    The Rule 11 violations by Lead Plaintiff and Lead Counsel described in the

11    Motion significantly affected the scope of this litigation, requiring the JDSU Defendants to incur

12    far greater fees and costs in discovery, motion practice, and at trial than they would otherwise

13    have incurred.  Indeed, it is possible that this action would have been terminated far earlier if

14    Plaintiffs had not included unfounded allegations in their complaints, particularly the unfounded

15    allegations attributed to confidential witnesses.

16    2.    The JDSU Defendants do not seek compensation for the full amount (or anything

17    close to the full amount) of the fees and costs they were forced to incur as a result of the Rule 11

18    violations.  Instead, the JDSU Defendants seek total sanctions in the flat sum of $150,000.  As

19    shown below, that amount is below even the most conservative calculation of the fees and costs

20    resulting from the Rule 11 violations.  Nevertheless, the amount is sufficient to serve the purposes

21    of Rule 11 and is thus an appropriate monetary sanction here.

22    **FEES AND COSTS INCURRED IN LITIGATING THE OVERBROAD CLASS PERIOD ALLEGED IN THE FIRST AMENDED COMPLAINT**

23    3.    The JDSU Defendants seek Rule 11 sanctions against Lead Plaintiff and Lead

24    Counsel for alleging an overbroad Class Period in the First Amended Consolidated Complaint

25    ("FAC").  After the FAC was dismissed, Lead Plaintiff never again pursued the first three months

26    of that Class Period.  It would be reasonable to calculate sanctions based on a percentage of the

27

28

1
2
fees and costs associated with litigating this action between the filing of the FAC and the filing of the Second Amended Consolidated Complaint ("SAC"), as set forth below.

3
4
5
6
7
4. The FAC was filed on October 11, 2002. The FAC alleged a 731-day Class Period running from July 27, 1999, through July 26, 2001. The Court dismissed the FAC in part on November 3, 2003. Plaintiffs filed the SAC on January 9, 2004. The SAC asserted a Class Period from October 28, 1999, through July 26, 2001, which was 93 days (or approximately 13%) shorter than the FAC's Class Period.

8
9
10
11
12
13
14
5. I have reviewed the invoices prepared by Morrison & Foerster for fees and costs incurred by the JDSU Defendants in litigating this action between October 11, 2002 (the date that Plaintiffs filed the FAC), and January 9, 2004 (the date that Plaintiffs filed the SAC). Based on that review, I am informed and believe that the JDSU Defendants incurred fees of approximately $877,814 and costs of approximately $178,512 during that period. Thirteen percent of those fees and costs amounts to approximately $114,116 and $23,207, respectively. Accordingly, the JDSU Defendants are entitled to sanctions in at least the amount of $137,323 for this violation.

15
16
**FEES INCURRED IN DEPOSING AND INTERVIEWING CONFIDENTIAL WITNESSES CITED IN THE SECOND AMENDED COMPLAINT**

17
18
19
20
21
22
6. The JDSU Defendants seek Rule 11 sanctions against Lead Plaintiff and Lead Counsel for alleging in the SAC that demand for JDSU products declined prior to August 2000 causing JDSU to begin restructuring the Company. (SAC ¶¶ 12, 80-90, 96-105, 112-40.) The JDSU Defendants request that the Court order sanctions based on a portion of the fees incurred in deposing and interviewing the "Confidential Witnesses" that Lead Plaintiff cited in the SAC as support for these allegations.

23
24
25
26
27
28
7. The JDSU Defendants deposed or interviewed the following Confidential Witnesses ("CWs") that Lead Plaintiff cited in support of the SAC allegations referenced above: Jeffrey Drothler (CW 2), Robert Gallagher (CW 5), Bryan Guckavan (CW 7), Manjeet Ner (CW 9), Ron Blachman (CW 10), Sopheap Khieu (CW 11), Diana Burns (CW 18), Jeff Nguyen (CW 19), Marek Tybor (CW 20), John Lattimer (CW 22), Daniel Welch (CW 23), Janice Namauleg (CW 24), Eric Kelly (CW 25), Patricia Richard-Revette (CW 26), Jodi Blanco

(CW 27), Timothy Bakes (CW 29), Patricia Arle (CW 32), Scott Thomas (CW 33), Roy

Lawrence (CW 34), Tai Ton (CW 35), Sandra Macika (CW 37), Henry Fan (CW 38), and Bert

Ramos (CW 39).

8.      Set forth below are the fees associated with deposing and interviewing these

confidential witnesses.  The figures I set forth include *only* fees incurred for time spent *during* the

deposition or interview, and *exclude* all related fees, including fees incurred in preparing for the

deposition or interview, traveling to and from depositions, and reviewing and analyzing

transcripts.  In addition, I was unable to determine from Morrison & Foerster's records the precise

number of hours associated with the interviews of Bryan Guckavan, Manjeet Ner, Jeff Nguyen,

Patricia Richard-Revette, and Henry Fan.  Thus, rather than estimate those fees, I have not

included them.

9.      The JDSU Defendants deposed Jeffrey Drothler on December 1, 2006.  Based on

my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I

am informed and believe that the JDSU Defendants incurred fees of approximately $4,224 for

time spent in that deposition.

10.      The JDSU Defendants deposed Robert Gallagher on August 7, 2006.  Based on my

review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am

informed and believe that the JDSU Defendants incurred fees of approximately $1,733 for time

spent in that deposition.

11.      The JDSU Defendants interviewed Ron Blachman on January 17, 2006.  Based on

my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I

am informed and believe that the JDSU Defendants incurred fees of approximately $403 for time

spent in conducting that interview.

12.      The JDSU Defendants interviewed Sopheap Khieu on April 19, 2006.  Based on

my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I

am informed and believe that the JDSU Defendants incurred fees of approximately $337 for time

spent in conducting that interview.

13.     The JDSU Defendants interviewed Diana Burns on September 21, 2006, and deposed her on November 2, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred total fees of approximately $2,731 for time spent in conducting that interview and time taking that deposition.

14.     The JDSU Defendants interviewed Marek Tybor on April 26, 2006, and deposed him on November 16, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred total fees of approximately $1,460 for time spent in conducting that interview and time taking that deposition.

15.     The JDSU Defendants deposed John Lattimer on August 9, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $1,285 for time spent in that deposition.

16.     The JDSU Defendants deposed Daniel Welch on November 10, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $996 for time spent in that deposition.

17.     The JDSU Defendants interviewed Janice Namauleg on September 11, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $97 for time spent in conducting that interview.

18.     The JDSU Defendants deposed Eric Kelly on October 6, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $1,581 for time spent in that deposition.

19.     The JDSU Defendants interviewed Jodi Blanco on March 29 and September 18, 2006, and deposed her on October 24, 2006.  Based on my review of Morrison & Foerster's

invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred total fees of approximately $1,793 for time spent in conducting those interviews and time spent taking that deposition.

20. The JDSU Defendants interviewed Timothy Bakes on April 11, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $1,196 for time spent in conducting that interview.

21. The JDSU Defendants interviewed Patricia Arle on February 27, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $718 for time spent in conducting that interview.

22. The JDSU Defendants interviewed Scott Thomas on April 17, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $399 for time spent in conducting that interview.

23. The JDSU Defendants interviewed Roy Lawrence on March 29, 2006, and deposed him on September 11, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred total fees of approximately $1,913 for time spent in conducting that interview and time spent in taking that deposition.

24. The JDSU Defendants interviewed Tai Ton on October 3, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $292 for time spent in conducting that interview.

25. The JDSU Defendants deposed Sandra Macika on November 3, 2006. Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $5,101 for time spent in that deposition.

26.     The JDSU Defendants interviewed Bert Ramos on September 21, 2006.  Based on my review of Morrison & Foerster's invoices to the JDSU Defendants and other case materials, I am informed and believe that the JDSU Defendants incurred fees of approximately $235 for time spent in conducting that interview.

27.     In total, the JDSU Defendants incurred fees of $26,494 for time in taking the depositions and conducting the interviews described in Paragraphs 9-26.  Accordingly, the JDSU Defendants are entitled to sanctions in at least that amount for the above violation of Rule 11.

## FEES INCURRED IN OPPOSING THE MOTION TO STRIKE THE JDSU DEFENDANTS' ANSWER

28.     Based on a review of Morrison & Foerster's invoices, I am unable to determine with precision the fees associated with opposing Lead  Plaintiff's Motion to Strike the JDSU Defendants' Answer.  Accordingly, the JDSU Defendants do not request a monetary sanction for this Rule 11 violation.  The JDSU Defendants request only an order stating that Lead Plaintiff and Lead Counsel violated Rule 11 by filing the motion.

## SANCTIONS REQUESTED

29.     The JDSU Defendants request total monetary sanctions in the sum of $150,000.  As noted, the requested sanction of $150,000 does not even come close to compensating the JDSU Defendants fully for the fees and costs resulting from the Rule 11 violations.  The requested sanction is below even the most conservative calculation of the fees and costs resulting from the Rule 11 violations.  As set forth in Paragraphs 5 and 27 above, those calculations amount to $163,817.

30.     The JDSU Defendants also request an order stating that Lead Plaintiff and its attorneys violated Rule 11 by (1) alleging an overly broad Class Period in the FAC, (2) making allegations based on confidential witnesses in the SAC regarding demand and restructuring in 2000, and (3) moving to strike portions of the JDSU Defendants' answer.

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this Declaration was executed in San Francisco, California,

3    on this 14th day of December, 2007.

4

5                                                  /s/ Raymond M. Hasu
                                                  Raymond M. Hasu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Jordan Eth, am the ECF User whose ID and password are being used to file the

2  Declaration Of Ray Hasu In Support Of The JDSU Defendants' Motion For Sanctions Pursuant

3  To Rule 11 Of The Federal Rules of Civil Procedure.  In compliance with General Order 45,

4  X.B., I hereby attest that Ray Hasu has concurred in this filing.

5  Dated:  December 14, 2007                MORRISON & FOERSTER LLP

6

7                                                  By:  _____/s/ Jordan Eth_____
                                                              Jordan Eth

8                                                  Attorneys for the JDSU Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28