Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
BERMAN DeVALERIO PEASE
 TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, California  94104-2205
Telephone:     (415) 433-3200
Facsimile:      (415) 433-6382

Liaison Counsel for Lead Plaintiff
Connecticut Retirement Plans and Trust Funds

Barbara J. Hart
Mark S. Arisohn
Anthony J. Harwood
Michael W. Stocker (179083)
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:     (212) 907-0700
Facsimile:      (212) 818-0477

Lead Counsel for Lead Plaintiff Connecticut
Retirement Plans and Trust Funds

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION SECURITIES LITIGATION | Master File No. C 02-1486 CW (EDL) <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> Date:     No Hearing Set <br> Courtroom: 2, 4th Floor <br> Before:   Hon. Claudia Wilken |
| This Document Relates To: <br>             All Actions | |

1    Lead Plaintiff submits this brief in opposition to Defendants' motion for imposition of
2  sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  The sanctions motion
3  comes after over five years of hard fought litigation that, other than the jury verdict, was
4  characterized throughout by significant victories for Plaintiff.  The Court denied the defense
5  motion to dismiss the Second Amended Complaint ("SAC"), a large portion of which survived
6  the defense motion for summary judgment; the Court denied the defense motion based on the
7  Supreme Court's ruling in *Dura*; the Court denied defense motions seeking to strike every one of
8  Plaintiffs' experts under *Daubert*, and then denied again and again a baseless series of defense
9  motions that continued to try to bar trial testimony from Scott Hakala, Plaintiff's damages expert.
10 The sanctions motion is based on three matters, which, given the overall context of this litigation,
11 are truly trivial.  This post trial effort by the defendants to besmirch the reputations of Lead
12 Plaintiff and its attorneys is unseemly and should be  rejected soundly.
13    While the PSLRA contemplates a review for compliance with Rule 11 to protect defendants
14 from meritless securities actions, *see Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 220 (2d Cir.
15 2002), the record in this case would permit no such allegation.  In conducting an analysis under
16 Rule 11, the Court must "resolve all doubts in favor of the signer," and "conduct is to be judged
17 as of the time the pleading or other paper is signed." *Oliveri v. Thompson*, 803 F.2d 1265, 1274-
18 75 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987). The test under Rule 11 is objective, and
19 sanctions may be imposed only where "it appears that a competent attorney could not form the
20 requisite reasonable belief as to the validity of what is asserted in the paper." *Oliveri*, 803 F.2d at
21 1275.  *See also Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986).

## I.    FIRST AMENDED COMPLAINT

23    Defendants claim that the First Amended Complaint ("FAC") violated Rule 11(b)(3)
24 because there was no support for the allegations that defendants made misleading statements that
25 demand was strong as early as July 1999.  These allegations were based on statements of three
26 former employees of JDSU:  a sales manager, a cost accountant and a manufacturing engineer.
27 FAC ¶¶ 99-106.  Defendants do not claim that the former employees denied making any of the
28 statements attributed to them in this portion of the FAC.

1    Defendants assert that publicly available information showed that the
2    telecommunications industry was strong during the relevant time period.  But sanctions are not
3    appropriate merely because publicly available information contradicts what company employees
4    said insiders knew.

5    This Court's dismissal of the claim that demand was overstated in the early part of the
6    class period is not a basis for imposing sanctions.  As this Court held in *Kahn v. Park Capital*
7    *Sec., LLC,* "Rule 11 is not intended to permit sanctions simply because the court decides that the
8    lawyer made the wrong decision." No. C. 03-00574 RS, 2004 WL 1753385 at *6 (N.D. Cal.
9    Aug. 5, 2004).  The Court of Appeals for the Ninth Circuit has made it clear that courts should be
10   "reluctant to impose sanctions for factual errors in papers filed before the opportunity for
11   discovery, if the litigant has conducted a reasonable inquiry into the facts." *Greenberg v. Sala*,
12   822 F.2d 882, 887 (9th Cir. 1987).  Here, the FAC was filed before discovery and so should be
13   judged leniently as *Greenberg* mandates.

14   **II.    SECOND AMENDED COMPLAINT**

15   Defendants claim that the allegations in the SAC relating to declining demand in 2000
16   were based on statements from confidential witnesses who later, in depositions or declarations,
17   contradicted statements attributed to them in the SAC.  As detailed in the declaration submitted
18   in opposition to the motion, the confidential witnesses were interviewed by investigators and
19   counsel in 2002 and 2003.  The available notes[1] from those interviews have been reviewed
20   thoroughly and corroborate most all of the statements in the SAC.[2] The fact that three and four
21   years later witnesses did not recall that they spoke to plaintiffs' representatives, or that they made
22   certain statements or in some cases that they deny having made the statements[3] does not support

---

[1] At the Court's request, the notes will be made available for *in camera* inspection.

[2] Where over 95% of the statements are corroborated by the notes, it is a reasonable inference that the passage of time, the dissolution of one firm of investigators and the move of Lead Counsel's offices account for the absence of notes with respect to three statements in the SAC.

[3] Some confidential witnesses assert in their declarations submitted by Defendants that they did not provide certain information alleged in the SAC that is specifically attributed to other confidential witnesses.

imposition of sanctions.  Nor are sanctions proper because witnesses offer factual assertions that contradict statements they made years earlier.  *See*, *The WU Group v. Synopsys, Inc.*, No. C 04-3580 MJJ, 2005 WL 1926626 (N.D.Cal. Aug. 10, 2005).  The subject allegations in the SAC did not entirely lack evidentiary support and do not support imposition of sanctions.  Moreover, the allegations about declining demand in 2000 had evidentiary support beyond the confidential witness statements.  *See* evidence submitted in opposition to defendants' motion for summary judgment.

### III.   MOTION TO STRIKE THE JDSU DEFENDANTS' ANSWER

Counsel in good faith believed the answer evasively denied knowledge or information with respect to certain matters attributed to confidential witnesses.  The motion to strike was denied at the same time as the Court denied Defendants' renewed motion addressing loss causation.  However, there was no finding that the motion was frivolous.  Indeed, the Court noted that Plaintiffs could use discovery devices to obtain the information believed lacking in the answer.  The motion to strike was not so lacking in plausibility to require sanctions.  *Khan v. Park Capital Sec. LLC*, 2004 WL 1753385 (N.D. Cal. Aug. 5, 2004).  Moreover, the motion was not a "dispositive motion" as required by the PSLRA sanctions provision in that it would not have completely disposed of any claim or defense.

For the foregoing reasons, the motion for sanctions should be denied.

Dated: January 14, 2008

                                              Respectfully submitted,

                                              LABATON SUCHAROW LLP

                                              By:   / s/ Mark S. Arisohn
                                                         Mark S. Arisohn

Of Counsel:

| | |
|---|---|
| Catherine E. LaMarr | Hon. Richard Blumenthal |
| General Counsel | Attorney General of Connecticut |
| Office of the Treasurer of the | Joseph Rubin |
| State of Connecticut | Associate Attorney General |
| 55 Elm Street | 55 Elm Street |
| Hartford, Connecticut 06106 | Hartford, Connecticut 06106 |