IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION SECURITIES LITIGATION _____/ | No. C 02-1486 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS |

Defendants have filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b). Plaintiffs oppose the motion. The matter was decided on the papers. Having considered all of the papers filed by the parties, the Court denies Defendants' motion.

## BACKGROUND

Plaintiffs filed their first amended consolidated complaint (FACC) on October 11, 2002, alleging that between July 27, 1999 and July 26, 2001, Defendants engaged in a scheme to inflate artificially the price of JDS Uniphase (JDSU) stock by falsely representing that demand for its products was strong and by overstating the value of its inventory by failing to write off excess inventory. Plaintiffs further alleged that Defendants benefitted from this scheme by selling their stock at inflated prices and by using the inflated value of JDSU stock to purchase other companies for less than their worth. On November 3, 2003, the Court granted in part Defendants' motion to dismiss and granted Plaintiffs leave to file a second amended consolidated complaint (SACC).

Plaintiffs filed their SACC on January 29, 2004, this time limiting the class period to October 28, 1999 through July 26, 2001. The SACC alleged that during the class period, Defendants engaged in a scheme to inflate artificially the price of JDSU stock by fraudulently recognizing revenue, by falsely representing that demand for JDSU products was strong and by overstating the value of its inventory by failing to write off excess inventory. Plaintiffs again alleged that Defendants benefitted from this scheme by selling stock at inflated prices and by using the value of JDSU stock to purchase other companies for less than their worth. On January 6, 2005, the Court granted a motion to dismiss one of the Securities Act claims against Defendant Kevin Kalkhoven and denied the motion to dismiss the remaining claims.

On February 28, 2005, the JDSU Defendants and Defendant Kalkhoven filed their answers to the SACC. On April 21, 2005, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 12 to strike the JDSU Defendants' answer to eighteen paragraphs of the SACC. Plaintiffs filed a similar motion on May 20, 2005 seeking to strike portions of Kalkhoven's answer. On July 21, 2005, the Court denied Plaintiffs' motions both because they were untimely and because Plaintiffs' contentions required resolution of questions of fact in their favor.

On August 24, 2007, the Court granted in part and denied in part Defendants' motions for summary judgment. The case proceeded to trial and the jury returned a verdict in Defendants' favor. Defendants now seek sanctions of $150,000, representing a portion of the reasonable attorneys' fees and expenses incurred as a result

2

of three alleged violations of Rule 11.

## LEGAL STANDARD

Both the Securities Act and the Securities Exchange Act provide,

> In any private action arising under this subchapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C. § 77z-1(c)(1); 15 U.S.C. § 78u-4(c)(1). Civil Local Rule 58-1 further requires that such findings "shall be entered by separate order" before judgment is entered. Civ. L.R. 58-1.

Rule 11(b) provides,

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>   (3) the allegations and other factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b). Under Rule 11(c), a court may impose sanctions on attorneys, law firms or parties that have violated Rule 11(b) or are responsible for such a violation.

The standard for determining whether a pleading, motion or other paper is either frivolous or interposed for an improper purpose is one of objective reasonableness at the time of the

3

attorney's signature. Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992) (citing Woodrum v. Woodward County Okla., 866 F.2d 1121, 1127 (9th Cir. 1989); Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). In assessing whether the filing of a particular paper was frivolous under Rule 11, the court should not consider the ultimate failure on the merits or the subjective bad faith of the signer, but rather whether the position taken was "legally unreasonable" or "without factual foundation." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-405 (1990).

## DISCUSSION

I. First Amended Complaint

Defendants first argue that Plaintiffs violated Rule 11 when they included in their FACC claims of false or misleading statements regarding demand dating back to July, 1999. Plaintiffs acknowledged that demand did not decline until the spring or summer of 2000, but still argued that statements made as early as July, 1999 overstated demand in a manner that made the statements false or misleading. Defendants filed a motion to dismiss. The Court described Plaintiffs' claims of false and misleading statements regarding demand as "simply illogical" for much of the class period, noting that "JDSU reported significantly increasing revenue each quarter from the beginning of the claimed class period until the third quarter of 2001 (January to March 2001)." January 6, 2005 Order at 10. Because Plaintiffs did not "challenge the accuracy of JDSU's reported revenues" and did not "provide a

4

reasonable explanation for how JDSU could be experiencing this uncontroverted revenue growth without experiencing strong demand," the Court found that "the FACC's allegation that statements indicating strong demand made prior to Spring 2000 were false and misleading when made does not state a claim." Id. at 10-11.

Defendants now argue that a "reasonable investigation would have shown that it was baseless to allege declining demand for JDSU's products as far back as July 1999." Motion at 3. Plaintiffs counter that these allegations were based on the statements of three former JDSU employees that JDSU routinely forced its customers to over-order by scaring the customers into believing that there might not be sufficient supply to meet future demand and simultaneously reassuring them that there would be no penalty for cancelling orders for unneeded products. FACC ¶¶ 99-102. Plaintiffs also alleged that JDSU further manipulated the timing of their sales to create the impression of growing demand. In particular, Plaintiffs alleged that Defendants "realiz[ed] that the seemingly insatiable appetite for [JDSU's] products would not last forever [and therefore] sought to protect themselves from a downturn in business by intentionally delaying delivery on orders . . . so that it could demonstrate sales growth in the future even as orders started to dry up." Id. at ¶ 103. Plaintiffs again supported this general allegation with specific examples reported by current and former JDSU employees. Id. at 104-106. Plaintiffs note that Defendants have not challenged any of these statements by JDSU employees.

Defendants further argue that information publicly available

5

1  at the time the FACC was filed demonstrated the strength of the
2  telecommunications industry in 1999 and 2000.  However, as
3  Plaintiffs point out, the fact that the overall industry was strong
4  does not render frivolous their reliance on the JDSU employees'
5  reports of order manipulation.  Moreover, as Plaintiffs point out,
6  the fact that the Court dismissed their claims based on these
7  allegations is not a basis for imposing sanctions.

8  II.   Second Amended Complaint

9       Defendants next argue that Plaintiffs violated
10 Rule 11 when they based allegations on statements from confidential
11 witnesses.  According to Defendants, there were significant
12 discrepancies between the allegations and later sworn testimony.
13 Defendants provide specific differences between the quotes in the
14 SACC attributed to thirty-seven confidential witnesses and later
15 deposition testimony or declarations from those witnesses.
16 Plaintiffs counter that the depositions were not taken and the
17 declarations were not signed until years after the witnesses
18 originally spoke to Plaintiffs' investigators and attorneys.  In
19 many cases the confidential witnesses testified or declared that
20 they did not recall making the specific statements attributed to
21 them in the SACC but did remember talking to Plaintiffs about the
22 topics at issue.  Moreover, Plaintiffs maintain in their opposition
23 and supporting declaration that over ninety-five percent of the
24 statements included in the SACC are corroborated by the notes they
25 were able to locate.[1]  Therefore, as in The Wu Group v. Synopsys,

---

[1] Plaintiffs note that they were not able to recover all of the documentation of the initial investigation.

6

Inc., the question of "whether the statements were made is essentially a credibility question." 2205 WL 1926626, *13 (N.D. Cal.). Like the The Wu Group court, the Court here finds that Rule 11 sanctions are not appropriate in this context. Id.

III. Motion to Strike the JDSU Defendants' Answer

Finally, Defendants argue that Plaintiffs' motion to strike certain paragraphs of the JDSU Defendants' answer to the SACC constituted a violation of Rule 11. In their answer, the JDSU Defendants asserted that they lacked the knowledge or information to form a belief as to the veracity of the allegations that various confidential witnesses reported certain activities occurring at JDSU facilities around the country. According to Plaintiffs, Defendants must have known about these activities. Therefore, Plaintiffs argued, the statements should be deemed admitted by the JDSU Defendants. The Court denied Plaintiffs' motion because it was not timely filed and because a determination that Defendants must have known about the allegations required factual determinations that the allegations were true and that Defendants had access to the information that formed the basis of those allegations.

Defendants now argue that Plaintiffs should be sanctioned for filing this motion for the same reasons the Court denied it and because the allegations Plaintiffs sought to be deemed admitted are based on the same confidential witnesses discussed above. Therefore, Defendants argue, Plaintiffs erroneously sought to have the Court deem admitted allegations that Plaintiffs should have known were false. However, as stated above, the question of

7

1 whether the allegations were false and, if they were false, whether
2 Plaintiffs should have known that they were, is one of credibility
3 which does not provide a basis for sanctions. Moreover, while
4 Plaintiffs proposed a novel application of Rule 12, the Court does
5 not find that the motion was so lacking in plausibility that it
6 provides a basis for sanctions.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for sanctions (Docket No. 1891).

Further, pursuant to its obligations under 15 U.S.C. § 77z-1(c)(1) and 15 U.S.C. § 78u-4(c)(1), the Court finds that, during the course of the litigation, the parties and their respective counsel have complied with the requirements of Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

Dated: 3/19/08

_____
CLAUDIA WILKEN
United States District Judge